1
2
3
4
5

**CALDARELLI HEJMANOWSKI PAGE & LEER LLP**
William J. Caldarelli (SBN 184982)
Ryan A. Sausedo (SBN 264075)
3398 Carmel Mountain Road, Suite 250
San Diego, California 92121
Tel: (858) 720-8080
Email: wjc@chpllaw.com | ras@chpllaw.com

6
7
8

Brian D. Miller, Esq. (SBN 117262)
1681 S. Ogden St.
Denver, Colorado 80210
Email: briandavidmiller64@gmail.com

9
10
11
12

Attorneys for Defendants WENQIANG ("WAYNE")
BIAN, INDIVIDUALLY AND AS TRUSTEE OF THE
BIAN LIAO LIVING TRUST DATED MAY 7, 2010;
JOJOSPRING CO. LTD.; and OTIS DESIGNS, INC.

13

## UNITED STATES DISTRICT COURT

14

## CENTRAL DISTRICT OF CALIFORNIA

15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| MOUNTAIN VISTA HOLDINGS, LLC; MURRIETA HOLDINGS 2012-12, LLC; QUALITY INVESTORS 1 2016, LLC; RANCHO VISTA HOMES 2018, LLC; and CORTO II, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>CORPORATION SERVICE COMPANY, business entity unknown aka CSC; JAMAL DAWOOD aka JIMMY DAWOOD; and DOES 1-30, INCLUSIVE,<br><br>Defendants. | Case No.: _____<br><br>*Removed from Superior Court of California, County of Orange, Case No. 30-2024-01420067-CU-OR-NJC*<br><br>**DEFENDANTS WENQIANG ("WAYNE") BIAN, INDIVIDUALLY AND AS TRUSTEE OF THE BIAN LIAO LIVING TRUST DATED MAY 7, 2010; JOJOSPRING CO. LTD.; and OTIS DESIGNS, INC.'S NOTICE OF REMOVAL** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants WENQIANG ("WAYNE") BIAN, INDIVIDUALLY AND AS TRUSTEE OF THE BIAN LIAO LIVING TRUST DATED MAY 7, 2010, JOJOSPRING CO. LTD., and OTIS DESIGNS, INC. (hereinafter collectively referred to as "Defendants" or "Removing Parties"), pursuant to 28 U.S.C. § 1446, hereby remove this action from the Superior Court of the State of California for the County of Orange to this Court, and respectfully submit that removal is proper for the following reasons:

## I.    GROUNDS FOR REMOVAL

1.    On August 16, 2024, Plaintiffs MOUNTAIN VISTA HOLDINGS, LLC; MURRIETA HOLDINGS 2012-12, LLC; QUALITY INVESTORS 1 2016, LLC; RANCHO VISTA HOMES 2018, LLC; and CORTO II, LLC (hereinafter collectively as "Plaintiffs") filed a complaint in the Superior Court of the State of California for the County of Orange, designated Case No. 30-2024-01420067-CU-OR-NJC.

2.    The basis for removal of this action to federal court is that the operative pleading recently served on Removing Parties—the First Amended Complaint for Damages and Equitable Relief, and the proposed Second Amended Complaint adding Removing Parties as defendants—contain an Eighth Cause of Action purportedly brought pursuant to "the provisions of RICO (the Racketeer Influenced and Corrupt Organizations Act, 18 USC § 1961 *et seq.*)." The Racketeer Influenced and Corrupt Organizations Act ("RICO") is a United States federal law, codified at 18 U.S.C. §§ 1961-1968. Thus, removal is proper on the grounds of "federal question" jurisdiction within the meaning of 28 U.S.C. § 1331; and, pursuant to 28 U.S.C. § 1441(a) and (c).

3.    Pursuant to 28 U.S.C. § 1446, the Removing Parties attach to this Notice of Removal as Exhibit "A" copies of all process, pleadings, and orders that were served upon them in the removed action.

NOTICE OF REMOVAL

## II.    REMOVAL IS TIMELY

4.    Plaintiffs served the First Amended Complaint, and the proposed Second Amended Complaint, on Removing Parties on October 24, 2025. This Notice of Removal was filed within 30 days of service pursuant to 28 U.S.C. § 1446(b)(1).

## III.    VENUE IS PROPER

5.    Plaintiff filed this case within this Court's federal district, specifically, the Superior Court of the State of California for the County of Orange. Thus, removal to the United States District Court for the Central District of California is proper pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a).

## IV.    SERVICE OF NOTICE OF REMOVAL ON STATE COURT

6.    Removing Parties will promptly provide written notice of the removal of this action to Plaintiffs and to the Orange County Superior Court by filing a Notice of Removal of Civil Action to Federal Court, together with a copy of this Notice of Removal, and by serving same on Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

7.    By filing this Notice of Removal, Removing Parties do not waive any jurisdictional objection or any other defenses available to them under the law.

8.    Removing Parties do not concede in any way that the allegations in Plaintiff's pleadings are accurate or that Plaintiffs are entitled to any damages, attorney's fees or other relief purportedly being sought.

Respectfully submitted,

Dated: October 28, 2025      CALDARELLI HEJMANOWSKI PAGE & LEER LLP

By:    /s/ *William J. Caldarelli*
William J. Caldarelli
Ryan A. Sausedo

Brian D. Miller, Esq.

Attorneys for Defendants Wenqiang ("Wayne") Bian, individually and as Trustee of the Bian Liao Living Trust dated May 7, 2010, JojoSpring Co. Ltd., and Otis Designs, Inc.

# EXHIBIT "A"

DAVID G. EPSTEIN (SBN 84356)
depsteinlaw@icloud.com
**THE DAVID EPSTEIN LAW FIRM**
PO Box 4858
Laguna Beach, CA 92652-4858
(949) 637-4048; Fax (949) 715-2570

Attorneys for Plaintiffs

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ORANGE**

| | |
|---|---|
| MOUNTAIN VISTA HOLDINGS, LLC; MURRIETA HOLDINGS, LLC; QUALITY INVESTORS 1 2016, LLC; RANCHO VISTA HOMES 2018, LLC; CORTO II, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>CORPORATION SERVICE COMPANY, a business entity form unknown, aka CSC; JAMAL DAWOOD, aka JIMMY DAWOOD; and DOES 1-30, inclusive.<br><br>Defendants. | Case No. 30-2024-0142067-CU-OR-NJC<br>Assigned for all purposes to:<br><br>Hon. S. Steiner Dept N18<br><br>Unlimited Jurisdiction<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>[1-5. Slander of Title<br>6-7. Cancellation of Instruments;<br>8. RICO] |

Plaintiffs allege:

**General Allegations**

**1. Summary.**  Defendants caused to be electronically recorded with offices of county recorders, five purported deeds of trust, each secured by one of five properties, four tracts of vacant land in San Diego County and one in Riverside County. In fact, the recorded documents were deeds of trust that had previously been reconveyed, and had been altered and recorded a second time. Accordingly, each recordation was an act of

- 1 -

slander of title. Plaintiffs each sue for slander of title, and as to two instruments that remain recorded seek orders cancelling them; and further sue under the Racketeer Influenced and Corrupt Organizations Act (RICO) based on predicate acts of forgery and wire fraud.

**2. Parties; Plaintiffs.** (a) Plaintiff Mountain Vista Holdings, LLC ("Mountain") is a California limited liability company that owns vacant land in Vista, County of San Diego, State of California. (b) Plaintiff Murrieta Holdings, LLC ("Murrieta") is a California limited liability company that owns vacant land in Murrieta, County of Riverside, California. (c) Plaintiff Quality Investors 1 2016, LLC ("Quality") is a California limited liablility company that owns vacant land in Oceanside, County of San Diego, California. (d) Plaintiff Rancho Vista Holdings, LLC ("Rancho") is a California limited liability company that owns vacant land in Oceanside, County of San Diego, California. (e) Corto II, LLC ("Corto") is a California limited liability company that owns vacant land in Oceanside, County of San Diego, California.

**3. Defendants**. (a) Defendant CORPORATION SERVICE COMPANY is a business entity, form unknown, and is also known as CSC. It will be referred to from time to time as "CSC." (b) Defendant Jamal Dawood, aka Jimmy Dawood ("Dawood"), is an individual, who resides in the County of Los Angeles, California.

**4. Fictitious Defendants.** Plaintiffs do not know the names and capacities of the defendants sued as DOES 1-30 inclusive, but are informed and believe that said defendants are responsible for the wrongs alleged herein. Upon learning the true names and capacities of these defendants, plaintiffs will amend this complaint to allege the same.

**5. Venue**. This action is properly venued in this court, in that a substantial portion of wrongs alleged herein were committed in this County of Orange.

- 2 -

**FIRST CAUSE OF ACTION**

**(Slander of Title, by Mountain Against All Defendants)**

**6.** Plaintiffs reallege Paragraphs 1 through 5, inclusive, of the complaint hereinabove, and incorporate them by reference as if fully set forth.

**7.** At all relevant times, Mountain was the fee owner of certain vacant land in San Diego County, California, legally described as follows:

> PARCELS 1, 2, 3AND 4 OF PARCEL MAP NO. 7019, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, MARCH 16, 19 78AS FILE NO. 78-104657, OFFICIAL RECORDS.

The Assessor's Parcel Numbers of the property are as follows:

> APN: 183-131-2 3-00, 183-131-2 4-00, 183-131-2 5-00AND 183-131- 26-00

**8.** Mountain signed a Note and Deed of Trust secured by this property. The Deed of Trust was fully recorded, and a true copy of same was recorded with the County Recorder of San Diego County.

**9.** This deed of trust was subsequently reconveyed and the reconveyance was fully recorded with the County Recorder of San Diego County.

**10.** Plaintiff is informed and believes and thereon alleges that defendant Dawood, in concert with others, including DOES 1-10, on or about April 13, 2023,  with the assistance  of defendant CSC, caused to be electronically recorded with the County Recorder of San Diego County as document number 2023-0095193, an altered copy of the original deed of trust, in spite of the fact that having been reconveyed this document was of no force and effect.  A true copy of this document is attached hereto as Exhibit 1, and is incorporated herein by this reference as if fully set forth.

**11.** The recordation of this previously reconveyed and altered Deed of Trust constituted a claim of a secured interest in the subject property, which claim became a

- 3 -

The David Epstein Law Firm

**The David Epstein Law Firm**

1  public record. This claim was invalid, in that the security interest had been reconveyed,

2  and could not be restored by the recordation of a previously reconveyed Deed of Trust.

3      **12.** The defendants, and each of them, knew or acted with reckless disregard of

4  the falsity of the claim, and in fact plaintiff owned the property and the claim asserted

5  in the re-recorded document was invalid. Defendants further knew or should have

6  recognized that someone might act on the claim and might cause a financial loss to

7  plaintiff.

8      **13.** Plaintiff did in fact suffer immediate financial harm, in that among other

9  things it spent money with legal counsel and the County Recorder, and with travel

10  expenses, in order to secure the reconveyance of the improperly re-recorded purported

11  Deed of Trust. Defendant's conduct was a substantial cause of the harm to plaintiff. The

12  amount of damages is subject to proof at trial.

13      **14.** Because defendants, and each of them, performed the actions alleged herein

14  with oppression, fraud, and malice, and the actions were unlawful and despicable,

15  plaintiff is entitled to recover punitive and exemplary damages in an amount subject to

16  proof at trial, above the jurisdictional minimum for this court, and sufficient to punish

17  defendants and to make an example of them, and to deter them and others from

18  engaging in similar conduct in the future.

19  **SECOND CAUSE OF ACTION**

20  **(Slander of Title, by Murrieta Against All Defendants)**

21      **15.** Plaintiffs reallege Paragraphs 1 through 5, inclusive, of the complaint

22  hereinabove, and incorporate them by reference as if fully set forth.

23      **16.** At all relevant times, Murrieta was the fee owner of certain vacant land in

24  Riverside County, California, legally described as follows:

25

26  THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY
    OF MURRIETA, IN THE COUNTY OF RIVERSIDE, ST A TE OF

27  CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

28

- 4 -

---

**FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

PARCEL I:

THE NORTHWEST HALF OF THE NORTHWEST HALF OF THE SOUTHWEST HALF OF LOT 66 OF THE MURRIETA PORTION OF THE TEMECULA RANCHO, AS SHOWN BY MAP OF TEMECULA LAND AND WATER CO., ON FILE IN BOOK 8 PAGE 359 OF MAPS, RECORDS OF SAN DIEGO COUNTY, CALIFORNIA, BY METES AND BOUNDS:

COMMENCING AT THE INTERSECTION OF THE CENTER LINE OF LEMON STREET AND ADAMS STREET; THENCE NORTHEASTERLY ON THE CENTER LINE OF LEMON STREET, 660 FEET;

THENCE SOUTHEASTERLY, PARALLEL WITH TI-IE CENTER LINE OF ADAMS AVENUE, 330 FEET; THENCE SOUTHWESTERLY, PARALLEL WITH THE CENTER LINE OF LEMON STREET, 660 FEET TO THE CENTER LINE OF ADAMS A VENUE;

THENCE NORTHWESTERLY ON THE CENTER LINE OF ADAMS A VENUE, 330 FEET TO THE POINT OF BEGINNING; EXCEPTING THEREFROM LEMON STREET AND ADAMS A VENUE.

ALSO EXCEPTING THEREFROM THAT PORTION DESCRIBED AS PARCEL 7143-28A AS SHOWN ON RECORD OF SURVEY, FILED IN HOOK 95, PAGES 24 TO 27 INCLUSIVE, AS CONVEYED TO THE RIVERSIDE COUNTY FLOOD CONTROL AND WATER CONSERVATION DISTRICT BY DEED RECORDED JUNE 23, 1995 AS INST. NO. 204 t 35 Of OFFICIAL RECORDS.

PARCEL 2:

THE SOUTHEAST HALF OF THE NORTHWEST HALF OF THE SOUTHWESTERLY HALF OF LOT 66, AS SHOWN BY MAP ENTITLED MAP OF THE TEMECULA LAND AND WATER COMPANY, ON FILE IN BOOK 8 PAGE 359 OF MAPS, RECORDS OF SAN DIEGO COUNTY, CALIFORNIA;

EXCEPTING THEREFROM ADAMS A VENUE.

ALSO EXCEPTING THEREFROM THAT PORTION DESCRIBED AS PARCEL 7143-27C AS SHOWN ON RECORD OF SURVEY FILED JULY 21, 1993 IN BOOK 95, PAGES 24 TO 27 INCLUSIVE, AS CONVEYED TO THE RIVERSIDE COUNTY FLOOD CONTROL AND WATER CONSERVATION DISTRICT BY DEED RECORDED JUNE 23, 1995 AS INST. NO. 204134 OF OFFICIAL RECORDS.

The Assessor's Parcel Numbers of the property are as follows:

APN: 906-060-039-3 and 906-060-041-4.

- 5 -

**17.** `On or about October 9, 2015, Murrieta signed a Note and Deed of Trust secured by this property. The Deed of Trust was fully recorded, and a true copy of same was recorded with the County Recorder of Riverside County on December 10, 2015, as Document Number 2015-0536669. A true copy of the recorded Deed of Trust is attached as Exhibit 2 and incorporated herein as if fully set forth.

**18.** On or about November 19, 2019, this deed of trust was reconveyed and the reconveyance was fully recorded with the County Recorder of Riverside County, as document number 2019-0477313. A true copy of this reconveyance is attached as Exhibit 3 and incorporated herein as if fully set forth.

**19.** Defendant Dawood, in concert with others, including DOES 1-10, on or about April 12, 2023,  with the assistance of defendant CSC, caused to be electronically recorded with the County Recorder of Riverside County as document number 2023-0106817, an altered copy of the original deed of trust, in spite of the fact that having been reconveyed, this document was of no force and effect.  A true copy of this document is attached hereto as Exhibit 4, and is incorporated herein by this reference as if fully set forth.

**20.** The recordation of this previously reconveyed and altered Deed of Trust constituted a claim of a secured interest in the subject property, which claim became a public record. This claim was invalid, in that the security interest had been reconveyed, and could not be restored by the recordation of a previously reconveyed Deed of Trust.

**21.**  The defendants, and each of them, knew or acted with reckless disregard of the falsity of the claim, and in fact plaintiff owned the property and the claim asserted in the re-recorded document was invalid. Defendants further knew or should have recognized that someone might act on the claim and might cause a financial loss to plaintiff.

**22.** Plaintiff did in fact suffer immediate financial harm, in that among other things it spent money with legal counsel, with travel expenses, in order to secure the

- 6 -

**FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1  reconveyance of the improperly re-recorded purported Deed of Trust, and lost ability to

2  finance construction or to market the property. Defendant's conduct was a substantial

3  cause of the harm to plaintiff. The amount of damages is subject to proof at trial.

4      **23.** Because defendants, and each of them, performed the actions alleged herein

5  with oppression, fraud, and malice, and the actions were unlawful and despicable,

6  plaintiff is entitled to recover punitive and exemplary damages in an amount subject to

7  proof at trial, above the jurisdictional minimum for this court, and sufficient to punish

8  defendants and to make an example of them, and to deter them and others from

9  engaging in similar conduct in the future.

10                    **THIRD CAUSE OF ACTION**

11          **(Slander of Title, by Quality Against All Defendants)**

12      **24.** Plaintiffs reallege Paragraphs 1 through 5, inclusive, of the complaint

13  hereinabove, and incorporate them by reference as if fully set forth.

14      **25.** At all relevant times, Quality was the fee owner of certain vacant land in San

15  Diego County, California, legally described as follows:

16

17      BEGINNING AT THE SECTION CORNER COMMON TO SECTIONS 28,
        29, 32 AND 33, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN
18      BERNARDINO MERIDIAN;

19      THENCE ALONG THE LINE COMMON TO SAID SECTIONS 29 AND 32,
        NORTH 88-57'0711 WEST, 165.16 FEET (RECORD: NORTH 89°29'2311
20      WEST, 165.18 FEET, MAP 56971), TO THE SOUTHEAST CORNER OF EL
        CAMINO ESTATES, MAP 5697, RECORDED FEBRUARY 16, 1966;
21      THENCE NORTHERLY ALONG THE EASTERLY BOUNDARY OF SAID
        EL CAMINO ESTATES, NORTH 8°37'1511 EAST, 481.10 FEET (RECORD:
22      NORTH 8°00'5011 EAST, 481.06 FEET, MAP 5697); THENCE NORTH
        5°02'3011 WEST, 12.45 FEET (RECORD; NORTH 5°31'2811 WEST, MAP
23      5697), TO A POINT OF INTERSECTION WITH A LINE, LYING 100.00
        FEET NORTHERLY AND PARALLEL WITH THE SOUTHERLY LINE OF
24      PARCEL D OF PARCEL MAP 12334, RECORDED: SEPTEMBER 23, 1984;
        THENCE EASTERLY ALONG SAID PARALLEL LINE, SOUTH 89°09'3911
25      EAST, 325.99 FEET; THENCE SOUTH 44°09'3911 EAST, 141.42 FEET, TO
        THE SOUTHEASTERLY CORNER OF LOT 9 OF ROBINHOOD DEL ORO
26      VILLAGE 11A11, MAP 11758, RECORDED APRIL 8, 1987;
27

28
                                    - 7 -

*The David Epstein Law Firm*

ALSO BEING ALONG THE SOUTHERLY LINE OF SAID PARCEL D; THENCE EASTERLY ALONG SAID SOUTHERLY LINE, SOUTH 89°09'3911 EAST, 1133'22.62 FEET, TO AN INTERSECTION WITH THE WESTERLY LINE OF COSTA SERENA UNIT NO. 6, ACCORDING TO MAP THEREOF NO. 7336, RECORDED JUNE 29, 1972; THENCE SOUTHERLY ALONG THE WESTERLY BOUNDARY OF SAID COSTA SERENA UNIT NO. 6, SOUTH 22°29'4411 WEST, 193.29 FEET (RECORD SOUTH 22°03'1311 WEST,. MAP 7336); THENCE SOUTH 0°41'1911 WEST, 75.09 FEET (RECORD: SOUTH 0°23'2711 WEST, 75.00 FEET, MAP 7336); THENCE NORTH 89°09'0811 WEST, 48.92 FEET (RECORD: NORTH 89°36'3311 WEST, 49.00 FEET, MAP 7336); THENCE SOUTH 0°50'5211 WEST, 135.11 FEET (RECORD: SOUTH 0°23'2711 WEST, 135.00 FEET, MAP 7336), TO THE SOUTHERLY LINE OF THE ABOVE DESCRIBED SECTION 38; THENCE WESTERLY ALONG SAID SOUTHERLY LINE, NORTH 89-09'0811 WEST, 1327.24 FEET (RECORD: NORTH 89°36'33" WEST, 1327.35 FEET, MAP 7336) TO THE ABOVE DESCRIBED COMMON SECTION CORNER. AND THE POINT OF BEGINNING.

EXCEPTING ALL THAT PORTION OF RANCHO DE! ORO ROAD, BEING DESCRIBED AS FOLLOWS:

BEGINNING AT THE SECTION CORNER COMMON TO SECTIONS 28, 29, 23 AND 33, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN;

THENCE EASTERLY ALONG THE COMMON SINE TO SECTIONS 28 AND 33, SOUTH 89°09'0811 EAST, 782.57 FEET (RECORD: SOUTH 89°36'3311 EAST, MAP 7336) TO AN INTERSECTION WITH A NON-TANGENT 1050.00 FOOT RADIUS, CONCA VE SOUTHEASTERLY, HA YING A RADIAL BEARING TO SAID POINT OF NORTH 69°22' 11" WEST, BEING THE WESTERLY SIDELINE OF RANCHO DEL ORO ROAD, ALSO BEING THE TRUE POINT OF BEGINNING; THENCE NORTHEASTERLY ALONG THE ARC OF SAID CURVE, THROUGH A CENTRAL ANGLE OF 15°12'5211, A DISTANCE OF 278.82 FEET; THENCE TANGENT TO SAID CURVE NORTH 35°50'4111 EAST, 174.52 FEET, TO AN INTERSECTION WITH THE SOUTHERLY LINE OF THE ABOVE DESCRIBED PARCEL D OF SAID PARCEL MAP 12334· THENCE EASTERLY ALONG SAID SOUTHERLY LINE, SOUTH 89°09'3911 EAST, 120.33, TO AN INTERSECTION WITH A NON-TANGENT 1450.00 FOOT RADIUS CURVE, CONCAVE NORTHWESTERLY; HAVING A RADIAL BEARING TO SAID POINT OF SOUTH 56°42'2711 EAST, THENCE SOUTHWESTERLY ALONG THE ARC OF SAID CURVE, THROUGH A CENTRAL ANGLE OF 2"33'0811; THENCE TANGENT TO SAID CURVE, SOUTH 35°50'4111 WEST, 178.98 FEET, TO THE BEGINNING OF A TANGENT 950.00 FOOT RADIUS CURVE, CONCAVE; THENCE SOUTHWESTERLY ALONG THE ARC OF SAID

- 8 -

**FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

CURVE THROUGH A CENTRAL ANGLE OF 13°01'4711, A DISTANCE OF 216.04 FEET, TO AN INTERSECTION WITH THE ABOVE DESCRIBED SECTION LINE COMMON TO BOTH SECTIONS 28 AND 33; THENCE WESTERLY ALONG SAID COMMON LINE, NORTH 89"09'08" WEST, 107 .01 FEET, TO THE TRUE POINT OF BEGINNING.

ALSO EXCEPTING THEREFROM LOT I OF VISTA DEL ORO, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 13018, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, FEBRUARY 26, 1992

The Assessor's Parcel Number of the property is as follows:

APN: 165-362-02-00

**26.** `On or about October 27, 2016, Quality signed a Note and Deed of Trust secured by this property. The Deed of Trust was fully recorded, and a true copy of same was recorded with the County Recorder of San Diego County on October 31, 2016 as Document Number 2016-0588991. A true copy of the recorded Deed of Trust is attached as Exhibit 5 and incorporated herein as if fully set forth.

**27.** On or about November 14, 2019, this deed of trust was reconveyed and the reconveyance was fully recorded with the County Recorder of San Diego County as document number 2019-05227198. A true copy of this reconveyance is attached as Exhibit 6 and incorporated herein as if fully set forth.

**28.** Defendant Dawood, in concert with others, including DOES 1 through 10, on or about April 12, 2023,  using the services of defendant CSC, caused to be electronically recorded with the County Recorder of San Diego County as document number 2023-00962825, an altered copy of the original deed of trust, in spite of the fact that having been reconveyed this document was of no force and effect.  A true copy of this document is attached hereto as Exhibit 7, and is incorporated herein by this reference as if fully set forth

**29.** The recordation of this previously reconveyed and altered Deed of Trust constituted a claim of a secured interest in the subject property, which claim became a

- 9 -

The David Epstein Law Firm

public record. This claim was invalid, in that the security interest had been reconveyed, and could not be restored by the recordation of a previously reconveyed Deed of Trust.

**30.** The defendants, and each of them, knew or acted with reckless disregard of the falsity of the claim, and in fact plaintiff owned the property and the claim asserted in the re-recorded document was invalid. Defendants further knew or should have recognized that someone might act on the claim and might cause a financial loss to plaintiff.

**31.** Plaintiff did in fact suffer immediate financial harm, in that among other things it spent money with legal counsel and the County Recorder, and with travel expenses, in order to secure the reconveyance of the improperly re-recorded purported Deed of Trust. Defendant's conduct was a substantial cause of the harm to plaintiff. The amount of damages is subject to proof at trial.

**32.** Because defendants, and each of them, performed the actions alleged herein with oppression, fraud, and malice, and the actions were unlawful and despicable, plaintiff is entitled to recover punitive and exemplary damages in an amount subject to proof at trial, above the jurisdictional minimum for this court, and sufficient to punish defendants and to make an example of them, and to deter them and others from engaging in similar conduct in the future.

**FOURTH CAUSE OF ACTION**

**(Slander of Title, by Rancho Against All Defendants)**

**33.** Plaintiffs reallege Paragraphs 1 through 5, inclusive, of the complaint hereinabove, and incorporate them by reference as if fully set forth.

**34.** At all relevant times, Rancho was the fee owner of certain vacant land in San Diego County, California, legally described as follows:

PARCEL A:

PARCEL 3 OF PARCEL MAP NO. 18668, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO

- 10 -

The David Epstein Law Firm

MAP THEREOF, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY APRIL 02, 2001.

PARCEL B:

AN EASEMENT AND RIGHT-OF-WAY FOR PRIVATE ACCESS ROAD PURPOSES OVER, ALONG AND ACROSS A STRIP OF LAND 18.00 FEET WIDE, LYING WITHIN THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 17, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO UNITED STATES GOVERNMENT SURVEY, THE CENTERLINE OF SAID 18.00 FOOT STRIP BEING DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON COURSE (5) DESCRIBED IN PARCEL 1 (28079-1) OF FINAL ORDER OF CONDEMNATION RECORDED NOVEMBER 25, 1997 AS INSTRUMENT NO. 1997-0597163 OFFICIAL RECORDS, DISTANT NORTH 53°12'41" EAST 236.88 FEET FROM THE SOUTHWESTERLY TERMINUS OF SAID COURSE

THENCE (1) LEAVING SAID COURSE (5) NORTH 61 °57'43" WEST 32.14 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHERLY HAVING A RADIUS OF 100.00 FEET;

THENCE (2) NORTHWESTERLY, WESTERLY AND SOUTHWESTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 44°28'32" AN ARC LENGTH OF 77.62 FEET;

THENCE (3) TANGENT TO SAID CURVE SOUTH 73°33'45" WEST 353.68 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE NORTHWESTERLY HAVING A RADIUS OF 50.00 FEET;

THENCE (4) SOUTHWESTERLY, WESTERLY AND NORTHWESTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 88"05'23" AN ARC LENGTH OF 76.87 FEET;

THENCE (5) TANG ENT TO LAST SAID CURVE NORTH 18"20'52" WEST 40.64 FEET TO THE TERMINUS OF THE DESCRIBED CENTERLINE.

THE SIDELINE SHALL BE PROLONGED OR SHORTENED SO AS TO TERMINATE SOUTHEASTERLY AT SAID COURSE (5) DESCRIBED IN PARCEL 1 (28079-1) OF THAT CERTAIN FINAL ORDER OF CONDEMNATION RECORDED NOVEMBER 25, 1997 AS INSTRUMENT NO. 1997-0597163 OFFICIAL RECORDS, HEREIN ABOVE AND NORTHERLY AT A LINE DRAWN AT RIGHT ANGLES THROUGH THE SAID TERMINUS OF THE ABOVE DESCRIBED CENTERLINE.

The Assessor's Parcel Number of the property is as follows:

APN 160-020-55-00

**35.**`On or about October 17, 2017, Rancho signed a Note and Deed of Trust secured by this property. The Deed of Trust was fully recorded, and a true copy of same was recorded with the County Recorder of San Diego County on December 6, 2017 as Document Number 2017-0567394. A true copy of the recorded Deed of Trust is attached as Exhibit 8 and incorporated herein as if fully set forth.

**36.** On or about October 6, 2019, this deed of trust was reconveyed and the reconveyance was fully recorded with the County Recorder of San Diego County as document no. 2019-0465436. A true copy of this reconveyance is attached as Exhibit 9 and incorporated herein as if fully set forth.

**37.** Defendant Dawood, in concert with others, including DOES 1 through 10l, with the assistance of CSC, on or about April 12, 2023,  caused to be electronically recorded with the County Recorder of San Diego County as documents number 2023-0096135 and 2023-0096910, invalid copies of the original deed of trust, in spite of the fact that having been reconveyed these documents were of no force and effect.  True copies of these documents are attached hereto as Exhibits 10 and 11, and are incorporated herein by this reference as if fully set forth.

**38.** The recordation of this previously reconveyed and altered Deed of Trust constituted a claim of a secured interest in the subject property, which claim became a public record. This claim was invalid, in that the security interest had been reconveyed, and could not be restored by the recordation of a previously reconveyed Deed of Trust.

**39.** The defendants, and each of them, knew or acted with reckless disregard of the falsity of the claim, and in fact plaintiff owned the property and the claim asserted in the re-recorded document was invalid. Defendants further knew or should have recognized that someone might act on the claim and might cause a financial loss to plaintiff.

- 12 -

**The David Epstein Law Firm**

**40.** Plaintiff did in fact suffer immediate financial harm, in that among other things it spent money with legal counsel and the County Recorder, and with travel expenses, in order to secure the reconveyance of the improperly re-recorded purported Deed of Trust. Defendant's conduct was a substantial cause of the harm to plaintiff. The amount of damages is subject to proof at trial.

**41.** Because defendants, and each of them, performed the actions alleged herein with oppression, fraud, and malice, and the actions were unlawful and despicable, plaintiff is entitled to recover punitive and exemplary damages in an amount subject to proof at trial, above the jurisdictional minimum for this court, and sufficient to punish defendants and to make an example of them, and to deter them and others from engaging in similar conduct in the future.

**FIFTH CAUSE OF ACTION**

**(Slander of Title, By Corto Against All Defendants)**

42. Plaintiffs reallege Paragraphs 1 through 5 of the complaint hereinabove, and incorporates them by reference as if fully set forth.

**43.** At all relevant times, Corto was the fee owner of certain vacant land in San Diego County, California, legally described as follows:

THAT PORTION OF THE SOUTHWEST QUARTER OF SECTION 19, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWEST CORNER OF SAID SOUTHWEST QUARTER OF THE SOUTHWEST QUARTER; THENCE SOUTH 89°59'20" EAST ALONG THE NORTHERLY LINE THEREOF 348.19 FEET TO THE NORTHWEST CORNER OF A PARCEL OF LAND DESCRIBED IN DEED TO RAMON FOUSSAT, ET UX., RECORDED MARCH 06, 1947 IN BOOK 2360, PAGE 57 OFFICIAL RECORDS, AND THE TRUE POINT OF BEGINNING;

- 13 -

**The David Epstein Law Firm**

1   THENCE CONTINUING ALONG SAID NORTHERLY LINE SOUTH 89°59'20"

2   EAST 150.00 FEET TO THE BARNWELL STREET, AS SAID STREET IS DESCRIBED IN

3   DEED TO THE CITY OF OCEANSIDE, RECORDED JANUARY 13, 1930 IN BOOK

4   1724, PAGE 274 DEEDS;

5   THENCE EASTERLY ALONG SAID CURVE AND SAID SOUTHERLY LINE

6   115.60 FEET THROUGH AN ANGLE OF 10°57'00"; THENCE SOUTH 13°06'10" EAST

7   287.22 FEET;

8   THENCE NORTH 66°58'40" EAST 108.97 FEET TO A POINT IN THE

9   NORTHERLY LINE OF THE LAND DESCRIBED IN DEED TO LOUIS R. FOUSSAT, ET

10  UX., RECORDED NOVEMBER 12, 1952 IN BOOK 4651, PAGE 530 OFFICIAL

11  RECORDS;

12  THENCE ALONG SAID NORTHERLY LINE SOUTH 60°59'30" WEST 6.19 FEET

13  TO THE MOST WESTERLY CORNER OF SAID LAND;

14  THENCE ALONG THE SOUTHWESTERLY LINE OF SAID LAND, SOUTH

15  29°00'30" EAST 32.88 FEET TO THE MOST NORTHERLY CORNER OF A PARCEL OF

16  LAND DESCRIBED IN DEED TO THE COLUMBUS CLUB OF SAN LUIS REY,

17  RECORDED JULY 24, 1958 IN BOOK 7180, PAGE 392 OFFICIAL RECORDS;

18  THENCE SOUTH 60°59'30" WEST ALONG THE NORTHWESTERLY LINE OF

19  SAID LAND TO AND ALONG THE NORTHWESTERLY LINES OF PARCELS OF

20  LAND DESCRIBED IN DEEDS TO BURNELL L. FOUSSAT, ET UX., RECORDED

21  FEBRUARY 14, 1957 IN BOOK 6457, PAGE 260 OFFICIAL RECORDS, AND HUBERT

22  FOUSSAT, ET UX., RECORDED MAY 29, 1956 IN BOOK 6121, PAGE 174 OFFICIAL

23  RECORDS, A TOTAL DISTANCE OF 488.66 FEET (RECORD 488.51 FEET) TO THE

24  WESTERLY LINE OF LAND DESCRIBED IN DEED TO RAMON FOUSSAT, ET UX.,

25  RECORDED MARCH 06, 1947 IN BOOK 2360, PAGE 57 OFFICIAL RECORDS ABOVE

26  MENTIONED;

27

28

- 14 -

**FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1

2

3    THENCE ALONG SAID WESTERLY LINE AS FOLLOWS: NORTH 09°58'05"
EAST 333.25 FEET (RECORD 333.48 FEET) TO AN ANGLE POINT THEREIN AND
NORTH 20°39'50" WEST 201.67 FEET TO THE TRUE POINT OF BEGINNING.

4

5    The Assessor's Parcel Number of the property is as follows:

6    APN: 149-160-32-00, 149-160-33-00

7    **44.** `On or about July 24, 2015, Corto signed a Note and Deed of Trust secured by

8    this property. The Deed of Trust was recorded with the County Recorder of San Diego

9    County on August 7, 2015 as Document Number 2015-0420148.

10   **45.** On or about October 2, 2019, this deed of trust was reconveyed and the

11   reconveyance was fully recorded with the County Recorder of San Diego County.

12   **46.** Defendant Dawood, in concert with others, including DOES 1 through 10,

13   using the services of defendant CSC, on or about April 12, 2023,  caused to be

14   electronically recorded with the County Recorder of San Diego County as document

15   number 2023-0094887, an invalid copy of the original deed of trust, in spite of the fact

16   that having been reconveyed these documents were of no force and effect.  A true copy

17   of this document is attached hereto as Exhibit 12, and is incorporated herein by this

18   reference as if fully set forth

19   **47.** The recordation of this previously reconveyed and altered Deed of Trust

20   constituted a claim of a secured interest in the subject property, which claim became a

21   public record. This claim was invalid, in that the security interest had been reconveyed,

22   and could not be restored by the recordation of a previously reconveyed Deed of Trust.

23   **48.**  The defendants, and each of them, knew or acted with reckless disregard of

24   the falsity of the claim, and in fact plaintiff owned the property and the claim asserted

25   in the re-recorded document was invalid. Defendants further knew or should have

26   recognized that someone might act on the claim and might cause a financial loss to

27   plaintiff.

28

- 15 -

**FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

The David Epstein Law Firm

**The David Epstein Law Firm**

1    **49.** Plaintiff did in fact suffer immediate financial harm, in that among other

2    things it spent money with legal counsel and its ability to seek further development

3    financing or to market the property is impaired. Defendant's conduct was a substantial

4    cause of the harm to plaintiff. The amount of damages is subject to proof at trial.

5    **50.** Because defendants, and each of them, performed the actions alleged herein

6    with oppression, fraud, and malice, and the actions were unlawful and despicable,

7    plaintiff is entitled to recover punitive and exemplary damages. in an amount subject to

8    proof at trial, above the jurisdictional minimum for this court, and sufficient to punish

9    defendants and to make an example of them, and to deter them and others from

10   engaging in similar conduct in the future.

11                          **SIXTH CAUSE OF ACTION**

12   **(By Corto, Against Dawood and Does 5-14, For Cancellation of Instrument)**

13   51. Plaintiffs reallege Paragraphs 1 through 5 and 43 through 50 of the complaint

14   hereinabove, and incorporates them by reference as if fully set forth.

15   52. The improperly recorded purported Deed of Trust, identified as Exhibit 12,

16   was forged and unlawfully recorded, and is invalid. Its presence has caused, is causing,

17   and will cause irreparable harm to Corto, and accordingly Corto is entitled to

18   temporary, preliminary, interlocutory, and permanent equitable relief according to

19   proof, to cancel said instrument and to declare it invalid.

20   53. The presence of this improperly recorded instrument on the public record has

21   caused and will cause damage to plaintiff in an amount subject to proof.

22                         **SEVENTH CAUSE OF ACTION**

23   **(By Murrieta, Against Dawood and Does 5-14, For Cancellation of Instrument)**

24   54. Plaintiffs reallege Paragraphs 1 through 5 and  16 through 23 of the complaint

25   hereinabove, and incorporates them by reference as if fully set forth.

26   55. The improperly recorded purported Deed of Trust, identified as Exhibit 4,

27   was forged and unlawfully recorded, and is invalid. Its presence has caused, is causing,

28

- 16 -

**The David Epstein Law Firm**

1  and will cause irreparable harm to Corto, and accordingly Corto is entitled to

2  temporary, preliminary, interlocutory, and permanent equitable relief according to

3  proof, to cancel said instrument and to declare it invalid.

4    56. The presence of this improperly recorded instrument on the public record has

5  caused and will cause damage to plaintiff in an amount subject to proof.

**EIGHTH CAUSE OF ACTION**

**(RICO, By All Plaintiffs Against All Defendants Except CSC)**

8    57. Plaintiffs, and each of them, reallege Paragraphs 1 through 56 of this

9  complaint and incorporate them herein by reference as if fully set forth.

10    58. This cause of action is brought under the provisions of RICO (the Racketeer

11  Influenced and Corrupt Organizations Act, 18 USC §1961 *et seq*). Section 1964 authorizes

12  an injured party to bring a civil action under the provisions the Act, and California state

13  courts have concurrent jurisdiction over such civil actions, pursuant to *Cianci v. Superior*

14  *Court,* 40 Cal.3d 903 (1985).

15    59. Defendants, and each of them, combined in an enterprise and engaged in a

16  common concerted scheme to commit each of the wrongs alleged hereinabove, each of

17  which constituted criminal offenses not limited to but including forgery under

18  California Penal Code section 470 and federal wire fraud under 18 U.S. Code 1343. Said

19  defendants are likely to continue to commit similar acts in the future.

20    60. Because defendants engaged in a criminal enterprise, plaintiffs, and each of

21  them, are entitled to recover treble consequential and punitive damages, in an amount

22  subject to proof, in excess of the jurisdictional minimum established by law for this

23  court.

24  **WHEREFORE**, plaintiffs pray for relief as follows:

25    1. Consequential damages according to proof on the first through fifth causes of

26  action;

27

28

- 17 -

**FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

The David Epstein Law Firm

2. Temporary, preliminary, interlocutory and permanent equitable relief in such form as the court may determine, cancelling the illegally recorded deeds of trust, and declaring the same invalid;

3. Punitive and exemplary damages according to proof on the First through Fifth and Eighth causes of action, in amounts subject to proof at trial, in excess of the jurisdictional minimum established by law for this court;

4. Treble damages according to proof on the Eighth Cause of Action;

5. Costs of suit herein; and

6. Such other and further relief as may seem just and proper to this court.

Respectfully submitted,

**The David Epstein Law Firm**

*/s/ David G. Epstein*

Dated: October 1, 2024
_____
 David G. Epstein
Attorneys for Plaintiffs

- 18 -

**FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Exhibit 1

DOC# 2023-0095193

Apr 12, 2023  10:15 AM
OFFICIAL RECORDS
JORDAN Z. MARKS,
SAN DIEGO COUNTY RECORDER
FEES: $265.00  (SB2 Atkins: $225.00)
PCOR: N/A
PAGES: 4

Recording Requested By and

When Recorded Return To:

David G Epstein
The David Epstein Law Firm
PO Box 4858
Laguna Beach, CA 92652

---

Assessor's Parcel No.: 183-131-23-00, 183-131-24-00, 183-131-25-00 AND 183-131-26-00

Space Above This Line for Recorder's Use

### SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust is entered into on this 29th day of June, 2022, by and among Mountain Vista Holdings LLC, (a California Limited Liability company) ("Trustor") whose address is 213 Park Avenue, Laguna Beach, California 92652, First American Title Company, a California ) Corporation ("Trustee"), and Wayne Bian aka Wengqiang Bian, as trustee of the Bian Liao Living Trust ("Lender") dated May 7, 2010, a California Trust.

WITNESSETH: That Trustor hereby irrevocably grants, transfers, and assigns to trustee in trust, with power of sale for the benefit of the Beneficiary, all of Trustor's interest in and to that certain property in Vista, California, County of San Diego,, California and described as follows (the "Property"):

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING: (1) performance of each agreement of Trustor incorporated by reference or contained herein; (2) payment of the indebtedness evidenced by that certain promissory note of even date herewith and any extension or renewal thereof, in the original principal sum of $2,250,000 executed by Trustor in favor of Beneficiary or order; and (3) payment of such further

sums as the then record owner of said Property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR HEREBY AGREES: By the execution and delivery of this Deed of Trust and the promissory note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded in San Diego County on October 23, 1961, Series 2 Book 1961 Page 9, which provisions hereby are adopted and incorporated herein and made a part hereof as though fully set forth herein at length; that Trustor will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the Property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to Trustor at the address set forth above.

**TRUSTOR:**

**Mountain Vista Holdings, LLC**

By: _____

David G. Epstein, Manager

**NOTARY ACKNOWLEDGEMENT ATTACHED**

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of
the individual who signed the document to which this certificate is attached, and not
the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )

) ss.

COUNTY OF Orange )

On 8-24-2022,before me,
Laurie Clack Notary Public ,personally appeared
David G Epstein ,who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that
the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public, State of California

[SEAL]

LAURIE CLACK
COMM...2341474
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. Jan. 16, 2026

**EXHIBIT "A"**
**Legal Description**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCELS 1, 2, 3 AND 4 OF PARCEL MAP NO. 7019, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, MARCH 16, 1978 AS FILE NO. 78-104657, OFFICIAL RECORDS.

APN: 183-131-23-00, 183-131-24-00, 183-131-25-00 AND 183-131- 26-00

Exhibit 2

# 2015-0536669

**RECORDING REQUESTED BY:**
The David Epstein Law Firm
P.O. Box 4858
Laguna Beach, CA 92652

**When Recorded Mail Document To:**
Jojospring Company, LLC
28842 Westport Way
Laguna Niguel, CA 92677

Escrow No.: 150473
Title No.:

12/10/2015 02:03 PM Fee: $ 62.00

Page 1 of 5
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

| | L478 | 14 | | | | R | A | Exam: | 778 |
| Page | DA | PCOR | Misc | Long | RFD | 1st Pg | Adtl Pg | Cert | CC |
| 5 | 2 | | | | | | 4 | | |
| SIZE | NCOR | SMF | NCHG | T: | | | | | |

12.50

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST LONG FORM AND ASSIGNMENT OF RENTS

**THIS DEED OF TRUST, December 3, 2015,** between Murrieta Holdings 2012-12 LLC, herein called **TRUSTOR,** whose address is **213 Park Avenue, Laguna Beach, CA  92651**

, Fidelity National Title Company herein called **TRUSTEE,** and , Jojospring Company, LLC **herein** called **BENEFICIARY,**

**WITNESSETH:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Riverside County, California, described as:

See Exhibit "A" attached hereto and made a part hereof for the complete legal description

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:**  1.  Performance of each agreement of Trustor incorporated by reference or contained herein.  2.  Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of **One Million Two Hundred Fifty Thousand Dollars $1,250,000.00**  executed by Trustor in favor of Beneficiary or order.  3.  Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:**
(1)  To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2)  To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary.  The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.  Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.



Initials

APN:

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said Note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such, rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

Initials _____ ____ ____ ___

APN:

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby. After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash of lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the proceeding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and pages where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the Note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned **Trustor** requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to his/her/they at their address hereinbefore set forth.

Murrieta Holdings 2012-12 LLC

David G. Epstein, Manager

Initials _____  _____  _____  _____

APN:

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not
the truthfulness, accuracy, or validity of that document.

### REQUEST FOR FULL RECONVEYANCE

TO: TRUSTEE:

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured
by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of
any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said
Deed of Trust, delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the
parties designated by the terms of said Deed of Trust, all the estate now held by you under the same.

Dated: _____

_____              _____

By: _____              By: _____

Please mail Reconveyance to:

_____

**Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.**
*Both original documents must be delivered to the Trustee for cancellation before reconveyance will be made.*

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not
the truthfulness, accuracy, or validity of that document.

State of California
County of __ORANGE__
On __DEC. 9, 2015__ _____ before me,
__MEHDI ZAHEDI,__ _____, Notary Public,
personally appeared _____
__DAVID G. EPSTEIN__
_ who proved to me on the basis of satisfactory evidence
to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s) or the entity
upon behalf of which the person(s) acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws
of the State of California that the foregoing paragraph is
true and correct.
Witness my hand and official seal.

Signature___*Mehdi Zahedi*___ (Seal)

MEHDI ZAHEDI
Comm. #1961793
Notary Public-California
Orange County
Comm. Expires Dec 23, 2015

Initials _____

PRELIMINARY REPORT
Your Reference: 150376CG

Fidelity National Title Company
Order No.: 989-23070415-SG4

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF MURRIETA, IN THE COUNTY OF
RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

THE NORTHWEST HALF OF THE NORTHWEST HALF OF THE SOUTHWEST HALF OF LOT 66 OF THE
MURRIETA PORTION OF THE TEMECULA RANCHO, AS SHOWN BY MAP OF TEMECULA LAND AND WATER
CO., ON FILE IN BOOK 8 PAGE 359 OF MAPS, RECORDS OF SAN DIEGO COUNTY, CALIFORNIA, BY METES
AND BOUNDS:
COMMENCING AT THE INTERSECTION OF THE CENTER LINE OF LEMON STREET AND ADAMS STREET;
THENCE NORTHEASTERLY ON THE CENTER LINE OF LEMON STREET, 660 FEET;
THENCE SOUTHEASTERLY, PARALLEL WITH THE CENTER LINE OF ADAMS AVENUE, 330 FEET; THENCE
SOUTHWESTERLY, PARALLEL WITH THE CENTER LINE OF LEMON STREET, 660 FEET TO THE CENTER LINE
OF ADAMS AVENUE;
THENCE NORTHWESTERLY ON THE CENTER LINE OF ADAMS AVENUE, 330 FEET TO THE POINT OF
BEGINNING;

EXCEPTING THEREFROM LEMON STREET AND ADAMS AVENUE.

ALSO EXCEPTING THEREFROM THAT PORTION DESCRIBED AS PARCEL 7143-28A AS SHOWN ON RECORD
OF SURVEY, FILED IN BOOK 95, PAGES 24 TO 27 INCLUSIVE, AS CONVEYED TO THE RIVERSIDE COUNTY
FLOOD CONTROL AND WATER CONSERVATION DISTRICT BY DEED RECORDED JUNE 23, 1995 AS INST. NO.
204135 OF OFFICIAL RECORDS.

PARCEL 2:

THE SOUTHEAST HALF OF THE NORTHWEST HALF OF THE SOUTHWESTERLY HALF OF LOT 66, AS SHOWN
BY MAP ENTITLED MAP OF THE TEMECULA LAND AND WATER COMPANY, ON FILE IN BOOK 8 PAGE 359
OF MAPS, RECORDS OF SAN DIEGO COUNTY, CALIFORNIA;

EXCEPTING THEREFROM ADAMS AVENUE.

ALSO EXCEPTING THEREFROM THAT PORTION DESCRIBED AS PARCEL 7143-27C AS SHOWN ON RECORD
OF SURVEY FILED JULY 21, 1993 IN BOOK 95, PAGES 24 TO 27 INCLUSIVE, AS CONVEYED TO THE
RIVERSIDE COUNTY FLOOD CONTROL AND WATER CONSERVATION DISTRICT BY DEED RECORDED JUNE
23, 1995 AS INST. NO. 204134 OF OFFICIAL RECORDS.

APN: 906-060-039-3 AND 906-060-041-4

Exhibit 3

**RECORDING REQUESTED BY**

David G Epstein

AND WHEN RECORDED MAIL TO:

Name   David G Epstein
Street   PO Box 4858
Address   Laguna Beach, CA 92652

City &
State
Zip

Title Order No.                    Escrow No.

Assessors Parcel Number:9060603933/0414

**2019-0477313**
11/19/2019 12:13 PM Fee: $ 201.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

080

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE

The undersigned, Wenqiang Bian, as Authorized Representative of Jojospring Company, LLC

present Beneficiary, as owner and holder of the Note Secured by Deed of Trust dated December 3, 2015
made by Murrieta Holdings 2012-12 LLC

as Trustor, to Fidelity National Title Company
as original Trustee, for Jojospring Company, LLC

as Beneficiary, which Deed of Trust was recorded Dec. 10, 2015        , as Instrument Number 2015-0536669        in

book        , page        , Official Records of Riverside        County, California, hereby appoints and Substitutes

David G Epstein

as Trustee in lieu of the Trustee therein.
As such duly appointed and substituted Trustee,
David G Epstein

accepts said appointment as Trustee under the above Deed of Trust, and as successor Trustee, and pursuant to the request of
said owner and holder and in accordance with the provisions of said Deed of Trust, does hereby RECONVEY WITHOUT
WARRANTY, TO THE PERSON OR PERSONS LEGALLY ENTITLED THERETO, ALL the estate, title and interest
now held by said trustee under said Deed of Trust. Wherever the text of this document so requires, the singular includes the
plural.

IN WITNESS WHEREOF, the owner and holder above named, and
David G Epstein

as successor Trustee, has caused this instrument to be executed, each in its respective interest.

DATE: October 2, 2019
Beneficiary

Wenqiang Bian, Autorized Representive of
Jojospring Company, LLC

DATE: October   , 2019
Successor Trustee

David G Epstein

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not
the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY    OF    ORANGE

On    OCT. 1, 2019                                    before me,

     MEHDI ZAHEDI
          (here insert name and title of the officer)

,notary public, personally appeared
     — DAVID G. EPTEIN —

who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____



(This area for official notarial seal)

---

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not
the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY    OF    San Diego

On    October 8, 2019                                before me,
Brenda Arriaga
          (here insert name and title of the officer)

,notary public, personally appeared    Wengiang Bian

who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____



(This area for official notarial seal)

Exhibit 4

**DOC # 2023-0106817**
04/14/2023 09:53 AM Fees: $204.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: ALEJANDRA#1032

RECORDING REQUESTED BY:

David G. Epstein

WHEN RECORDED MAIL TO:

Wenqiang Bian
28842 Westport Way
Laguna Niguel, CA 92677-4665

ORDER NO.
ESCROW NO.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 9060803833/0414

**This Deed of Trust,** made this October 2, 2019 _____, between Murrieta Holdings 2012-12, LLC _____

herein called **TRUSTOR.** whose address is 213 Park Avenue, Laguna Beach, CA 92651 _____

Chicago Title Company _____, a California Corporation, herein called **TRUSTEE.** and

Wenqiang Bian, as Trustee of the Bian Liao Living Trust Dated May 7, 2010 _____ herein called **BENEFICIARY.**

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE.** that property in Riverside _____ County. California. described as:

**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**

TOGETHER WITH the rents, issues and profits thereof. SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. **2.** Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $ 1,250,000———— executed by Trustor in favor of Beneficiary by order. **3.** Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary. when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14). inclusive, of the fictitious deed of trust recorded under date. in the book and at the page of Official Records in the office of the county recorder of the county where said property is located. noted below opposite the name of such county. viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2, Book 1961, Page 183887 | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

## SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X _____  Oct 1, 2019

Signature of Trustor

David G Epstein, as Manager, Murrieta Holdings 2012-12, LLC
Print Name of Trustor

X _____

Signature of Trustor

_____
Print Name of Trustor

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

**MEHDI ZAHEDI**
COMM...2135028
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. December 23, 2019

DATE:

STATE OF CALIFORNIA

COUNTY OF ORANGE

On OCT. 1, 2019 before me, MEHDI ZAHEDI _____, a Notary Public, personally appeared DAVID G. EPSTEIN _____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

(Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

PRELIMINARY REPORT
Your Reference: 150376CG

Fidelity National Title Company
Order No.: 989-23070415-SG4

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF MURRIETA, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

THE NORTHWEST HALF OF THE NORTHWEST HALF OF THE SOUTHWEST HALF OF LOT 66 OF THE MURRIETA PORTION OF THE TEMECULA RANCHO, AS SHOWN BY MAP OF TEMECULA LAND AND WATER CO., ON FILE IN BOOK 8 PAGE 359 OF MAPS, RECORDS OF SAN DIEGO COUNTY, CALIFORNIA, BY METES AND BOUNDS:
COMMENCING AT THE INTERSECTION OF THE CENTER LINE OF LEMON STREET AND ADAMS STREET;
THENCE NORTHEASTERLY ON THE CENTER LINE OF LEMON STREET, 660 FEET;
THENCE SOUTHEASTERLY, PARALLEL WITH THE CENTER LINE OF ADAMS AVENUE, 330 FEET; THENCE SOUTHWESTERLY, PARALLEL WITH THE CENTER LINE OF LEMON STREET, 660 FEET TO THE CENTER LINE OF ADAMS AVENUE;
THENCE NORTHWESTERLY ON THE CENTER LINE OF ADAMS AVENUE, 330 FEET TO THE POINT OF BEGINNING;

EXCEPTING THEREFROM LEMON STREET AND ADAMS AVENUE.

ALSO EXCEPTING THEREFROM THAT PORTION DESCRIBED AS PARCEL 7143-28A AS SHOWN ON RECORD OF SURVEY, FILED IN BOOK 95, PAGES 24 TO 27 INCLUSIVE, AS CONVEYED TO THE RIVERSIDE COUNTY FLOOD CONTROL AND WATER CONSERVATION DISTRICT BY DEED RECORDED JUNE 23, 1995 AS INST. NO. 204135 OF OFFICIAL RECORDS.

PARCEL 2:

THE SOUTHEAST HALF OF THE NORTHWEST HALF OF THE SOUTHWESTERLY HALF OF LOT 66, AS SHOWN BY MAP ENTITLED MAP OF THE TEMECULA LAND AND WATER COMPANY, ON FILE IN BOOK 8 PAGE 359 OF MAPS, RECORDS OF SAN DIEGO COUNTY, CALIFORNIA;

EXCEPTING THEREFROM ADAMS AVENUE.

ALSO EXCEPTING THEREFROM THAT PORTION DESCRIBED AS PARCEL 7143-27C AS SHOWN ON RECORD OF SURVEY FILED JULY 21, 1993 IN BOOK 95, PAGES 24 TO 27 INCLUSIVE, AS CONVEYED TO THE RIVERSIDE COUNTY FLOOD CONTROL AND WATER CONSERVATION DISTRICT BY DEED RECORDED JUNE 23, 1995 AS INST. NO. 204134 OF OFFICIAL RECORDS.

APN: 906-060-039-3 AND 906-060-041-4

Exhibit 5

DOC# 2016-0588991

Oct 31, 2016  03:06 PM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES:    $42.00
PCOR: N/A
PAGES: 4

**RECORDING REQUESTED BY:**
The David Epstein Law Firm
P.O. Box 4858
Laguna Beach. CA 92652

**AND WHEN RECORDED MAIL TO:**
JOJOSPRING COMPANY
28842 WESTPORT WAY
LAGUNA NIGUEL, CA 92677

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this 27th Day of October, 2016, between Quality Investors 1 2016, LLC, herein called Trustor,, whose address is PO Box 4858 Laguna Beach, CA 92652, and Jojospring Co., Ltd., herein called Beneficiary, and to Chicago Title Co, in trust, as Trustee

Witnessed: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE Chicago Title Co. IN TRUST, WITH POWER OF SALE, that property in Riverside County, California, described as:
San Diego

See Exhibit A attached hereto and made a part hereof for the complete legal description

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the pro-visions incorporated herein by reference to collect and apply such rents, issues and profits.
For the Purpose of Securing:

1. Performance of each agreement of Trustor incorporated by reference or contained herein.

2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of One Million Eight Hundred Thousand Dollars ($1,800,000), executed by Trustor in favor of Beneficiary.

3. Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust and the rate secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded 1964, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

San Diego SERIES 5 149774

(which provisions, identical in all counties, are printed below) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and par-ties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

David G. Epstein, Manager    / 2016, LLC

Quality Investors + 2016, LLC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF ORANGE                    } S.S.

On oct. 31, 2016 _____, before me, MEHDI ZAHEDI, NOTORY PUBLIC _____,
personally appeared David G. Epstein who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____    (Seal)

MEHDI ZAHEDI
Comm. #2135028
Notary Public - California
Orange County
Comm. Expires Dec 23, 2019

PRELIMINARY REPORT
Your Reference: 16-7209-CG

Fidelity National Title Company
Order No.: 996-**23079044**-A-KC1

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF OCEANSIDE, IN THE COUNTY OF
SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

THAT PORTION OF SECTIONS 28 AND 29, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO
MERIDIAN, BEING WITHIN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA,
BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE SECTION CORNER COMMON TO SECTIONS 28, 29, 32 AND 33, TOWNSHIP 11 SOUTH,
RANGE 4 WEST, SAN BERNARDINO MERIDIAN;

THENCE ALONG THE LINE COMMON TO SAID SECTIONS 29 AND 32, NORTH 88-57'07" WEST, 165.16 FEET
(RECORD: NORTH 89°29'23" WEST, 165.18 FEET, MAP 5697I), TO THE SOUTHEAST CORNER OF EL CAMINO
ESTATES, MAP 5697, RECORDED FEBRUARY 16, 1966; THENCE NORTHERLY ALONG THE EASTERLY
BOUNDARY OF SAID EL CAMINO ESTATES, NORTH 8°37'15" EAST, 481.10 FEET (RECORD: NORTH 8°00'50"
EAST, 481.06 FEET, MAP 5697); THENCE NORTH 5°02'30" WEST, 12.45 FEET (RECORD; NORTH 5°31'28" WEST,
MAP 5697), TO A POINT OF INTERSECTION WITH A LINE, LYING 100.00 FEET NORTHERLY AND PARALLEL
WITH THE SOUTHERLY LINE OF PARCEL D OF PARCEL MAP 12334, RECORDED: SEPTEMBER 23, 1984;
THENCE EASTERLY ALONG SAID PARALLEL LINE, SOUTH 89°09'39" EAST, 325.99 FEET; THENCE SOUTH
44°09'39" EAST, 141.42 FEET, TO THE SOUTHEASTERLY CORNER OF LOT 9 OF ROBINHOOD DEL ORO
VILLAGE "A", MAP 11758, RECORDED APRIL 8, 1987;
ALSO BEING ALONG THE SOUTHERLY LINE OF SAID PARCEL D; THENCE EASTERLY ALONG SAID
SOUTHERLY LINE, SOUTH 89°09'39" EAST, 1133'22.62 FEET, TO AN INTERSECTION WITH THE WESTERLY
LINE OF COSTA SERENA UNIT NO. 6, ACCORDING TO MAP THEREOF NO. 7336, RECORDED JUNE 29, 1972;
THENCE SOUTHERLY ALONG THE WESTERLY BOUNDARY OF SAID COSTA SERENA UNIT NO. 6, SOUTH
22°29'44" WEST, 193.29 FEET (RECORD SOUTH 22°03'13" WEST,. MAP 7336); THENCE SOUTH 0°41'19" WEST,
75.09 FEET (RECORD: SOUTH 0°23'27" WEST, 75.00 FEET, MAP 7336); THENCE NORTH 89°09'08" WEST, 48.92
FEET (RECORD: NORTH 89°36'33" WEST, 49.00 FEET, MAP 7336); THENCE SOUTH 0°50'52" WEST, 135.11 FEET
(RECORD: SOUTH 0°23'27" WEST, 135.00 FEET, MAP 7336), TO THE SOUTHERLY LINE OF THE ABOVE
DESCRIBED SECTION 38; THENCE WESTERLY ALONG SAID SOUTHERLY LINE, NORTH 89-09'08" WEST,
1327.24 FEET (RECORD: NORTH 89°36'33" WEST, 1327.35 FEET, MAP 7336) TO THE ABOVE DESCRIBED
COMMON SECTION CORNER, AND THE POINT OF BEGINNING.

EXCEPTING ALL THAT PORTION OF RANCHO DEl ORO ROAD, BEING DESCRIBED AS FOLLOWS:

BEGINNING AT THE SECTION CORNER COMMON TO SECTIONS 28, 29, 23 AND 33, TOWNSHIP 11 SOUTH,
RANGE 4 WEST, SAN BERNARDINO MERIDIAN;
THENCE EASTERLY ALONG THE COMMON SINE TO SECTIONS 28 AND 33, SOUTH 89°09'08" EAST, 782.57
FEET (RECORD: SOUTH 89°36'33" EAST, MAP 7336) TO AN INTERSECTION WITH A NON-TANGENT 1050.00
FOOT RADIUS, CONCAVE SOUTHEASTERLY, HAVING A RADIAL BEARING TO SAID POINT OF NORTH
69°22'11" WEST, BEING THE WESTERLY SIDELINE OF RANCHO DEL ORO ROAD, ALSO BEING THE TRUE
POINT OF BEGINNING; THENCE NORTHEASTERLY ALONG THE ARC OF SAID CURVE, THROUGH A
CENTRAL ANGLE OF 15°12'52", A DISTANCE OF 278.82 FEET; THENCE TANGENT TO SAID CURVE NORTH
35°50'41" EAST, 174.52 FEET, TO AN INTERSECTION WITH THE SOUTHERLY LINE OF THE ABOVE
DESCRIBED PARCEL D OF SAID PARCEL MAP 12334; THENCE EASTERLY ALONG SAID SOUTHERLY LINE,
SOUTH 89°09'39" EAST, 120.33, TO AN INTERSECTION WITH A NON-TANGENT 1450.00 FOOT RADIUS CURVE,
CONCAVE NORTHWESTERLY; HAVING A RADIAL BEARING TO SAID POINT OF SOUTH 56°42'27" EAST,
THENCE SOUTHWESTERLY ALONG THE ARC OF SAID CURVE, THROUGH A CENTRAL ANGLE OF 2°33'08", A
DISTANCE OF 64.59 FEET; THENCE TANGENT TO SAID CURVE, SOUTH 35°50'41" WEST, 178.98 FEET, TO THE
BEGINNING OF A TANGENT 950.00 FOOT RADIUS CURVE, CONCAVE; THENCE SOUTHWESTERLY ALONG
THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 13°01'47", A DISTANCE OF 216.04 FEET, TO AN
INTERSECTION WITH THE ABOVE DESCRIBED SECTION LINE COMMON TO BOTH SECTIONS 28 AND 33;

PRELIMINARY REPORT
Your Reference: 16-7209-CG

Fidelity National Title Company
Order No.: 996-23079044-A-KC1

## EXHIBIT A
### (Continued)

THENCE WESTERLY ALONG SAID COMMON LINE, NORTH 89°09'08" WEST, 107.01 FEET, TO THE TRUE POINT OF BEGINNING.

ALSO EXCEPTING THEREFROM LOT 1 OF VISTA DEL ORO, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 13018, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, FEBRUARY 26, 1992

APN: 165-362-02-00

Exhibit 6

**RECORDING REQUESTED BY**

David G Epstein

AND WHEN RECORDED MAIL TO

Name    David G Epstein
Street    PO Box 4858
Address Laguna Beach, CA 92652

City &
State
Zip

Title Order No              Escrow No

Assessors Parcel Number 165-362-02-00

DOC# 2019-0527198

Nov 14, 2019  12:10 PM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $187.00   (SB2 Atkins: $150.00)
PCOR: N/A
PAGES: 2

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE

The undersigned, Wenqiang Bian, as President of Jojospring Co , Ltd ,

present Beneficiary, as owner and holder of the Note Secured by Deed of Trust dated October 27, 2016
made by Quality Investors 1 2016, LLC

as Trustor, to Chicago Title Co
as original Trustee, for Jojospring Co , Ltd

as Beneficiary, which Deed of Trust was recorded October 31, 2016  , as Instrument Number 2016-0588991         in
book       , page        , Official Records of San Diego           County, California, hereby appoints and Substitutes
David G Epstein

as Trustee in lieu of the Trustee therein
As such duly appointed and substituted Trustee,
David G Epstein

accepts said appointment as Trustee under the above Deed of Trust, and as successor Trustee, and pursuant to the request of
said owner and holder and in accordance with the provisions of said Deed of Trust, does hereby RECONVEY WITHOUT
WARRANTY, TO THE PERSON OR PERSONS LEGALLY ENTITLED THERETO, ALL the estate, title and interest
now held by said trustee under said Deed of Trust  Wherever the text of this document so requires, the singular includes the
plural

IN WITNESS WHEREOF, the owner and holder above named, and
David G Epstein

as successor Trustee, has caused this instrument to be executed, each in its respective interest

DATE October 2, 2019
Beneficiary

Wenqiang Bian, as President, Jojospring Co , Ltd

DATE October  1, 2019
Successor Trustee

David G  Epstein

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF _ORANGE_

On _OCT. 1, 2019_ before me,

_MEHDI ZAHEDI_
(here insert name and title of the officer)

,notary public, personally appeared

_— DAVID G. EPSTEIN —_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _Mehdi Zahedi_

MEHDI ZAHEDI
COMM...2135028
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. December 23, 2019

(This area for official notarial seal)

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF _San Diego_

On _October 8, 2019_ before me,

_Brenda Arriaga_
(here insert name and title of the officer)

,notary public, personally appeared _Wengiang Ban_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _Brenda A_



BRENDA ARRIAGA
COMM. #2279121
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
My Commission Expires 02/28/2023

(This area for official notarial seal)

Exhibit 7

**RECORDING REQUESTED BY:**
The David Epstein Law Firm
P.O. Box 4858
Laguna Beach, CA 92652

**AND WHEN RECORDED MAIL TO:**
JOJOSPRING COMPANY
28842 WESTPORT WAY
LAGUNA NIGUEL, CA 92677

DOC# 2023-0096288

Apr 13, 2023  09:17 AM
OFFICIAL RECORDS
JORDAN Z. MARKS,
SAN DIEGO COUNTY RECORDER
FEES: $190.00  (SB2 Atkins: $150.00)
PCOR: N/A
PAGES: 4

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this 27th Day of October, 2016, between Quality Investors 1 2016, LLC, herein called Trustor,, whose address is PO Box 4858 Laguna Beach, CA 92652, and Jojospring Co., Ltd., herein called Beneficiary, and to Chicago Title Co, in trust, as Trustee

Witnessed: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE Chicago Title Co. IN TRUST, WITH POWER OF SALE, that property in ~~Riverside~~ San Diego County, California, described as:

See Exhibit A attached hereto and made a part hereof for the complete legal description

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the pro-visions incorporated herein by reference to collect and apply such rents, issues and profits.
For the Purpose of Securing:

1. Performance of each agreement of Trustor incorporated by reference or contained herein.

2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of One Million Eight Hundred Thousand Dollars ($1,800,000), executed by Trustor in favor of Beneficiary.

3. Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust and the rate secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded 1964, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

San Diego SERIES 5 149774

(which provisions, identical in all counties, are printed below) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and par-ties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

David G. Epstein, Manager    / 2016, LLC

Quality Investons 2016, LLC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF ORANGE                    } S.S.

On OCT. 31, 2016 ____, before me, MEHDI ZAHEDI, NOTARY PUBLIC _____

personally appeared David G. Epstein who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ Mehdi Jahedi _____ (Seal)

MEHDI ZAHEDI
Comm. #2135028
Notary Public - California
Orange County
Comm. Expires Dec 23, 2019

PRELIMINARY REPORT
Your Reference: 16-7209-CG

Fidelity National Title Company
Order No.: 996-23079044-A-KC1

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF OCEANSIDE, IN THE COUNTY OF
SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

THAT PORTION OF SECTIONS 28 AND 29, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO
MERIDIAN, BEING WITHIN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA,
BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE SECTION CORNER COMMON TO SECTIONS 28, 29, 32 AND 33, TOWNSHIP 11 SOUTH,
RANGE 4 WEST, SAN BERNARDINO MERIDIAN;

THENCE ALONG THE LINE COMMON TO SAID SECTIONS 29 AND 32, NORTH 88-57'07" WEST, 165.16 FEET
(RECORD: NORTH 89°29'23" WEST, 165.18 FEET, MAP 56971), TO THE SOUTHEAST CORNER OF EL CAMINO
ESTATES, MAP 5697, RECORDED FEBRUARY 16, 1966; THENCE NORTHERLY ALONG THE EASTERLY
BOUNDARY OF SAID EL CAMINO ESTATES, NORTH 8°37'15" EAST, 481.10 FEET (RECORD: NORTH 8°00'50"
EAST, 481.06 FEET, MAP 5697); THENCE NORTH 5°02'30" WEST, 12.45 FEET (RECORD: NORTH 5°31'28" WEST,
MAP 5697), TO A POINT OF INTERSECTION WITH A LINE, LYING 100.00 FEET NORTHERLY AND PARALLEL
WITH THE SOUTHERLY LINE OF PARCEL D OF PARCEL MAP 12334, RECORDED: SEPTEMBER 23, 1984;
THENCE EASTERLY ALONG SAID PARALLEL LINE, SOUTH 89°09'39" EAST, 325.99 FEET; THENCE SOUTH
44°09'39" EAST, 141.42 FEET, TO THE SOUTHEASTERLY CORNER OF LOT 9 OF ROBINHOOD DEL ORO
VILLAGE "A", MAP 11758, RECORDED APRIL 8, 1987;
ALSO BEING ALONG THE SOUTHERLY LINE OF SAID PARCEL D; THENCE EASTERLY ALONG SAID
SOUTHERLY LINE, SOUTH 89°09'39" EAST, 1133'22.62 FEET, TO AN INTERSECTION WITH THE WESTERLY
LINE OF COSTA SERENA UNIT NO. 6, ACCORDING TO MAP THEREOF NO. 7336, RECORDED JUNE 29, 1972;
THENCE SOUTHERLY ALONG THE WESTERLY BOUNDARY OF SAID COSTA SERENA UNIT NO. 6, SOUTH
22°29'44" WEST, 193.29 FEET (RECORD SOUTH 22°03'13" WEST,. MAP 7336); THENCE SOUTH 0°41'19" WEST,
75.09 FEET (RECORD: SOUTH 0°23'27" WEST, 75.00 FEET, MAP 7336); THENCE NORTH 89°09'08" WEST, 48.92
FEET (RECORD: NORTH 89°36'33" WEST, 49.00 FEET, MAP 7336); THENCE SOUTH 0°50'52" WEST, 135.11 FEET
(RECORD: SOUTH 0°23'27" WEST, 135.00 FEET, MAP 7336), TO THE SOUTHERLY LINE OF THE ABOVE
DESCRIBED SECTION 38; THENCE WESTERLY ALONG SAID SOUTHERLY LINE, NORTH 89-09'08" WEST,
1327.24 FEET (RECORD: NORTH 89°36'33" WEST, 1327.35 FEET, MAP 7336) TO THE ABOVE DESCRIBED
COMMON SECTION CORNER, AND THE POINT OF BEGINNING.

EXCEPTING ALL THAT PORTION OF RANCHO DE! ORO ROAD, BEING DESCRIBED AS FOLLOWS:

BEGINNING AT THE SECTION CORNER COMMON TO SECTIONS 28, 29, 23 AND 33, TOWNSHIP 11 SOUTH,
RANGE 4 WEST, SAN BERNARDINO MERIDIAN;
THENCE EASTERLY ALONG THE COMMON SINE TO SECTIONS 28 AND 33, SOUTH 89°09'08" EAST, 782.57
FEET (RECORD: SOUTH 89°36'33" EAST, MAP 7336) TO AN INTERSECTION WITH A NON-TANGENT 1050.00
FOOT RADIUS, CONCAVE SOUTHEASTERLY, HAVING A RADIAL BEARING TO SAID POINT OF NORTH
69°22'11" WEST, BEING THE WESTERLY SIDELINE OF RANCHO DEL ORO ROAD, ALSO BEING THE TRUE
POINT OF BEGINNING; THENCE NORTHEASTERLY ALONG THE ARC OF SAID CURVE, THROUGH A
CENTRAL ANGLE OF 15°12'52", A DISTANCE OF 278.82 FEET; THENCE TANGENT TO SAID CURVE NORTH
35°50'41" EAST, 174.52 FEET, TO AN INTERSECTION WITH THE SOUTHERLY LINE OF THE ABOVE
DESCRIBED PARCEL D OF SAID PARCEL MAP 12334; THENCE EASTERLY ALONG SAID SOUTHERLY LINE,
SOUTH 89°09'39" EAST, 120.33, TO AN INTERSECTION WITH A NON-TANGENT 1450.00 FOOT RADIUS CURVE,
CONCAVE NORTHWESTERLY; HAVING A RADIAL BEARING TO SAID POINT OF SOUTH 56°42'27" EAST,
THENCE SOUTHWESTERLY ALONG THE ARC OF SAID CURVE, THROUGH A CENTRAL ANGLE OF 2°33'08", A
DISTANCE OF 64.59 FEET; THENCE TANGENT TO SAID CURVE, SOUTH 35°50'41" WEST, 178.98 FEET, TO THE
BEGINNING OF A TANGENT 950.00 FOOT RADIUS CURVE, CONCAVE; THENCE SOUTHWESTERLY ALONG
THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 13°01'47", A DISTANCE OF 216.04 FEET, TO AN
INTERSECTION WITH THE ABOVE DESCRIBED SECTION LINE COMMON TO BOTH SECTIONS 28 AND 33;

PRELIMINARY REPORT
Your Reference: 16-7209-CG

Fidelity National Title Company
Order No.: 996-23079044-A-KC1

## EXHIBIT A
### (Continued)

THENCE WESTERLY ALONG SAID COMMON LINE, NORTH 89°09'08" WEST, 107.01 FEET, TO THE TRUE POINT OF BEGINNING.

ALSO EXCEPTING THEREFROM LOT 1 OF VISTA DEL ORO, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 13018, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, FEBRUARY 26, 1992

APN: 165-362-02-00

Exhibit 8

DOC# 2017-0567394

Dec 06, 2017  12:04 PM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES:   $42.00
PCOR: N/A
PAGES: 4

**RECORDING REQUESTED BY**

Futura Escrow, Inc.
2223 Avenida de la Playa, Ste 212
La Jolla, CA 92037

**AND WHEN RECORDED MAIL TO**

Wayne Bian
Jojospring Company Ltd
38842 Westport Way
Laguna Niguel, CA 92677

## DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this 17th day of October, 2017, between Rancho Vista Homes 2018 LLC,
herein called Trustor, whose address is 213 Park Avenue, Laguna Beach, CA 92651, and Wen-
qiang Bian, herein called Beneficiary, *First American Title Company, Trustee;*

Witnesseth:  That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE
FIRST AMERICAN TITLE COMPANY, IN TRUST, WITH POWER OF SALE, that property in
San Diego County, California, described as:

See Exhibit A attached hereto.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right,
power and authority given to and conferred upon Beneficiary by paragraph (10) of the provi-
sions incorporated herein by reference to collect and apply such rents, issues and profits.

For the Purpose of Securing:

1. Performance of each agreement of Trustor incorporated by reference or contained herein.

2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and
any extension or renewal thereof, in the principal sum of Two Million Eight Hundred Thousand
Dollars ($2,800,000), executed by Trustor in favor of Beneficiary.

3. Payment of such further sums as the then record owner of said property may borrow from
Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of
this Deed of Trust and the rate secured hereby, that provisions (1) to (14), inclusive, of the ficti-
tious deed of trust recorded October 23, 1961, in the book and at the page of Official Records in
the office of the county recorder of the county where said property is located, noted below op-
posite the name of such county, viz.:

San Diego Series 5   Book 164   Page 149774

hereby are adopted and incorporated herein and made a part hereof as fully as though set forth
herein at length; that it will observe and perform said provisions; and that the references to
property, obligations, and parties in said provisions shall be construed to refer to the property,
obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale
hereunder be mailed to him at his address hereinbefore set forth.

David G. Epstein, Manager
Rancho Vista Homes 2018, LLC

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF OCEANSIDE, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL A:

PARCEL 3 OF PARCEL MAP NO. 18668, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY APRIL 2, 2001 AS INSTRUMENT NO. 2001-0195187, OFFICIAL RECORDS.

PARCEL B:

AN EASEMENT AND RIGHT-OF-WAY FOR PRIVATE ACCESS ROAD PURPOSES OVER, ALONG AND ACROSS A STRIP OF LAND 18.00 WIDE, LYING WITHIN THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 17, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO UNITED STATES GOVERNMENT SURVEY, THE CENTERLINE OF SAID 18.00 FOOT STRIP BEING DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON COURSE (5) DESCRIBED IN PARCEL 1 (28079-1) OF FINAL ORDER OF CONDEMNATION RECORDED NOVEMBER 25, 1997 AS FILE NO. 1997-0597163 OF OFFICIAL RECORDS, DISTANT NORTH 53°12'41" EAST 236.88 FEET FROM THE SOUTHWESTERLY TERMINUS OF SAID COURSE (5);

THENCE (1) LEAVING SAID COURSE (5) NORTH 61°57'43" WEST 32.14 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHERLY HAVING A RADIUS OF 100.00 FEET;

THENCE (2) NORTHWESTERLY, WESTERLY AND SOUTHWESTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 44°28'32" AN ARC LENGTH OF 77.62 FEET;

THENCE (3) TANGENT TO SAID CURVE SOUTH 73°33'45" WEST 353.68 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE NORTHWESTERLY HAVING A RADIUS OF 50.00 FEET;

THENCE (4) SOUTHWESTERLY, WESTERLY AND NORTHWESTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 88°05'23" AN ARC LENGTH OF 76.87 FEET;

THENCE (5) TANGENT TO LAST SAID CURVE NORTH 18°20'52" WEST 40.64 FEET TO THE TERMINUS OF THE DESCRIBED CENTERLINE.

THE SIDELINE SHALL BE PROLONGED OR SHORTENED SO AS TO TERMINATE SOUTHEASTERLY AT SAID COURSE (5) DESCRIBED IN PARCEL 1 (28079-1) OF THAT CERTAIN FINAL ORDER OF CONDEMNATION RECORDED NOVEMBER 25, 1997 AS INSTRUMENT NO. 97-0597163, OFFICIAL RECORDS, HEREIN ABOVE AND NORTHERLY AT A LINE DRAWN AT RIGHT ANGLES THROUGH THE SAID TERMINUS OF THE ABOVE DESCRIBED CENTERLINE.

APN(s): 160-020-55-00

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of **California** )

County of **Orange** )

On _Oct. 26, 2017_ before me **Mehdi Zahedi,** notary public Personally appeared _____
_____ — DAVID G. EPSTEIN — _____

who proved to me on the basis of satisfactory evidence to be the person whose name(s) is/are sub-scribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by he/she/they signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _~Mehdi Zahedi~_

Mehdi Zahedi, notary public

> MEHDI ZAHEDI
> COMM...2135028
> NOTARY PUBLIC-CALIFORNIA
> ORANGE COUNTY
> My Term Exp. December 23, 2019

Notary Seal

_____ OPTIONAL _____

Though the information below is not required by law, it may prove valuable to person(s) relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

Title or type of Document: _Deed of trust and assignment of Rent_
_1st., San Diego Series 5, Book 164, pg 149774_

Document Date _Oct. 26, 2017_  Number of pages: _3 pgs_  (including this page)

Exhibit 9

X
3P

**RECORDING REQUESTED BY**
David G Epstein

AND WHEN RECORDED MAIL TO:

Name    The David Epstein Law Firm
Street   PO Box 4858
Address  Laguna Beach, CA 92652-4858

City &
State
Zip

Title Order No.              Escrow No.

Assessors Parcel Number: 160-020-5500

DOC#  2019-0465436

Oct 16, 2019  11:27 AM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $190.00  (SB2 Atkins: $150.00)
PCOR: N/A
PAGES: 3

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE

The undersigned, Wenqiang Bian

present Beneficiary, as owner and holder of the Note Secured by Deed of Trust dated October 17, 2017,
made by Rancho Vista Homes 2018 LLC

as Trustor, to First American Title Company
as original Trustee, for Wenqiang Bian

as Beneficiary, which Deed of Trust was recorded Dec. 6, 2017        , as Instrument Number 2017-0567394       in
book        , page        , Official Records of San Diego        County, California, hereby appoints and Substitutes
David G. Epstein

as Trustee in lieu of the Trustee therein.
As such duly appointed and substituted Trustee,
David G. Epstein

accepts said appointment as Trustee under the above Deed of Trust, and as successor Trustee, and pursuant to the request of
said owner and holder and in accordance with the provisions of said Deed of Trust, does hereby RECONVEY WITHOUT
WARRANTY, TO THE PERSON OR PERSONS LEGALLY ENTITLED THERETO, ALL the estate, title and interest
now held by said trustee under said Deed of Trust. Wherever the text of this document so requires, the singular includes the
plural.

IN WITNESS WHEREOF, the owner and holder above named, and
David G. Epstein

as successor Trustee, has caused this instrument to be executed, each in its respective interest.

DATE: October 2, 2019                    DATE: October 1, 2019
Beneficiary                               Successor Trustee

Wenqiang Bian                             David G. Epstein      Oct. 15, 2019

                                          David G. Epstein

① See attached acknowledgement dated OCT. 15, 2019

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not
the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA ORANGE
COUNTY    OF

On OCT. 1, 2019 _____ before me,

MEHDI ZAHEDI
(here insert name and title of the officer)

, notary public, personally appeared

— DAVID G. EPSTEIN

who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

10/15/19

(MZ)

MEHDI ZAHEDI
COMM...2135028
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. December 23, 2019

(This area for official notarial seal)

---

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not
the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA San Diego
COUNTY    OF

On October 8, 2019 _____ before me,

Brenda Arriaga
(here insert name and title of the officer)

, notary public, personally appeared Wenqiang Bian

who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

BRENDA ARRIAGA
COMM. #2279121
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
My Commission Expires 02/28/2023

(This area for official notarial seal)

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity
> of the individual who signed the document to which this certificate is attached, and
> not the truthfulness, accuracy, or validity of that document.

State of **California** )

County of **Orange** )

On _OCT. 15, 2019_ before me **Mehdi Zahedi,** notary public Personally appeared _____

—DAVID GEORGE EPSTEIN—

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/
her/their authorized capacity(ies), and that by he/she/they signature(s) on the instrument the person(s),
or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

_Mehdi Zahedi, notary public_

MEHDI ZAHEDI
COMM...2135028
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. December 23, 2019

_Notary Seal_

## _____ OPTIONAL _____

Though the information below is not required by law, it may prove valuable to person(s) relying on the document and could prevent
fraudulent removal and reattachment of this form to another document.

Title or type of Document: , _Substitution of trustee and full_

_reconveyance, APN: 160-020-5500_

Document Date _OCT. 15, 2019_      Number of pages: _2 pgs_ (including this page)

Exhibit 10

RECORDING REQUESTED BY:

David G. Epstein

WHEN RECORDED MAIL TO:

Wenqiang Bian
28842 Westport Way
Laguna Niguel, CA 92677-4665

ORDER NO.

ESCROW NO.

DOC# 2023-0096135

Apr 13, 2023  08:58 AM
OFFICIAL RECORDS
JORDAN Z. MARKS,
SAN DIEGO COUNTY RECORDER
FEES: $187.00  (SB2 Atkins: $150.00)
PCOR: N/A
PAGES: 3

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 160-020-55-00

**This Deed of Trust**, made this October 2, 2019 ____, between Rancho Vista Homes 2018 LLC ____

herein called **TRUSTOR**, whose address is 213 Park Avenue, Laguna Beach, CA 92651 ____,

Chicago Title Company ____, a California Corporation, herein called **TRUSTEE**, and

Wenqiang Bian, as Trustee of the Bian Liao Living Trust Dated May 7, 2010 ____ herein called **BENEFICIARY**.

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE.** that property in San Diego ____ County, California, described as:

**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**

TOGETHER WITH the rents, issues and profits thereof. SUBJECT. HOWEVER. to the right. power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith. and any extension or renewal thereof, in the principal sum of $ 2,800,000 ____ executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary. when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby. that provisions (1) to (14). inclusive. of the fictitious deed of trust recorded under date. in the book and at the page of Official Records in the office of the county recorder of the county where said property is located. noted below opposite the name of such county. viz:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2, Book 1961, Page 183887 | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

## SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X _____ _oct 1, 2019_

Signature of Trustor

David G Epstein, as Manager, Rancho Vista Homes 2018, LLC
**Print Name of Trustor**

X _____

Signature of Trustor

_____
**Print Name of Trustor**

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

DATE:

STATE OF CALIFORNIA

COUNTY OF _ORANGE_

On _OCT. 1, 2019_ before me, _MEHDI ZAHEDI_ , a Notary
Public, personally appeared
— _DAVID G. EPSTEIN_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

(Seal)

MEHDI ZAHEDI
COMM...2135028
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. December 23, 2019

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

EXHIBIT A

LEGAL DESCRIPTION

PARCEL A:

PARCEL 3 OF PARCEL MAP NO. 18668, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF
CALIFORNIA, ACCORDING TO MAP THEREOF, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN
DIEGO COUNTY APRIL 02, 2001.

PARCEL B:

AN EASEMENT AND RIGHT-OF-WAY FOR PRIVATE ACCESS ROAD PURPOSES OVER, ALONG AND ACROSS A
STRIP OF LAND 18.00 FEET WIDE, LYING WITHIN THE EAST HALF OF THE NORTHWEST QUARTER OF
SECTION 17, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN, IN THE CITY OF
OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO UNITED STATES
GOVERNMENT SURVEY, THE CENTERLINE OF SAID 18.00 FOOT STRIP BEING DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON COURSE (5) DESCRIBED IN PARCEL 1 (28079-1) OF FINAL ORDER OF
CONDEMNATION RECORDED NOVEMBER 25, 1997 AS INSTRUMENT NO. 1997-0597163 OFFICIAL RECORDS,
DISTANT NORTH 53°12'41" EAST 236.88 FEET FROM THE SOUTHWESTERLY TERMINUS OF SAID COURSE
(5);

THENCE (1) LEAVING SAID COURSE (5) NORTH 61°57'43" WEST 32.14 FEET TO THE BEGINNING OF A
TANGENT CURVE CONCAVE SOUTHERLY HAVING A RADIUS OF 100.00 FEET;

THENCE (2) NORTHWESTERLY, WESTERLY AND SOUTHWESTERLY ALONG THE ARC OF SAID CURVE
THROUGH A CENTRAL ANGLE OF 44°28'32" AN ARC LENGTH OF 77.62 FEET;

THENCE (3) TANGENT TO SAID CURVE SOUTH 73°33'45" WEST 353.68 FEET TO THE BEGINNING OF A
TANGENT CURVE CONCAVE NORTHWESTERLY HAVING A RADIUS OF 50.00 FEET;

THENCE (4) SOUTHWESTERLY, WESTERLY AND NORTHWESTERLY ALONG THE ARC OF SAID CURVE
THROUGH A CENTRAL ANGLE OF 88°05'23" AN ARC LENGTH OF 76.87 FEET;

THENCE (5) TANGENT TO LAST SAID CURVE NORTH 18°20'52" WEST 40.64 FEET TO THE TERMINUS OF THE
DESCRIBED CENTERLINE.

THE SIDELINE SHALL BE PROLONGED OR SHORTENED SO AS TO TERMINATE SOUTHEASTERLY AT SAID
COURSE (5) DESCRIBED IN PARCEL 1 (28079-1) OF THAT CERTAIN FINAL ORDER OF CONDEMNATION
RECORDED NOVEMBER 25, 1997 AS INSTRUMENT NO. 1997-0597163 OFFICIAL RECORDS, HEREIN ABOVE
AND NORTHERLY AT A LINE DRAWN AT RIGHT ANGLES THROUGH THE SAID TERMINUS OF THE ABOVE
DESCRIBED CENTERLINE.

Exhibit 11

DOC# 2023-0096910

Apr 13, 2023  11:43 AM
OFFICIAL RECORDS
JORDAN Z. MARKS,
SAN DIEGO COUNTY RECORDER
FEES: $190.00  (SB2 Atkins: $150.00)
PCOR: N/A
PAGES: 4

**RECORDING REQUESTED BY**

David G. Epstein
℅ The David Epstein Law Firm
PO Box 4858
Laguna Beach CA 92652

**AND WHEN RECORDED MAIL TO**

Ray LaTreill
PO Box 8342
Newport Beach, CA 92658

## DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this 17th day of October, 2017, between Rancho Vista Homes 2018 LLC, herein called Trustor, whose address is 213 Park Avenue, Laguna Beach, CA 92651, and Wen-qiang Bian, herein called Beneficiary,

Witnesseth: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE FIRST AMERICAN TITLE COMPANY, IN TRUST, WITH POWER OF SALE, that property in San Diego County, California, described as:

See Exhibit A attached hereto.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

For the Purpose of Securing:

1. Performance of each agreement of Trustor incorporated by reference or contained herein.

2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of Two Million Eight Hundred Fifty Thousand Dollars ($2,850,000), executed by Trustor in favor of Beneficiary.

3. Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust and the rate secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

San Diego Series 5   Book 164   Page 149774

hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that it will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Rancho Vista Homes 2018 LLC

David G. Epstein, Manager

# ACKNOWLEDGMENT

*A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.*

State of **California** )

County of **Orange** )

On _Oct. 26, 2017_ before me **Mehdi Zahedi,** notary public Personally appeared _____

_____ —DAVID G. EPSTEIN—

who proved to me on the basis of satisfactory evidence to be the person~~whose~~ name(s) is/~~are~~ sub-scribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(~~ies~~), and that by he/~~she/they~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(~~s~~) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Mehdi Zahedi_

*Mehdi Zahedi, notary public*

> **MEHDI ZAHEDI**
> COMM...2135028
> NOTARY PUBLIC-CALIFORNIA
> ORANGE COUNTY
> My Term Exp. December 23, 2019

*Notary Seal*

_____ **OPTIONAL** _____

Though the information below is not required by law, it may prove valuable to person(s) relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

Title or type of Document: _Deed of trust and assignment of Rent 1st., San Diego Series 5, Book 164, pg 149774_

Document Date _Oct. 26, 2017_ Number of pages: _3 pgs_ (including this page)

**EXHIBIT A**

**LEGAL DESCRIPTION**

PARCEL A:

PARCEL 3 OF PARCEL MAP NO. 18668, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY APRIL 02, 2001.

PARCEL B:

AN EASEMENT AND RIGHT-OF-WAY FOR PRIVATE ACCESS ROAD PURPOSES OVER, ALONG AND ACROSS A STRIP OF LAND 18.00 FEET WIDE, LYING WITHIN THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 17, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO UNITED STATES GOVERNMENT SURVEY, THE CENTERLINE OF SAID 18.00 FOOT STRIP BEING DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON COURSE (5) DESCRIBED IN PARCEL 1 (28079-1) OF FINAL ORDER OF CONDEMNATION RECORDED NOVEMBER 25, 1997 AS INSTRUMENT NO. 1997-0597163 OFFICIAL RECORDS, DISTANT NORTH 53°12'41" EAST 236.88 FEET FROM THE SOUTHWESTERLY TERMINUS OF SAID COURSE (5);

THENCE (1) LEAVING SAID COURSE (5) NORTH 61°57'43" WEST 32.14 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHERLY HAVING A RADIUS OF 100.00 FEET;

THENCE (2) NORTHWESTERLY, WESTERLY AND SOUTHWESTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 44°28'32" AN ARC LENGTH OF 77.62 FEET;

THENCE (3) TANGENT TO SAID CURVE SOUTH 73°33'45" WEST 353.68 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE NORTHWESTERLY HAVING A RADIUS OF 50.00 FEET;

THENCE (4) SOUTHWESTERLY, WESTERLY AND NORTHWESTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 88°05'23" AN ARC LENGTH OF 76.87 FEET;

THENCE (5) TANGENT TO LAST SAID CURVE NORTH 18°20'52" WEST 40.64 FEET TO THE TERMINUS OF THE DESCRIBED CENTERLINE.

THE SIDELINE SHALL BE PROLONGED OR SHORTENED SO AS TO TERMINATE SOUTHEASTERLY AT SAID COURSE (5) DESCRIBED IN PARCEL 1 (28079-1) OF THAT CERTAIN FINAL ORDER OF CONDEMNATION RECORDED NOVEMBER 25, 1997 AS INSTRUMENT NO. 1997-0597163 OFFICIAL RECORDS, HEREIN ABOVE AND NORTHERLY AT A LINE DRAWN AT RIGHT ANGLES THROUGH THE SAID TERMINUS OF THE ABOVE DESCRIBED CENTERLINE.

Exhibit 12

RECORDING REQUESTED BY:

David G. Epstein

WHEN RECORDED MAIL TO:

Wenqiang Bian
28842 Westport Way
Laguna Niguel, CA 92677-4665

ORDER NO.
ESCROW NO.

DOC# 2023-0094887

Apr 12, 2023  08:52 AM
OFFICIAL RECORDS
JORDAN Z. MARKS,
SAN DIEGO COUNTY RECORDER
FEES: $262.00  (SB2 Atkins: $225.00)
PCOR: N/A
PAGES: 3

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 149-160-32/33

**This Deed of Trust**, made this October 2, 2019 _____, between Corto II, LLC _____

herein called **TRUSTOR**, whose address is 213 Park Avenue, Laguna Beach, CA 92651 _____.

Chicago Title Company _____, a California Corporation, herein called **TRUSTEE**, and
Wenqiang Bian, as Trustee of the Bian Liao Living Trust Dated May 7, 2010 _____ herein called **BENEFICIARY**.

Witnesseth:  That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE**, that property in San Diego _____ County, California, described as:

**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $ 900,000——————— executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**  By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego  Series 2, Book 1961, Page 183987 | | | | | |

FOR SIGNATURE(S) SEE  SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

## SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X _____ _Oct 1, 2019_          David G Epstein, as Manager, Corto II, LLC
Signature of Trustor                              Print Name of Trustor


X _____                         _____
Signature of Trustor                              Print Name of Trustor


A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached and not the
truthfulness, accuracy, or validity of that document.


DATE:

STATE OF CALIFORNIA

COUNTY OF _ORANGE_

On _OCT. 1, 2019_ before me, _MEHDI ZAHEDI_ _____, a Notary
Public, personally appeared
_DAVID G. EPSTEIN_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

MEHDI ZAHEDI
COMM...2135028
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. December 23, 2019

(Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

Page 2 of 5

PRELIMINARY REPORT
Your Reference: 150195CG

Fidelity National Title Company
Order No.: 997-23064484-KM5

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF OCEANSIDE, IN THE COUNTY OF
SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

THAT PORTION OF THE SOUTHWEST QUARTER OF SECTION 19, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN
BERNARDINO MERIDIAN, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA,
ACCORDING TO OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWEST CORNER OF SAID SOUTHWEST QUARTER OF THE SOUTHWEST
QUARTER; THENCE SOUTH 89°59'20" EAST ALONG THE NORTHERLY LINE THEREOF 348.19 FEET TO THE
NORTHWEST CORNER OF A PARCEL OF LAND DESCRIBED IN DEED TO RAMON FOUSSAT, ET UX.,
RECORDED MARCH 06, 1947 IN BOOK 2360, PAGE 57 OF OFFICIAL RECORDS, AND THE TRUE POINT OF
BEGINNING;

THENCE CONTINUING ALONG SAID NORTHERLY LINE SOUTH 89°59'20" EAST 150.00 FEET TO THE
BARNWELL STREET, AS SAID STREET IS DESCRIBED IN DEED TO THE CITY OF OCEANSIDE, RECORDED
JANUARY 13, 1930 IN BOOK 1724, PAGE 274 OF DEEDS;

THENCE EASTERLY ALONG SAID CURVE AND SAID SOUTHERLY LINE 115.60 FEET THROUGH AN ANGLE
OF 10°57'00"; THENCE SOUTH 13°06'10" EAST 287.22 FEET;

THENCE NORTH 66°58'40" EAST 108.97 FEET TO A POINT IN THE NORTHERLY LINE OF THE LAND
DESCRIBED IN DEED TO LOUIS R. FOUSSAT, ET UX., RECORDED NOVEMBER 12, 1952
IN BOOK 4651, PAGE 530 OF OFFICIAL RECORDS;

THENCE ALONG SAID NORTHERLY LINE SOUTH 60°59'30" WEST 6.19 FEET TO THE MOST WESTERLY
CORNER OF SAID LAND; THENCE ALONG THE SOUTHWESTERLY LINE OF SAID LAND, SOUTH 29°00'30"
EAST 32.88 FEET TO THE MOST NORTHERLY CORNER OF A PARCEL OF LAND DESCRIBED IN DEED TO THE
COLUMBUS CLUB OF SAN LUIS REY, RECORDED JULY 24, 1958 IN BOOK 7180, PAGE 392 OF OFFICIAL
RECORDS;

THENCE SOUTH 60°59'30" WEST ALONG THE NORTHWESTERLY LINE OF SAID LAND TO AND ALONG THE
NORTHWESTERLY LINES OF PARCELS OF LAND DESCRIBED IN DEEDS TO BURNELL L. FOUSSAT, ET UX.,
RECORDED FEBRUARY 14, 1957 IN BOOK 6457, PAGE 260 OF OFFICIAL RECORDS, AND HUBERT FOUSSAT,
ET UX., RECORDED MAY 29, 1956 IN BOOK 6121, PAGE 174 OF OFFICIAL RECORDS, A TOTAL DISTANCE OF
488.66 FEET (RECORD 488.51 FEET) TO THE WESTERLY LINE OF LAND DESCRIBED IN DEED TO RAMON
FOUSSAT, ET UX., RECORDED MARCH 06, 1947, IN BOOK 2360, PAGE 57 OF OFFICIAL RECORDS ABOVE
MENTIONED;

THENCE ALONG SAID WESTERLY LINE AS FOLLOWS: NORTH 09°58'05" EAST 333.25 FEET (RECORD 333.48
FEET) TO AN ANGLE POINT THEREIN AND NORTH 20°39'50" WEST 201.67 FEET TO THE TRUE POINT OF
BEGINNING.

APN: 149-160-32-00; 149-160-33-00

CLTA Preliminary Report Form – Modified (11/17/06)

Electronically Filed by Superior Court of California, County of Orange, 10/17/2025 08:34:00 AM.
30-2024-01420067-CU-OR-NJC - ROA # 38 - DAVID H. YAMASAKI, Clerk of the Court By G. Galon, Deputy Clerk.
Case 8:25-bk-10917-TA Doc 106-14 Filed 10/23/25 Entered 10/23/25 12:08:19 Desc Page 76 of 194 Page ID
#:76

1

**THE DIULIO FIRM PC**
Kristopher P. Diulio (Bar No. 229399)
KDiulio@DiulioFirm.com
3200 Park Center Drive, Suite 210
Costa Mesa, California 92626
Telephone: 714-450-6830

2

3

4

5

**THE DAVID EPSTEIN LAW FIRM**
David G. Epstein (Bar No. 84356)
depsteinlaw@icloud.com
P.O. Box 4858
Laguna Beach, CA 92652
Telephone: 949-637-4048

6

7

8

Attorneys for Plaintiffs
MOUNTAIN VISTA HOLDINGS, LLC;
MURRIETA HOLDINGS 2012-12 LLC;
QUALITY INVESTORS 1 2016, LLC;
RANCHO VISTA HOMES 2018, LLC; and
COTO II, LLC

9

10

11

12

SUPERIOR COURT OF THE STATE OF CALIFORNIA

13

FOR THE COUNTY OF ORANGE

14

NORTH JUSTICE CENTER

15

16

17

MOUNTAIN VISTA HOLDINGS, LLC;
MURRIETA HOLDINGS 2012-12 LLC;
QUALITY INVESTORS 1 2016, LLC;
RANCHO VISTA HOMES 2018, LLC; and
COTO II, LLC,

18

                Plaintiffs,

19

vs.

20

21

22

CORPORATION SERVICE COMPANY, a
business entity unknown, aka CSC; JAMAL
DAWOOD, aka JIMMY DAWOOD; and
DOES 1-25 inclusive,

23

                Defendants.

Case No. 30-2024-01420067-CU-OR-NJC

Assigned for all purposes to:
Hon. Scott Steiner

**NOTICE OF MOTION AND MOTION FOR
LEAVE TO FILE SECOND AMENDED
COMPLAINT**

**Hearing**
Date: January 21, 2026
Time: 10:00 a.m.
Dept.: N18
Reservation No: 74683153

24

25

Action Filed:   August 16, 2024
Trial Date:    None Set

26

27

28

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2    PLEASE TAKE NOTICE that on January 21, 2026 at 10:00 a.m., or as soon thereafter as the

3    matter may be heard, in Department N18 of the Superior Court of California for the County of

4    Orange, North Justice Center, located at 1275 N. Berkeley Avenue, Fullerton, CA 92832, Plaintiffs

5    MOUNTAIN VISTA HOLDINGS, LLC; MURRIETA HOLDINGS 2012-12 LLC; QUALITY

6    INVESTORS 1 2016, LLC; RANCHO VISTA HOMES 2018, LLC; and COTOR II, LLC will and

7    hereby does move this Court for an order granting Plaintiffs leave to file their Second Amended

8    Complaint and that the proposed Second Amended Complaint submitted with this Motion be

9    deemed filed.

10    The Motion is made under California Code of Civil Procedure Section 473(a)(1) and Section

11    576. It is based on this Notice of Motion, the Memorandum of Points and Authorities, the proposed

12    Second Amended Complaint, the Declaration of Kristopher P. Diulio, the papers and pleadings on

13    file, and any other such evidence as may be presented at the time of the hearing.

14    Dated: October 17, 2025                    **THE DIULIO FIRM PC**

15

16

17    Kristopher P. Diulio

18    Attorneys for Plaintiffs
      MOUNTAIN VISTA HOLDINGS, LLC;
      MURRIETA HOLDINGS 2012-12 LLC; QUALITY
19    INVESTORS 1 2016, LLC; RANCHO VISTA
      HOMES 2018, LLC; and COTO II, LLC
20

21

22

23

24

25

26

27

28

1.

**PROPOSED AMENDMENTS**

Plaintiffs MOUNTAIN VISTA HOLDINGS, LLC; MURRIETA HOLDINGS 2012-12 LLC; QUALITY INVESTORS 1 2016, LLC; RANCHO VISTA HOMES 2018, LLC; and COTO II, LLC respectfully requests that the Court allow the following proposed amendments to be made to the proposed Second Amended Complaint, attached here as **Exhibit A** (the "SAC"):

1. Update Plaintiff's counsel information at caption page, line 1 to reflect Plaintiffs' associated counsel The Diulio Firm PC;

2. Update the Court name at line 14 to include "North Justice Center";

3. Correct the Case Number, which was missing a zero;

4. Update the full name of the assigned judicial officer

5. Correct the caption to reflect the correct name of Plaintiff "Murrieta Holdings, LLC" as "Murrieta Holdings 2012-12, LLC";

6. Update the caption to reflect *Second* Amended Complaint at caption page, line 19;

7. In the caption, list each of the eight causes of actions separately, no causes of action were added or removed;

8. Add to the caption a "DEMAND FOR JURY TRIAL";

9. List on the caption the date the original complaint was filed and that no trial is set;

10. In paragraph 2, at line 7, correct name of Plaintiff "Murrieta Holdings, LLC" as "Murrieta Holdings 2012-12, LLC";

11. In the "General Allegations" section, insert a new paragraphs 4, 5, and 6:

    a. DOE number 1 has been identified as WENQUIANG ("WAYNE") BIAN, individually and as Trustee of the Bian Liao Living Trust dated May 7, 2029 ("Bian"). Bian resides in the County of Orange, California.

    b. DOE number 2 has been identified as JOJOSPRING, a business entity unknown ("Jojospring"). Jojospring is controlled by Bian.

    c. DOE number 3 has been identified as WEIBO TECHNOLOGY (HK) LIMITED, a business entity unknown ("Weibo"). Weibo is based on China and is controlled by Bian. Collectively, Bian, Jojospring, and Weibo are the "Bian Defendants."

2.

12. Insert in the SAC a new section titled "THE RICO SHCEME", with new paragraphs 9-46:

    a.  Plaintiffs were introduced to the Bian Defendants in 2014, when the Bian Defendants purchased a note on land under development by Corto (the "Corto Note"). Plaintiffs reached out to Bian when they learned that he had purchased the Corto Note. Bian informed Plaintiffs that someone from his "team" would reach out to Plaintiffs to discuss the Corto Note.

    b.  As Bian promised, one of Bian's agents reached out to Plaintiffs. Bian's agent told Plaintiffs that he would sell the Corto Note back to Plaintiffs at a discount. Plaintiffs readily agreed to buy back the Corto Note at less than its face value.

    c.  Curiously, Bian's agent demanded that the transaction be in cash. That was highly unusual. Plaintiffs develop real estate projects and have experience with lenders and investors. Transactions are rarely in cash. Nonetheless, Plaintiffs agreed to repurchase the Corto Note on Bian's cash terms.

    d.  Plaintiffs met Bian's agents at Fidelity Title where they gave Bian's agents $45,000 in cash and a cashier's check for $80,000 in exchange for a reconveyance of the deed of trust securing the Corto Note.

    e.  Plaintiffs now understand that the cash transaction for the Corto Note was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

    f.  After the Corto Note transaction, Bian, through his agents, told Plaintiffs that he wanted to lend more money. Plaintiffs develop real estate projects and were in need for loan to further a project (the "44 Lots Project"), so Plaintiffs agreed. Bian loaned $800,000 initially, and then another $700,000.

    g.  As part of the loan, Bian and his agents required the borrower to pay cash back to Bian and his agents. Which Plaintiffs did in an amount exceeding $167,000.

    h.  Plaintiffs now understand that the requirements to make cash payments to Bian and his agents was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

3.

i. Later, Plaintiffs sold the 44 Lots Project. Plaintiffs offered to repay the loan, but Bian refused. Bian did not want to be repaid. Instead, Bian wanted Plaintiffs to keep the proceeds for use on other projects.

j. Plaintiffs now understand that Bian not wanting to be repaid and instead wanting the loan proceeds to be kept by Plaintiffs was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

k. Bian continued to send money to escrow for other deals. Even when there was no active project or need for the funds, Bian kept sending money to escrow. Some of this money was wired from accounts in China in the name of Weibo and Jojospring. The wires went directly to escrow, this obfuscating that the money was coming into the United States to or for the benefit of Bian.

l. Plaintiffs now understand that Bian sending money to Plaintiffs' escrow even when it was not solicited or needed was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

m. In 2015, Plaintiffs closed on the Murrieta property. With an active project, Bian wanted to loan further money. To do so, Bian wired $1.2 million from an account in China through Defendant Jojospring.

n. After the Murrieta loan, Bian and his agents asked to "borrow" back from Murrieta $200,000. Plaintiffs agreed and sent the money through escrow.

o. Plaintiffs now understand that Bian loaning money to Plaintiffs and then asking for a "loan" back to Bian in retuned was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

p. Bian continued to make loans on Plaintiffs' projects. In addition, Plaintiffs understand that Bian made loans to other borrowers not involving Plaintiffs. Plaintiffs understand that in several of those other loans, the borrowers never received the full loan proceeds.

q. Plaintiffs now understand that Bian purporting to loan money to other borrowers and then not giving the borrower the full loan proceeds was part of a scheme to launder

4.

money, obfuscate its source, and shield any income from tax authorities.

r.  On the loans made to Plaintiffs, Bian never sought repayment. Instead, Bian requested that he receive finished homes in lieu of repaying the loan.

s.  Plaintiffs now understand that Bian not wanting to be repaid loans and instead demanding houses was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

t.  All of the loans made by Bian to Plaintiffs bore an interest rate of 12%, in excess of Section 1 of Article XV of the California Constitution, which sets a limit of 10%. Although the usurious loans were sometimes secured by real estate, the loans were not arranged by a real estate broker acting for compensation and thus not subject to an exception. Civ. Code § 1916.1.

u.  The illegal usurious loans are further predicate RICO acts.

v.  In November 2022, Bian and Plaintiffs entered a formal agreement to repay Bian with finished homes from the various projects in lieu of using money to repay the loan.

w.  Plaintiffs now understand that Bian not wanting to be repaid loans and instead demanding houses was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

x.  In April 2023, Bian began to take steps to foreclose on several projects by recording forged or altered deeds. Bian did this even though Plaintiffs were not in breach of the November 2022 agreement to repay Bian with houses when they were completed.

y.  Defendant Jamal Nathan Dawood was found guilt in federal court on July 31, 2025 of six counts of wire fraud and nine counts of money laundering. He thus had the proven experience to assist Bian with his scheme.

z.  Bian conspired with Dawood, a twice convicted felon, to forge bogus deeds and illegally and improperly records them, as detailed in Paragraphs XXX. On information and belief, for his services, Bian paid Dawood $5,000 in cash.

aa. In exchange for cash, Dawood recorded forged deeds on behalf of Bian. The forged deeds impacted Rancho Vista, Vista Pacific, and Mountain Vista.  These deeds of

5.

1    trust were not copies of deeds of but rather forgeries Bian and Dawood created from

2    deeds of trust recorded on other unrelated properties.

3    bb. The Mountain Vista deed of trust recorded on April 12, 2023, for example, is an

4    altered copy of a deed of trust recorded nearly two years earlier on another project.

5    (*Compare* **Exhibit 13** *with* **Exhibit 1**.)  Working from the earlier deed of trust, Bian

6    swapped the original Nueva Vista Assessor's Parcel Numbers ("APNs") for the

7    Mountain Vista APNs.  He also replaced the description of the Nueva Vista property

8    in the earlier deed with a reference to "Exhibit 'A'" describing Mountain Vista.

9    cc. Bian thus created the appearance of a signed and notarized deed of trust for Mountain

10   Vista by altering a different signed and notarized deed of trust for Nueva Vista.  The

11   forgery is clear from a comparison of the notarization pages, excerpted below:

12   dd. **Exhibit 13** is newly added.

13

On ___8·24·2022___ ,before me,
Laurie Clack Notary Public _____ ,personally appeared
David G Epstein _____ ,who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that
the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

                                              Notary Public, State of California

[SEAL]

                                              Laurie Clack

**Exhibit 12** (the original, not forged Deed of Trust

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

> On ___8·24·2022___, before me,
> ___Laurie Clark Notary Public___, personally appeared
> ___David G. Epstein___, who proved to me on the basis of
> satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
> within instrument and acknowledged to me that he/she/they executed the same in
> his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
> instrument the person(s), or the entity upon behalf of which the person(s) acted,
> executed the instrument.
>
> I certify under PENALTY OF PERJURY under the laws of the State of California that
> the foregoing paragraph is true and correct.
>
> WITNESS my hand and official seal.
>
>                                         Notary Public, State of California
>
> [SEAL]

13

**Exhibit 1** (the forged Deed of Trust).

14

ee. If the Mountain Vista deed of trust had been separately signed and notarized, even by

15

the same notary on the same day, there would be some minor differences in the

16

position and shape of the notary's handwriting. But the two notarization pages are

17

plainly identical facsimiles. The same identity can be seen in the two signatures of

18

David Epstein. ( *Compare* **Exhibit 13** *with* **Exhibit 1**, at 2.) It is obvious that they

19

are not different signatures by the same person, but rather identical copies of a single

20

signature.

21

ff. Bian forged a deed of trust he recorded against Rancho Vista on April 13, 2023 in

22

similar fashion. Apparently using a separate deed of trust recorded against the

23

Murrieta property on April 14, 2023, Bian replaced the Murrieta APN

24

(9060603833/0414) and reference to Murietta Holdings 2012-012, LLC with the

25

Rancho Vista APN (160-020-55-00) and reference to Rancho Vista Homes 2018

26

LLC. (*Compare* **Exhibit 4** *with* **Exhibit 10**.)

27

gg. Comparison of the notarization pages again exposes the forgery. The hand-written

28

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

1    details of the two pages are utterly identical, proving that rather than there being two

2    separately signed and notarized deeds of trust, one is a copy of the other bearing a

3    forged signature and notarization, as shown in the following excerpts:

4



**Exhibit 4** at 2 (Murrieta deed of trust).



**Exhibit 10** at 2 (forged Rancho Vista deed of trust).

   hh. On April 14, 2023, Bian recorded an identical copy of a deed of trust on Vista Pacific

       that he had previously reconveyed years earlier.

   ii. In sum, in mid-April of 2023, Bian conspired with a convicted felon to record forged

       deeds of trust on Mountain Vista and Rancho Vista and a reconveyed deed of trust on

       Vista Pacific.

8.

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

jj. After Plaintiffs discovered the illegal forged deeds, Bian extorted Plaintiffs by refusing to remove the forged deeds unless Plaintiffs agreed to sign a new deed on Mountain Vista. Under duress, Plaintiffs' manager (a gentleman over eighty years old at the time) agreed. This replacement deed was procured by extortion.

kk. Bian's criminal conspiracy to record forged deeds was in furtherance of his effort to obtain title to the properties so he could sell them off to other investors. This was in furtherance of Bian's scheme to launder money, obfuscate its source, and shield any income from tax authorities.

ll. Bian's goal was to move assets from Jojospring and other sources in China to his family trust in the United States, with there being no clear trace of the money's sources.

13. Update the First Cause of Action, paragraph 6 (SAC ¶ 47) to reflect the paragraphs that are incorporated by reference;

14. Update the First Cause of Action, paragraph 10 (SAC ¶ 51) to identify the named Doe defendants;

15. Update the Second Cause of Action, paragraph 15 (SAC ¶ 54) to reflect the paragraphs that are incorporated by reference;

16. Update the Third Cause of Action, paragraph 24 (SAC ¶ 63) to reflect the paragraphs that are incorporated by reference;

17. Update the Fourth Cause of Action, paragraph 33 (SAC ¶ 72) to reflect the paragraphs that are incorporated by reference;

18. Update the Fifth Cause of Action, paragraph 42 (SAC ¶ 81) to reflect the paragraphs that are incorporated by reference;

19. Update the Sixth Cause of Action, page 16 line 12, to identify that it is alleged against the "Bian Defendants";

20. Update the Sixth Cause of Action, paragraph 51 (SAC ¶ 90) to reflect the paragraphs that are incorporated by reference;

21. Update the Seventh Cause of Action, page 16, line 23, to identify that it is alleged against the "Bian Defendants";

9.

22. Update the Seventh Cause of Action, paragraph 54 (SAC ¶ 93) to reflect the paragraphs that are incorporated by reference;

23. Update the Eighth Cause of Action, paragraph 57 (SAC ¶ 96) to reflect the paragraphs that are incorporated by reference;

24. Under the Eighth Casse of Action, for RICO, insert new paragraphs 98 through 108:

    a.   Defendants formed an enterprise and association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4) (the "Enterprise").

    b.   The Enterprise is an ongoing organization of Bian, Dawood, Jojospring, Weibo, and other Doe Defendants, associated for common and shared purposes, including: (a) conceiving and planning the extortionate scheme to extend usurious and illegal credit to Plaintiffs and other borrowers, (b) to the usurious and illegal loans by use of forgery and extortion, and (c) to use the usurious and illegal loans to obtain property in lieu of repayment, as well as the use of varies shell companies, in order to obfuscate the source of the initial funds and shield the proceeds from tax authorities, effectively engaging in money laundering.

    c.   Defendant Bian and Doe Defendants on behalf of the Enterprise, entered into the illegal and usurious loan with Plaintiffs.

    d.   All Defendants through the Enterprise engaged in and continue to engage in a pattern of racketeering activity comprised on the predicate acts of extending extortionate credit (18 U.S.C. § 892); willfully advancing money to another with reasonable grounds to believe that it is the intention of that person to use the money for the purpose of making extortionate extensions of credit  and wire fraud (18 U.S.C. § 893); knowingly using forgery and extortionate means to obtain real property from Plaintiffs (18 U.S.C. § 893); and extortion (18 U.S.C. § 1951).

    e.   The Enterprise engaged in or affected interstate commerce, including the transfer of internal funds from China to the United States. Further, Defendants made use of interstate wires and mail to transfer the proceeds and funding on the loan and to make threats.

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

       f.   Each extension of extortionate credit, forgery, extortion, use of cash and shell companies to launder proceeds, hide their source and origin, or hide the money from tax authorities, was in furtherance of the scheme and constitutes separate violations and predicate act.

       g.   Each Defendant in this action has engaged in two or more predicate acts as detailed above.

       h.   Each Defendant agreed to conduct, and did conduct or participate in, the Enterprise's affairs through a pattern of racketeering activity. Defendants intended their activity to obtain ill-gotten proceeds through extortionate loans and illegal means of collection. Defendants intended their activity to injure Plaintiffs in their property and financial interests.

       i.   The predicate acts described here are related because they were committed using the same or similar methods and conduct, targeted the same or similar victims, involved the same or similar participants, and were performed for the same or similar purposes. *See H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989). The predicate acts described here are continuous, occurring from 2014 until the present. That time period represents close-ended continuity. *Id.*

       j.   By executing the scheme described above, all Defendants have participated in the scheme.

       k.   Defendants' pattern of racketeering activity damaged Plaintiffs in an amount to be proven at trial for legal costs associated with Defendants' illegal loans, forgery, and extortionate means of collection associated with the Enterprises scheme of extortion.

25. Add title for section "PRAYER FOR RELIEF";

26. Add new request (1) in Prayer for Relief as follows:

       a.   Temporary and permanent injunction prohibiting Defendants from recording any of the forged deeds or any deed that has been reconveyed, and from further engaging in the RICO criminal conspiracy

27. Update signature block to reflect Plaintiffs' co-counsel, The Diulio Firm PC;

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

28. Insert "PLAINTIFF'S DEMAND FOR JURY TRIAL" as follows:

    a.   Plaintiffs demand a trial by jury as to all causes of action triable to a jury.

Dated: October 17, 2025               **THE DIULIO FIRM PC**

Kristopher P. Diulio

Attorneys for Plaintiffs
MOUNTAIN VISTA HOLDINGS, LLC;
MURRIETA HOLDINGS 2012-12 LLC; QUALITY
INVESTORS 1 2016, LLC; RANCHO VISTA
HOMES 2018, LLC; and COTO II, LLC

12.

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

1

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

2

## I.    INTRODUCTION

3      Plaintiffs MOUNTAIN VISTA HOLDINGS, LLC; MURRIETA HOLDINGS 2012-12 LLC;

4  QUALITY INVESTORS 1 2016, LLC; RANCHO VISTA HOMES 2018, LLC; and COTO II, LLC

5  ("Plaintiffs") were the victims of a RICO conspiracy were they were issues illegal and usurious

6  loans, and the lender Defendants engaged in shame transactions, forgery, and extortion in an attempt

7  to wrest property from the Plaintiffs—all in furtherance of Defendants' scheme to obfuscate the

8  source of fund coming into this country from China and shield thus funds from tax authorities and

9  other creditors. Plaintiffs respectfully requests that the Court allow the following proposed

10  amendments to be made to the proposed Second Amended Complaint, attached here as **Exhibit A**

11  (the "SAC").

12      Although the existing complaint alleges the same causes of action as alleged in the SAC, the

13  proposed amended complaint adds additional facts learned through discovery and investigation to

14  supplement the general claims already alleged, as well as includes the names of additional

15  defendants who have been added via Doe amendments.

16      These newly-discovered details make clear the extent of Defendants' wrongful actions and

17  individuals and entities that were involved. Moreover, this case is still at an early stage. No

18  Defendants have yet to appear, and no trial is set. Thus, there is no prejudice in permitting the

19  amendment.

20

## II.    STATEMENT OF FACTS

21  **A. Relevant Facts**

22      Plaintiffs filed their original complaint on August 16, 2024, and filed their first amended

23  complaint (the current operative complaint) on January 6, 2025. No Defendant has yet answered or

24  appeared.

25  **B. Proposed Amendments**

26      The proposed amendments fall into three categories: (1) non-substantive clerical corrections;

27  (2) the naming and identification of Defendants added via Doe amendments; (3) additional facts

28  bolstering the already-alleged claims, particularly in regards to RICO.

13.

In accordance with California Rules of Court, Rule 3.1324(a)(2)-(3), Plaintiffs proposes the following amendments to the First Amended Complaint:

A. Update Plaintiff's counsel information at caption page, line 1 to reflect Plaintiffs' associated counsel The Diulio Firm PC;

B. Update the Court name at line 14 to include "North Justice Center";

C. Correct the Case Number, which was missing a zero;

D. Update the full name of the assigned judicial officer

E. Correct the caption to reflect the correct name of Plaintiff "Murrieta Holdings, LLC" as "Murrieta Holdings 2012-12, LLC";

F. Update the caption to reflect *Second* Amended Complaint at caption page, line 19;

G. In the caption, list each of the eight causes of actions separately, no causes of action were added or removed;

H. Add to the caption a "DEMAND FOR JURY TRIAL";

I. List on the caption the date the original complaint was filed and that no trial is set;

J. In paragraph 2, at line 7, correct name of Plaintiff "Murrieta Holdings, LLC" as "Murrieta Holdings 2012-12, LLC";

K. In the "General Allegations" section, insert a new paragraphs 4, 5, and 6:

    a. DOE number 1 has been identified as WENQUIANG ("WAYNE") BIAN, individually and as Trustee of the Bian Liao Living Trust dated May 7, 2029 ("Bian"). Bian resides in the County of Orange, California.

    b. DOE number 2 has been identified as JOJOSPRING, a business entity unknown ("Jojospring"). Jojospring is controlled by Bian.

    c. DOE number 3 has been identified as WEIBO TECHNOLOGY (HK) LIMITED, a business entity unknown ("Weibo"). Weibo is based on China and is controlled by Bian. Collectively, Bian, Jojospring, and Weibo are the "Bian Defendants."

L. Insert in the SAC a new section titled "THE RICO SHCEME", with new paragraphs 9-46:

    d. Plaintiffs were introduced to the Bian Defendants in 2014, when the Bian Defendants purchased a note on land under development by Corto (the "Corto Note"). Plaintiffs

14.

---

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

1    reached out to Bian when they learned that he had purchased the Corto Note. Bian

2    informed Plaintiffs that someone from his "team" would reach out to Plaintiffs to

3    discuss the Corto Note.

4    e.   As Bian promised, one of Bian's agents reached out to Plaintiffs. Bian's agent told

5    Plaintiffs that he would sell the Corto Note back to Plaintiffs at a discount. Plaintiffs

6    readily agreed to buy back the Corto Note at less than its face value.

7    f.   Curiously, Bian's agent demanded that the transaction be in cash. That was highly

8    unusual. Plaintiffs develop real estate projects and have experience with lenders and

9    investors. Transactions are rarely in cash. Nonetheless, Plaintiffs agreed to repurchase

10    the Corto Note on Bian's cash terms.

11    g.   Plaintiffs met Bian's agents at Fidelity Title where they gave Bian's agents $45,000 in

12    cash and a cashier's check for $80,000 in exchange for a reconveyance of the deed of

13    trust securing the Corto Note.

14    h.   Plaintiffs now understand that the cash transaction for the Corto Note was part of a

15    scheme to launder money, obfuscate its source, and shield any income from tax

16    authorities.

17    i.   After the Corto Note transaction, Bian, through his agents, told Plaintiffs that he

18    wanted to lend more money. Plaintiffs develop real estate projects and were in need

19    for loan to further a project (the "44 Lots Project"), so Plaintiffs agreed. Bian loaned

20    $800,000 initially, and then another $700,000.

21    j.   As part of the loan, Bian and his agents required the borrower to pay cash back to

22    Bian and his agents. Which Plaintiffs did in an amount exceeding $167,000.

23    k.   Plaintiffs now understand that the requirements to make cash payments to Bian and

24    his agents was part of a scheme to launder money, obfuscate its source, and shield any

25    income from tax authorities.

26    l.   Later, Plaintiffs sold the 44 Lots Project. Plaintiffs offered to repay the loan, but Bian

27    refused. Bian did not want to be repaid. Instead, Bian wanted Plaintiffs to keep the

28    proceeds for use on other projects.

15.

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

m.  Plaintiffs now understand that Bian not wanting to be repaid and instead wanting the loan proceeds to be kept by Plaintiffs was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

n.  Bian continued to send money to escrow for other deals. Even when there was no active project or need for the funds, Bian kept sending money to escrow. Some of this money was wired from accounts in China in the name of Weibo and Jojospring. The wires went directly to escrow, this obfuscating that the money was coming into the United States to or for the benefit of Bian.

o.  Plaintiffs now understand that Bian sending money to Plaintiffs' escrow even when it was not solicited or needed was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

p.  In 2015, Plaintiffs closed on the Murrieta property. With an active project, Bian wanted to loan further money. To do so, Bian wired $1.2 million from an account in China through Defendant Jojospring.

q.  After the Murrieta loan, Bian and his agents asked to "borrow" back from Murrieta $200,000. Plaintiffs agreed and sent the money through escrow.

r.  Plaintiffs now understand that Bian loaning money to Plaintiffs and then asking for a "loan" back to Bian in retuned was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

s.  Bian continued to make loans on Plaintiffs' projects. In addition, Plaintiffs understand that Bian made loans to other borrowers not involving Plaintiffs. Plaintiffs understand that in several of those other loans, the borrowers never received the full loan proceeds.

t.  Plaintiffs now understand that Bian purporting to loan money to other borrowers and then not giving the borrower the full loan proceeds was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

u.  On the loans made to Plaintiffs, Bian never sought repayment. Instead, Bian requested that he receive finished homes in lieu of repaying the loan.

16.

v.  Plaintiffs now understand that Bian not wanting to be repaid loans and instead demanding houses was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

w.  All of the loans made by Bian to Plaintiffs bore an interest rate of 12%, in excess of Section 1 of Article XV of the California Constitution, which sets a limit of 10%. Although the usurious loans were sometimes secured by real estate, the loans were not arranged by a real estate broker acting for compensation and thus not subject to an exception. Civ. Code § 1916.1.

x.  The illegal usurious loans are further predicate RICO acts.

y.  In November 2022, Bian and Plaintiffs entered a formal agreement to repay Bian with finished homes from the various projects in lieu of using money to repay the loan.

z.  Plaintiffs now understand that Bian not wanting to be repaid loans and instead demanding houses was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

aa. In April 2023, Bian began to take steps to foreclose on several projects by recording forged or altered deeds. Bian did this even though Plaintiffs were not in breach of the November 2022 agreement to repay Bian with houses when they were completed.

bb. Defendant Jamal Nathan Dawood was found guilt in federal court on July 31, 2025 of six counts of wire fraud and nine counts of money laundering. He thus had the proven experience to assist Bian with his scheme.

cc. Bian conspired with Dawood, a twice convicted felon, to forge bogus deeds and illegally and improperly records them, as detailed in Paragraphs XXX. On information and belief, for his services, Bian paid Dawood $5,000 in cash.

dd. In exchange for cash, Dawood recorded forged deeds on behalf of Bian. The forged deeds impacted Rancho Vista, Vista Pacific, and Mountain Vista. These deeds of trust were not copies of deeds of but rather forgeries Bian and Dawood created from deeds of trust recorded on other unrelated properties.

ee. The Mountain Vista deed of trust recorded on April 12, 2023, for example, is an

17.

altered copy of a deed of trust recorded nearly two years earlier on another project.
(*Compare* **Exhibit 13** *with* **Exhibit 1**.)  Working from the earlier deed of trust, Bian
swapped the original Nueva Vista Assessor's Parcel Numbers ("APNs") for the
Mountain Vista APNs.  He also replaced the description of the Nueva Vista property
in the earlier deed with a reference to "Exhibit 'A'" describing Mountain Vista.

ff. Bian thus created the appearance of a signed and notarized deed of trust for Mountain
Vista by altering a different signed and notarized deed of trust for Nueva Vista.  The
forgery is clear from a comparison of the notarization pages, excerpted below:

On ___8·24·2022___,before me,
___Laurie Clack Notary Public___,personally appeared
___David G. Epstein___,who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that
the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public, State of California

[SEAL]

*Laurie Clack*

**Exhibit 12** (the original, not forged Deed of Trust

18.

On __8-24-2022__,before me,

__Laurie Clark Notary Public_____ ,personally appeared

__David G Epstein_____ ,who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public, State of California

[SEAL]

**Exhibit 1** (the forged Deed of Trust).

gg. If the Mountain Vista deed of trust had been separately signed and notarized, even by the same notary on the same day, there would be some minor differences in the position and shape of the notary's handwriting. But the two notarization pages are plainly identical facsimiles. The same identity can be seen in the two signatures of David Epstein. *Compare* **Exhibit 13** *with* **Exhibit 1**, at 2.) It is obvious that they are not different signatures by the same person, but rather identical copies of a single signature.

hh. Bian forged a deed of trust he recorded against Rancho Vista on April 13, 2023 in similar fashion. Apparently using a separate deed of trust recorded against the Murrieta property on April 14, 2023, Bian replaced the Murrieta APN (9060603833/0414) and reference to Murietta Holdings 2012-012, LLC with the Rancho Vista APN (160-020-55-00) and reference to Rancho Vista Homes 2018 LLC. (*Compare* **Exhibit 4** *with* **Exhibit 10**.)

ii. Comparison of the notarization pages again exposes the forgery. The hand-written details of the two pages are utterly identical, proving that rather than there being two separately signed and notarized deeds of trust, one is a copy of the other bearing a

19.

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

forged signature and notarization, as shown in the following excerpts:



**Exhibit 4** at 2 (Murrieta deed of trust).



**Exhibit 10** at 2 (forged Rancho Vista deed of trust).

    jj. On April 14, 2023, Bian recorded an identical copy of a deed of trust on Vista Pacific that he had previously reconveyed years earlier.

    kk. In sum, in mid-April of 2023, Bian conspired with a convicted felon to record forged deeds of trust on Mountain Vista and Rancho Vista and a reconveyed deed of trust on Vista Pacific.

    ll. After Plaintiffs discovered the illegal forged deeds, Bian extorted Plaintiffs by refusing to remove the forged deeds unless Plaintiffs agreed to sign a new deed on

20.

1    Mountain Vista. Under duress, Plaintiffs' manager (a gentleman over eighty years old

2    at the time) agreed. This replacement deed was procured by extortion.

3    mm.    Bian's criminal conspiracy to record forged deeds was in furtherance of his

4    effort to obtain title to the properties so he could sell them off to other investors. This

5    was in furtherance of Bian's scheme to launder money, obfuscate its source, and

6    shield any income from tax authorities.

7    nn. Bian's goal was to move assets from Jojospring and other sources in China to his

8    family trust in the United States, with there being no clear trace of the money's

9    sources.

10   M.  Update the First Cause of Action, paragraph 6 (SAC ¶ 47) to reflect the paragraphs that are

11   incorporated by reference;

12   N.  Update the First Cause of Action, paragraph 10 (SAC ¶ 51) to identify the named Doe defendants;

13   O.  Update the Second Cause of Action, paragraph 15 (SAC ¶ 54) to reflect the paragraphs that are

14   incorporated by reference;

15   P.  Update the Third Cause of Action, paragraph 24 (SAC ¶ 63) to reflect the paragraphs that are

16   incorporated by reference;

17   Q.  Update the Fourth Cause of Action, paragraph 33 (SAC ¶ 72) to reflect the paragraphs that are

18   incorporated by reference;

19   R.  Update the Fifth Cause of Action, paragraph 42 (SAC ¶ 81) to reflect the paragraphs that are

20   incorporated by reference;

21   S.  Update the Sixth Cause of Action, page 16 line 12,  to identify that it is alleged against the "Bian

22   Defendants";

23   T.  Update the Sixth Cause of Action, paragraph 51 (SAC ¶ 90) to reflect the paragraphs that are

24   incorporated by reference;

25   U.  Update the Seventh Cause of Action, page 16, line 23, to identify that it is alleged against the "Bian

26   Defendants";

27   V.  Update the Seventh Cause of Action, paragraph 54 (SAC ¶ 93) to reflect the paragraphs that are

28   incorporated by reference;

21.

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

W.  Update the Eighth Cause of Action, paragraph 57 (SAC ¶ 96) to reflect the paragraphs that are incorporated by reference;

X.  Under the Eighth Casse of Action, for RICO, insert new paragraphs 98 through 108:

    oo.  Defendants formed an enterprise and association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4) (the "Enterprise").

    pp.  The Enterprise is an ongoing organization of Bian, Dawood, Jojospring, Weibo, and other Doe Defendants, associated for common and shared purposes, including: (a) conceiving and planning the extortionate scheme to extend usurious and illegal credit to Plaintiffs and other borrowers, (b) to the usurious and illegal loans by use of forgery and extortion, and (c) to use the usurious and illegal loans to obtain property in lieu of repayment, as well as the use of varies shell companies, in order to obfuscate the source of the initial funds and shield the proceeds from tax authorities, effectively engaging in money laundering.

    qq.  Defendant Bian and Doe Defendants on behalf of the Enterprise, entered into the illegal and usurious loan with Plaintiffs.

    rr.  All Defendants through the Enterprise engaged in and continue to engage in a pattern of racketeering activity comprised on the predicate acts of extending extortionate credit (18 U.S.C. § 892); willfully advancing money to another with reasonable grounds to believe that it is the intention of that person to use the money for the purpose of making extortionate extensions of credit  and wire fraud (18 U.S.C. § 893); knowingly using forgery and extortionate means to obtain real property from Plaintiffs (18 U.S.C. § 893); and extortion (18 U.S.C. § 1951).

    ss.  The Enterprise engaged in or affected interstate commerce, including the transfer of internal funds from China to the United States. Further, Defendants made use of interstate wires and mail to transfer the proceeds and funding on the loan and to make threats.

    tt.  Each extension of extortionate credit, forgery, extortion, use of cash and shell companies to launder proceeds, hide their source and origin, or hide the money from

22.

1    tax authorities, was in furtherance of the scheme and constitutes separate violations

2    and predicate act.

3    uu. Each Defendant in this action has engaged in two or more predicate acts as detailed

4    above.

5    vv. Each Defendant agreed to conduct, and did conduct or participate in, the Enterprise's

6    affairs through a pattern of racketeering activity. Defendants intended their activity to

7    obtain ill-gotten proceeds through extortionate loans and illegal means of collection.

8    Defendants intended their activity to injure Plaintiffs in their property and financial

9    interests.

10    ww.        The predicate acts described here are related because they were committed

11    using the same or similar methods and conduct, targeted the same or similar victims,

12    involved the same or similar participants, and were performed for the same or similar

13    purposes. *See H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989). The predicate

14    acts described here are continuous, occurring from 2014 until the present. That time

15    period represents close-ended continuity. *Id.*

16    xx. By executing the scheme described above, all Defendants have participated in the

17    scheme.

18    yy. Defendants' pattern of racketeering activity damaged Plaintiffs in an amount to be

19    proven at trial for legal costs associated with Defendants' illegal loans, forgery, and

20    extortionate means of collection associated with the Enterprises scheme of extortion.

21    Y.  Add title for section "PRAYER FOR RELIEF";

22    Z.  Add new request (1) in Prayer for Relief as follows:

23    zz. Temporary and permanent injunction prohibiting Defendants from recording any of

24    the forged deeds or any deed that has been reconveyed, and from further engaging in

25    the RICO criminal conspiracy

26    AA.    Update signature block to reflect Plaintiffs' co-counsel, The Diulio Firm PC;

27    BB.    Insert "PLAINTIFF'S DEMAND FOR JURY TRIAL" as follows:

28    aaa.        Plaintiffs demand a trial by jury as to all causes of action triable to a jury.

23.

### III.    LEGAL ARGUMENT

### A.  <u>LEAVE TO AMEND IS GRANTED LIBERALLY BY THE COURTS</u>

California Code of Civil Procedure 473(a)(1) states in relevant part, "The court may likewise, in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment to any pleading…" Further, California Code of Civil Procedure Section 576 states "Any judge, at any time before or after commencement of trial, in the furtherance of justice, and upon such terms as may be proper, may allow the amendment of any pleading or pretrial conference order." These provisions have been applied liberally to grant leave to amend. "This statutory provision giving the courts the power to permit amendments in furtherance of justice has received a ***very liberal*** interpretation by the courts of this state." *Klopstock v. Superior Ct.* (1941) 17 Cal.2d 13, 19; *see also Nestle v. City of Santa Monica* (1972) 6 Cal.3d 920, 939 (emphasis added). "[T]hat the trial courts are to liberally permit such amendments, ***at any stage of the proceeding,*** has been established policy of this state since 1901." *Hirsa v. Superior Ct.* (1981) 118 Cal.App.3d 486, 488-89 (emphasis added).

For the Court the deny leave to amend the adverse party must show ***meaningful prejudice***, such as the running of the statute of limitations, trial delay, the loss of critical evidence, or added preparation costs. *Atkinson v. Elk Corp*. (2003) 109 Cal.App.4th 739, 761; *Solit v. Taokai Bank, Ltd.* (1999) 68 Cal.App.4th 1435, 1448. Absent a showing of such prejudice, delay alone is not grounds for denial of a motion to amend. See *Kittredge Sports Co. v. Superior Ct.* (1989) 213 Cal.App.3d 1045, 1048; *Higgins v. Del Faro* (1981) 123 Cal.App.3d 558, 563-65. If the granting of a timely motion for leave to amend "will not prejudice the opposing party, it is error to refuse permission to amend, and where the refusal also results in a party being deprived of the right to assert a meritorious cause of action [;] it is not only error but an abuse of discretion." *Morgan v. Super. Ct.*, (1959)172 Cal. App. 2d 527, 530 (finding that the trial court acted arbitrarily and abused its discretion when it denied a motion for leave to file an amended complaint that was filed before a trial date had been set).

In some instances, leave to amend a complaint will be denied if there was an unreasonable

24.

1    delay in seeking leave, and where, as a result of that delay, granting leave would prejudice the

2    defendant. See *A.N. v. Cnty. Of Los Angeles*, (2009) 171 Cal. App. 4th 1058, 1068. But even

3    unreasonable delay does not justify denial of leave when leave is sought well before trial and the

4    proposed amendment ***only concerns the introduction of new legal theories that "relate to the same***

5    ***general set of facts" previously pleaded.*** See *Kittredge*, 213 Cal. App. 3d at 1048 (citation omitted);

6    accord *Morgan*, 172 Cal. App. 2d at 530 (emphasis added). "[It] is a ***rare case*** in which a court will

7    be justified in refusing a party leave to amend his pleadings so that he may properly present his

8    case." *Morgan*, 172 Cal. App. 2d at 530 (emphasis added) (citations omitted) (internal quotation

9    marks omitted).

10    **B.  LEAVE TO AMEND IN THE PRESENT CASE SHOULD BE GRANTED BECAUSE**

11    **THE SUPPLEMENTS ARE NECESSARY AND DEFENDANTS CAN SHOW NO**

12    **PREJUDICE FLOWING FROM THEIR INCLUSION.**

13    In the present case Plaintiffs proposed amendments fall into three categories: (1) non-

14    substantive clerical corrections; (2) the naming and identification of Defendants added via Doe

15    amendments; (3) additional facts bolstering the already-alleged claims, particularly in regards to

16    RICO. These amendments are in furtherance of justice and will not prejudice Defendants. This

17    Court, therefore, should grant leave to amend.

18    Although ordinarily a judge will not consider the validity of a proposed amended pleading in

19    deciding whether to grant leave to amend, in this case the need and validity of the proposed new

20    causes of action only serve to support the granting of this motion. See *Atkinson, supra*, 109

21    Cal.App.4th at 760; *Kittredge Sports Co. v. Superior Ct.* (1989) 213 Cal.App.3d 1045, 1048.

22    Leave to amend the complaint in the present case is authorized because Defendants will not

23    be prejudiced by the proposed amendments. The amendments are not barred by the statute of

24    limitations because the amendments relate back to the filing of the original Complaint. Additionally,

25    the proposed amendments will not delay the trial and will not necessitate any added preparation

26    costs because trial has not yet been set and Defendants have not yet appeared. *See Solit, supra*, 68

27    Cal.App.4th at 1448. Defendants cannot show any meaningful prejudice that would justify denial of

28    leave to amend.13

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

1
2
### IV.    CONCLUSION

3      It is in the interests of justice to permit Plaintiffs to amend the complaint to allege as
4  proposed.
5
6  Dated: October 17, 2025                    **THE DIULIO FIRM PC**
7
8                                              _____
9                                              Kristopher P. Diulio
10                                             Attorneys for Plaintiffs
                                               MOUNTAIN VISTA HOLDINGS, LLC;
11                                             MURRIETA HOLDINGS 2012-12 LLC; QUALITY
                                               INVESTORS 1 2016, LLC; RANCHO VISTA
12                                             HOMES 2018, LLC; and COTO II, LLC
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

# Exhibit A

1    **THE DIULIO FIRM PC**
2    Kristopher P. Diulio (Bar No. 229399)
     KDiulio@DiulioFirm.com
3    3200 Park Center Drive, Suite 210
     Costa Mesa, California 92626
4    Telephone: 714-450-6830

5    **THE DAVID EPSTEIN LAW FIRM**
     David G. Epstein (Bar No. 84356)
6    depsteinlaw@icloud.com
     P.O. Box 4858
7    Laguna Beach, CA 92652
     Telephone: 949-637-4048
8
     Attorneys for Plaintiffs
9    MOUNTAIN VISTA HOLDINGS, LLC;
     MURRIETA HOLDINGS 2012-12 LLC;
10   QUALITY INVESTORS 1 2016, LLC;
     RANCHO VISTA HOMES 2018, LLC; and
11   COTOR II, LLC

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                    **FOR THE COUNTY OF ORANGE**

14                        **NORTH JUSTICE CENTER**

15   MOUNTAIN VISTA HOLDINGS, LLC;          Case No. 30-2024-01420067-CU-OR-NJC
     MURRIETA HOLDINGS 2012-12 LLC;
16   QUALITY INVESTORS 1 2016, LLC;         Assigned for all purposes to:
     RANCHO VISTA HOMES 2018, LLC; and      Hon. Scott Steiner
17   COTO II, LLC,
                                            Unlimited Jurisdiction
18                  Plaintiffs,
                                            **SECOND AMENDED COMPLAINT:**
19   vs.
                                                1.  **SLANDER OF TITLE**
20   CORPORATION SERVICE COMPANY, a             2.  **SLANDER OF TITLE**
     business entity unknown, aka CSC; JAMAL    3.  **SLANDER OF TITLE**
21   DAWOOD, aka JIMMY DAWOOD; and              4.  **SLANDER OF TITLE**
     DOES 1-25 inclusive,                       5.  **SLANDER OF TITLE**
22                                              6.  **CANCELLATION OF**
                    Defendants.                     **INSTRUMENTS**
23                                              7.  **CANCELLATION OF**
                                                    **INSTRUMENTS**
24                                              8.  **RICO**

25                                          **DEMAND FOR JURY TRIAL**

26                                          Original Complaint Filed: August 16, 2024
                                            Trial Date: None Set
27

28

                              **SECOND AMENDED COMPLAINT**

Plaintiffs allege:

**General Allegations**

1.      **Summary.**  Defendants caused to be electronically recorded with offices of county recorders, five purported deeds of trust, each secured by one of five properties, four tracts of vacant land in San Diego County and one in Riverside County. In fact, the recorded documents were deeds of trust that had previously been reconveyed, and had been altered and recorded a second time. Accordingly, each recordation was an act of slander of title. Plaintiffs each sue for slander of title, and as to two instruments that remain recorded seek orders cancelling them; and further sue under the Racketeer Influenced and Corrupt Organizations Act (RICO) based on predicate acts of forgery and wire fraud.

2.      **Parties; Plaintiffs.** (a) Plaintiff Mountain Vista Holdings, LLC ("Mountain") is a California limited liability company that owns vacant land in Vista, County of San Diego, State of California. (b) Plaintiff Murrieta Holdings 2012-12, LLC ("Murrieta") is a California limited liability company that owns vacant land in Murrieta, County of Riverside, California. (c) Plaintiff Quality Investors 1 2016, LLC ("Quality") is a California limited liability company that owns vacant land in Oceanside, County of San Diego, California. (d) Plaintiff Rancho Vista Holdings, LLC ("Rancho") is a California limited liability company that owns vacant land in Oceanside, County of San Diego, California. (e) Corto II, LLC ("Corto") is a California limited liability company that owns vacant land in Oceanside, County of San Diego, California.

3.      **Defendants**. (a) Defendant CORPORATION SERVICE COMPANY is a business entity, form unknown, and is also known as CSC. It will be referred to from time to time as "CSC." (b) Defendant Jamal Dawood, aka Jimmy Dawood ("Dawood"), is an individual, who resides in the County of Los Angeles, California.

4.      DOE number 1 has been identified as WENQUIANG ("WAYNE") BIAN, individually and as Trustee of the Bian Liao Living Trust dated May 7, 2029 ("Bian"). Bian resides in the County of Orange, California.

5.      DOE number 2 has been identified as JOJOSPRING, a business entity unknown ("Jojospring"). Jojospring is controlled by Bian.

1
**SECOND AMENDED COMPLAINT**

6.     DOE number 3 has been identified as WEIBO TECHNOLOGY (HK) LIMITED, a business entity unknown ("Weibo"). Weibo is based on China and is controlled by Bian. Collectively, Bian, Jojospring, and Weibo are the "Bian Defendants."

7.     **Fictitious Defendants.** Plaintiffs do not know the names and capacities of the defendants sued as DOES 1-30 inclusive, but are informed and believe that said defendants are responsible for the wrongs alleged herein. Upon learning the true names and capacities of these defendants, plaintiffs will amend this complaint to allege the same.

8.     **Venue**. This action is properly venued in this court, in that a substantial portion of wrongs alleged herein were committed in this County of Orange.

**THE RICO SCHEME**

9.     Plaintiffs were introduced to the Bian Defendants in 2014, when the Bian Defendants purchased a note on land under development by Corto (the "Corto Note"). Plaintiffs reached out to Bian when they learned that he had purchased the Corto Note. Bian informed Plaintiffs that someone from his "team" would reach out to Plaintiffs to discuss the Corto Note.

10.     As Bian promised, one of Bian's agents reached out to Plaintiffs. Bian's agent told Plaintiffs that he would sell the Corto Note back to Plaintiffs at a discount. Plaintiffs readily agreed to buy back the Corto Note at less than its face value.

11.     Curiously, Bian's agent demanded that the transaction be in cash. That was highly unusual. Plaintiffs develop real estate projects and have experience with lenders and investors. Transactions are rarely in cash. Nonetheless, Plaintiffs agreed to repurchase the Corto Note on Bian's cash terms.

12.     Plaintiffs met Bian's agents at Fidelity Title where they gave Bian's agents $45,000 in cash and a cashier's check for $80,000 in exchange for a reconveyance of the deed of trust securing the Corto Note.

13.     Plaintiffs now understand that the cash transaction for the Corto Note was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

14.     After the Corto Note transaction, Bian, through his agents, told Plaintiffs that he wanted to lend more money. Plaintiffs develop real estate projects and were in need for loan to

2

**SECOND AMENDED COMPLAINT**

further a project (the "44 Lots Project"), so Plaintiffs agreed. Bian loaned $800,000 initially, and then another $700,000.

15.     As part of the loan, Bian and his agents required the borrower to pay cash back to Bian and his agents. Which Plaintiffs did in an amount exceeding $167,000.

16.     Plaintiffs now understand that the requirements to make cash payments to Bian and his agents was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

17.     Later, Plaintiffs sold the 44 Lots Project. Plaintiffs offered to repay the loan, but Bian refused. Bian did not want to be repaid. Instead, Bian wanted Plaintiffs to keep the proceeds for use on other projects.

18.     Plaintiffs now understand that Bian not wanting to be repaid and instead wanting the loan proceeds to be kept by Plaintiffs was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

19.     Bian continued to send money to escrow for other deals. Even when there was no active project or need for the funds, Bian kept sending money to escrow. Some of this money was wired from accounts in China in the name of Weibo and Jojospring. The wires went directly to escrow, this obfuscating that the money was coming into the United States to or for the benefit of Bian.

20.     Plaintiffs now understand that Bian sending money to Plaintiffs' escrow even when it was not solicited or needed was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

21.     In 2015, Plaintiffs closed on the Murrieta property. With an active project, Bian wanted to loan further money. To do so, Bian wired $1.2 million from an account in China through Defendant Jojospring.

22.     After the Murrieta loan, Bian and his agents asked to "borrow" back from Murrieta $200,000. Plaintiffs agreed and sent the money through escrow.

23.     Plaintiffs now understand that Bian loaning money to Plaintiffs and then asking for a "loan" back to Bian in retuned was part of a scheme to launder money, obfuscate its source, and

**SECOND AMENDED COMPLAINT**

shield any income from tax authorities.

24.     Bian continued to make loans on Plaintiffs' projects. In addition, Plaintiffs understand that Bian made loans to other borrowers not involving Plaintiffs. Plaintiffs understand that in several of those other loans, the borrowers never received the full loan proceeds.

25.     Plaintiffs now understand that Bian purporting to loan money to other borrowers and then not giving the borrower the full loan proceeds was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

26.     On the loans made to Plaintiffs, Bian never sought repayment. Instead, Bian requested that he receive finished homes in lieu of repaying the loan.

27.     Plaintiffs now understand that Bian not wanting to be repaid loans and instead demanding houses was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

28.     All of the loans made by Bian to Plaintiffs bore an interest rate of 12%, in excess of Section 1 of Article XV of the California Constitution, which sets a limit of 10%. Although the usurious loans were sometimes secured by real estate, the loans were not arranged by a real estate broker acting for compensation and thus not subject to an exception. Civ. Code § 1916.1.

29.     The illegal usurious loans are further predicate RICO acts.

30.     In November 2022, Bian and Plaintiffs entered a formal agreement to repay Bian with finished homes from the various projects in lieu of using money to repay the loan.

31.     Plaintiffs now understand that Bian not wanting to be repaid loans and instead demanding houses was part of a scheme to launder money, obfuscate its source, and shield any income from tax authorities.

32.     In April 2023, Bian began to take steps to foreclose on several projects by recording forged or altered deeds. Bian did this even though Plaintiffs were not in breach of the November 2022 agreement to repay Bian with houses when they were completed.

33.     Defendant Jamal Nathan Dawood was found guilt in federal court on July 31, 2025 of six counts of wire fraud and nine counts of money laundering. He thus had the proven experience to assist Bian with his scheme.

**SECOND AMENDED COMPLAINT**

34.    Bian conspired with Dawood, a twice convicted felon, to forge bogus deeds and illegally and improperly records them, as detailed in Paragraphs XXX. On information and belief, for his services, Bian paid Dawood $5,000 in cash.

35.    In exchange for cash, Dawood recorded forged deeds on behalf of Bian. The forged deeds impacted Rancho Vista, Vista Pacific, and Mountain Vista.  These deeds of trust were not copies of deeds of but rather forgeries Bian and Dawood created from deeds of trust recorded on other unrelated properties.

36.    The Mountain Vista deed of trust recorded on April 12, 2023, for example, is an altered copy of a deed of trust recorded nearly two years earlier on another project.  (*Compare* **Exhibit 13** *with* **Exhibit 1**.)  Working from the earlier deed of trust, Bian swapped the original Nueva Vista Assessor's Parcel Numbers ("APNs") for the Mountain Vista APNs.  He also replaced the description of the Nueva Vista property in the earlier deed with a reference to "Exhibit 'A'" describing Mountain Vista.

37.    Bian thus created the appearance of a signed and notarized deed of trust for Mountain Vista by altering a different signed and notarized deed of trust for Nueva Vista.  The forgery is clear from a comparison of the notarization pages, excerpted below:

On __8·24·2022__ ,before me,
__Laurie Clack Notary Public__ ,personally appeared
__David G Epstein__ ,who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public, State of California

[SEAL]

**Exhibit 12** (the original, not forged Deed of Trust)

5

1

2

3

On ___8-24-2022___ ,before me,
___Laurie Clack Notary Public___ ,personally appeared
___David C. Epstein___ ,who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that
the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public, State of California

[SEAL]

**Exhibit 1** (the forged Deed of Trust)

38.    If the Mountain Vista deed of trust had been separately signed and notarized, even by the same notary on the same day, there would be some minor differences in the position and shape of the notary's handwriting.  But the two notarization pages are plainly identical facsimiles.  The same identity can be seen in the two signatures of David Epstein.  *Compare* **Exhibit 13** *with* **Exhibit 1**, at 2.)  It is obvious that they are not different signatures by the same person, but rather identical copies of a single signature

39.    Bian forged a deed of trust he recorded against Rancho Vista on April 13, 2023 in similar fashion.  Apparently using a separate deed of trust recorded against the Murrieta property on April 14, 2023, Bian replaced the Murrieta APN (9060603833/0414) and reference to Murietta Holdings 2012-012, LLC with the Rancho Vista APN (160-020-55-00) and reference to Rancho Vista Homes 2018 LLC.  (*Compare* **Exhibit 4** *with* **Exhibit 10**.)

40.    Comparison of the notarization pages again exposes the forgery. The hand-written details of the two pages are utterly identical, proving that rather than there being two separately signed and notarized deeds of trust, one is a copy of the other bearing a forged signature and notarization, as shown in the following excerpts:

6

**SECOND AMENDED COMPLAINT**

**Exhibit 4** at 2 (Murrieta deed of trust).



**Exhibit 10** at 2 (forged Rancho Vista deed of trust).

41.    On April 14, 2023, Bian recorded an identical copy of a deed of trust on Vista Pacific that he had previously reconveyed years earlier.

42.    In sum, in mid-April of 2023, Bian conspired with a convicted felon to record forged deeds of trust on Mountain Vista and Rancho Vista and a reconveyed deed of trust on Vista Pacific.

43.    After Plaintiffs discovered the illegal forged deeds, Bian extorted Plaintiffs by refusing to remove the forged deeds unless Plaintiffs agreed to sign a new deed on Mountain Vista. Under duress, Plaintiffs' manager (a gentleman over eighty years old at the time) agreed. This

1    replacement deed was procured by extortion.

2         44.    Bian's criminal conspiracy to record forged deeds was in furtherance of his effort to

3    obtain title to the properties so he could sell them off to other investors. This was in furtherance of

4    Bian's scheme to launder money, obfuscate its source, and shield any income from tax authorities.

5         45.    Bian's goal was to move assets from Jojospring and other sources in China to his

6    family trust in the United States, with there being no clear trace of the money's sources.

7                            **FIRST CAUSE OF ACTION**

8                **(Slander of Title, by Mountain Against All Defendants)**

9         46.    Plaintiffs reallege Paragraphs 1 through 46, inclusive, of the complaint hereinabove,

10    and incorporate them by reference as if fully set forth.

11        47.    At all relevant times, Mountain was the fee owner of certain vacant land in San Diego

12    County, California, legally described as follows:

13            PARCELS 1, 2, 3AND 4 OF PARCEL MAP NO. 7019, IN THE COUNTY OF SAN

14            DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF FILED IN THE

15            OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, MARCH 16, 19

16            78AS FILE NO. 78-104657, OFFICIAL RECORDS.

17            The Assessor's Parcel Numbers of the property are as follows:

18            APN: 183-131-2 3-00, 183-131-2 4-00, 183-131-2 5-00AND 183-131- 26-00

19        48.    Mountain signed a Note and Deed of Trust secured by this property. The Deed of Trust

20    was fully recorded, and a true copy of same was recorded with the County Recorder of San Diego

21    County.

22        49.    This deed of trust was subsequently reconveyed and the reconveyance was fully

23    recorded with the County Recorder of San Diego County.

24        50.    Plaintiff is informed and believes and thereon alleges that defendant Dawood, in

25    concert with others, including Bian, Jojospring, and Weibo, on or about April 13, 2023,  with the

26    assistance  of defendant CSC, caused to be electronically recorded with the County Recorder of San

27    Diego County as document number 2023-0095193, an altered copy of the original deed of trust, in

28    spite of the fact that having been reconveyed this document was of no force and effect.  A true copy

                                    8

of this document is attached hereto as Exhibit 1, and is incorporated herein by this reference as if fully set forth.

51.    The recordation of this previously reconveyed and altered Deed of Trust constituted a claim of a secured interest in the subject property, which claim became a public record. This claim was invalid, in that the security interest had been reconveyed, and could not be restored by the recordation of a previously reconveyed Deed of Trust.

52.    The defendants, and each of them, knew or acted with reckless disregard of the falsity of the claim, and in fact plaintiff owned the property and the claim asserted in the re-recorded document was invalid. Defendants further knew or should have recognized that someone might act on the claim and might cause a financial loss to plaintiff.

## SECOND CAUSE OF ACTION

### (Slander of Title, by Murrieta Against All Defendants)

53.    Plaintiffs reallege Paragraphs 1 through 53, inclusive, of the complaint hereinabove, and incorporate them by reference as if fully set forth.

54.    At all relevant times, Murrieta was the fee owner of certain vacant land in San Diego County, California, legally described as follows:

> THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF
> MURRIETA, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS
> DESCRIBED AS FOLLOWS:
> PARCEL I:
> THE NORTHWEST HALF OF THE NORTHWEST HALF OF THE SOUTHWEST
> HALF OF LOT 66 OF THE MURRIETA PORTION OF THE TEMECULA RANCHO,
> AS SHOWN BY MAP OF TEMECULA LAND AND WATER CO., ON FILE IN
> BOOK 8 PAGE 359 OF MAPS, RECORDS OF SAN DIEGO COUNTY, CALIFORNIA,
> BY METES AND BOUNDS:
> COMMENCING AT THE INTERSECTION OF THE CENTER LINE OF LEMON
> STREET AND ADAMS STREET; THENCE NORTHEASTERLY ON THE CENTER
> LINE OF LEMON STREET, 660 FEET;

9

THENCE SOUTHEASTERLY, PARALLEL WITH TI-IE CENTER LINE OF ADAMS AVENUE, 330 FEET; THENCE SOUTHWESTERLY, PARALLEL WITH THE CENTER LINE OF LEMON STREET, 660 FEET TO THE CENTER LINE OF ADAMS A VENUE;

THENCE NORTHWESTERLY ON THE CENTER LINE OF ADAMS A VENUE, 330 FEET TO THE POINT OF BEGINNING; EXCEPTING THEREFROM LEMON STREET AND ADAMS AVENUE.

ALSO EXCEPTING THEREFROM THAT PORTION DESCRIBED AS PARCEL 7143-28A AS SHOWN ON RECORD OF SURVEY, FILED IN BOOK 95, PAGES 24 TO 27 INCLUSIVE, AS CONVEYED TO THE RIVERSIDE COUNTY FLOOD CONTROL AND WATER CONSERVATION DISTRICT BY DEED RECORDED JUNE 23, 1995 AS INST. NO. 204 - 35 OF OFFICIAL RECORDS.

PARCEL 2:

THE SOUTHEAST HALF OF THE NORTHWEST HALF OF THE SOUTHWESTERLY HALF OF LOT 66, AS SHOWN BY MAP ENTITLED MAP OF THE TEMECULA LAND AND WATER COMPANY, ON FILE IN BOOK 8 PAGE 359 OF MAPS, RECORDS OF SAN DIEGO COUNTY, CALIFORNIA;

EXCEPTING THEREFROM ADAMS AVENUE.

ALSO EXCEPTING THEREFROM THAT PORTION DESCRIBED AS PARCEL 7143-27C AS SHOWN ON RECORD OF SURVEY FILED JULY 21, 1993 IN BOOK 95, PAGES 24 TO 27 INCLUSIVE, AS CONVEYED TO THE RIVERSIDE COUNTY FLOOD CONTROL AND WATER CONSERVATION DISTRICT BY DEED RECORDED JUNE 23, 1995 AS INST. NO. 204134 OF OFFICIAL RECORDS.

The Assessor's Parcel Numbers of the property are as follows:

APN: 906-060-039-3 and 906-060-041-4.

55.     On or about October 9, 2015, Murrieta signed a Note and Deed of Trust secured by this property. The Deed of Trust was fully recorded, and a true copy of same was recorded with the County Recorder of Riverside County on December 10, 2015, as Document Number 2015-0536669.

A true copy of the recorded Deed of Trust is attached as Exhibit 2 and incorporated herein as if fully set forth.

56.    On or about November 19, 2019, this deed of trust was reconveyed and the reconveyance was fully recorded with the County Recorder of Riverside County, as document number 2019-0477313. A true copy of this reconveyance is attached as Exhibit 3 and incorporated herein as if fully set forth.

57.    Defendant Dawood, in concert with others, including DOES 1-10, on or about April 12, 2023,  with the assistance of defendant CSC, caused to be electronically recorded with the County Recorder of Riverside County as document number 2023-0106817, an altered copy of the original deed of trust, in spite of the fact that having been reconveyed, this document was of no force and effect.  A true copy of this document is attached hereto as Exhibit 4, and is incorporated herein by this reference as if fully set forth.

58.    The recordation of this previously reconveyed and altered Deed of Trust constituted a claim of a secured interest in the subject property, which claim became a public record. This claim was invalid, in that the security interest had been reconveyed, and could not be restored by the recordation of a previously reconveyed Deed of Trust.

59.    The defendants, and each of them, knew or acted with reckless disregard of the falsity of the claim, and in fact plaintiff owned the property and the claim asserted in the re-recorded document was invalid. Defendants further knew or should have recognized that someone might act on the claim and might cause a financial loss to plaintiff.

60.    Plaintiff did in fact suffer immediate financial harm, in that among other things it spent money with legal counsel, with travel expenses, in order to secure the reconveyance of the improperly re-recorded purported Deed of Trust, and lost ability to finance construction or to market the property. Defendant's conduct was a substantial cause of the harm to plaintiff. The amount of damages is subject to proof at trial.

61.    Because defendants, and each of them, performed the actions alleged herein with oppression, fraud, and malice, and the actions were unlawful and despicable, plaintiff is entitled to recover punitive and exemplary damages in an amount subject to proof at trial, above the

11

**SECOND AMENDED COMPLAINT**

jurisdictional minimum for this court, and sufficient to punish defendants and to make an example of them, and to deter them and others from engaging in similar conduct in the future.

### THIRD CAUSE OF ACTION

**(Slander of Title, by Quality Against All Defendants)**

62.     Plaintiffs reallege Paragraphs 1 through 62, inclusive, of the complaint hereinabove, and incorporate them by reference as if fully set forth.

63.     At all relevant times, Quality was the fee owner of certain vacant land in San Diego County, California, legally described as follows:

BEGINNING AT THE SECTION CORNER COMMON TO SECTIONS 28, 29, 32 AND 33, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN; THENCE ALONG THE LINE COMMON TO SAID SECTIONS 29 AND 32, NORTH 88-57'0711 WEST, 165.16 FEET (RECORD: NORTH 89°29'2311 WEST, 165.18 FEET, MAP 56971), TO THE SOUTHEAST CORNER OF EL CAMINO ESTATES, MAP 5697, RECORDED FEBRUARY 16, 1966; THENCE NORTHERLY ALONG THE EASTERLY BOUNDARY OF SAID EL CAMINO ESTATES, NORTH 8°37'1511 EAST, 481.10 FEET (RECORD: NORTH 8°00'5011 EAST, 481.06 FEET, MAP 5697); THENCE NORTH 5°02'3011 WEST, 12.45 FEET (RECORD; NORTH 5°31'2811 WEST, MAP 5697), TO A POINT OF INTERSECTION WITH A LINE, LYING 100.00 FEET NORTHERLY AND PARALLEL WITH THE SOUTHERLY LINE OF PARCEL D OF PARCEL MAP 12334, RECORDED: SEPTEMBER 23, 1984; THENCE EASTERLY ALONG SAID PARALLEL LINE, SOUTH 89°09'3911 EAST, 325.99 FEET; THENCE SOUTH 44°09'3911 EAST, 141.42 FEET, TO THE SOUTHEASTERLY CORNER OF LOT 9 OF ROBINHOOD DEL ORO VILLAGE 11A11, MAP 11758, RECORDED APRIL 8, 1987 ALSO BEING ALONG THE SOUTHERLY LINE OF SAID PARCEL D; THENCE EASTERLY ALONG SAID SOUTHERLY LINE, SOUTH 89°09'3911 EAST, 1133'22.62 FEET, TO AN INTERSECTION WITH THE WESTERLY LINE OF COSTA SERENA UNIT NO. 6, ACCORDING TO MAP THEREOF NO. 7336, RECORDED

12

1    JUNE 29, 1972; THENCE SOUTHERLY ALONG THE WESTERLY BOUNDARY OF

2    SAID COSTA SERENA UNIT NO. 6, SOUTH 22°29'4411 WEST, 193.29 FEET

3    (RECORD SOUTH 22°03'1311 WEST,. MAP 7336); THENCE SOUTH 0°41'1911

4    WEST, 75.09 FEET (RECORD: SOUTH 0°23'2711 WEST, 75.00 FEET, MAP 7336);

5    THENCE NORTH 89°09'0811 WEST, 48.92 FEET (RECORD: NORTH 89°36'3311

6    WEST, 49.00 FEET, MAP 7336); THENCE SOUTH 0°50'5211 WEST, 135.11 FEET

7    (RECORD: SOUTH 0°23'2711 WEST, 135.00 FEET, MAP 7336), TO THE

8    SOUTHERLY LINE OF THE ABOVE DESCRIBED SECTION 38; THENCE

9    WESTERLY ALONG SAID SOUTHERLY LINE,

10    NORTH 89-09'0811 WEST, 1327.24 FEET (RECORD: NORTH 89°36'33" WEST,

11    1327.35 FEET, MAP 7336) TO THE ABOVE DESCRIBED COMMON SECTION

12    CORNER. AND THE POINT OF BEGINNING.

13    EXCEPTING ALL THAT PORTION OF RANCHO DEL ORO ROAD, BEING

14    DESCRIBED AS FOLLOWS:

15    BEGINNING AT THE SECTION CORNER COMMON TO SECTIONS 28, 29, 23 AND

16    33, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN;

17    THENCE EASTERLY ALONG THE COMMON SINE TO SECTIONS 28 AND 33,

18    SOUTH 89°09'0811 EAST, 782.57 FEET (RECORD: SOUTH 89°36'3311 EAST, MAP

19    7336) TO AN INTERSECTION WITH A NON-TANGENT 1050.00 FOOT RADIUS,

20    CONCAVE SOUTHEASTERLY, HA YING A RADIAL BEARING TO SAID POINT

21    OF NORTH 69°22' 11" WEST, BEING THE WESTERLY SIDELINE OF RANCHO

22    DEL ORO ROAD, ALSO BEING THE TRUE POINT OF BEGINNING; THENCE

23    NORTHEASTERLY ALONG THE ARC OF SAID CURVE, THROUGH A CENTRAL

24    ANGLE OF 15°12'5211, A DISTANCE OF 278.82 FEET; THENCE TANGENT TO

25    SAID CURVE NORTH 35°50'4111 EAST, 174.52 FEET, TO AN INTERSECTION

26    WITH THE SOUTHERLY LINE OF THE ABOVE DESCRIBED PARCEL D OF SAID

27    PARCEL MAP 12334· THENCE EASTERLY ALONG SAID SOUTHERLY LINE,

28    SOUTH 89°09'3911 EAST, 120.33, TO AN INTERSECTION WITH A NON-

13

TANGENT 1450.00 FOOT RADIUS CURVE, CONCAVE NORTHWESTERLY;
HAVING A RADIAL BEARING TO SAID POINT OF SOUTH 56°42'2711 EAST,
THENCE SOUTHWESTERLY ALONG THE ARC OF SAID CURVE, THROUGH A
CENTRAL ANGLE OF 2"33'0811, A DISTANCE OF 64.59 FEET; THENCE
TANGENT TO SAID CURVE, SOUTH 35°50'4111 WEST, 178.98 FEET, TO THE
BEGINNING OF A TANGENT 950.00 FOOT RADIUS CURVE, CONCAVE;
THENCE SOUTHWESTERLY ALONG THE ARC OF SAID CURVE THROUGH A
CENTRAL ANGLE OF 13°01'4711, A DISTANCE OF 216.04 FEET, TO AN
INTERSECTION WITH THE ABOVE DESCRIBED SECTION LINE COMMON TO
BOTH SECTIONS 28 AND 33; THENCE WESTERLY ALONG SAID COMMON
LINE, NORTH 89"09'08" WEST, 107.01 FEET, TO THE TRUE POINT OF
BEGINNING.

ALSO EXCEPTING THEREFROM LOT I OF VISTA DEL ORO, IN THE CITY OF
OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING
TO MAP THEREOF NO. 13018, FILED IN THE OFFICE OF THE COUNTY
RECORDER OF SAN DIEGO COUNTY, FEBRUARY 26, 1992

The Assessor's Parcel Number of the property is as follows:

APN: 165-362-02-00

64.    On or about October 27, 2016, Quality signed a Note and Deed of Trust secured by this property. The Deed of Trust was fully recorded, and a true copy of same was recorded with the County Recorder of San Diego County on October 31, 2016 as Document Number 2016-0588991. A true copy of the recorded Deed of Trust is attached as Exhibit 5 and incorporated herein as if fully set forth.

65.    On or about November 14, 2019, this deed of trust was reconveyed and the reconveyance was fully recorded with the County Recorder of San Diego County as document number 2019-05227198. A true copy of this reconveyance is attached as Exhibit 6 and incorporated herein as if fully set forth.

66.    Defendant Dawood, in concert with others, including DOES 1 through 10, on or

14

about April 12, 2023, using the services of defendant CSC, caused to be electronically recorded with the County Recorder of San Diego County as document number 2023-00962825, an altered copy of the original deed of trust, in spite of the fact that having been reconveyed this document was of no force and effect. A true copy of this document is attached hereto as Exhibit 7, and is incorporated herein by this reference as if fully set forth

67. The recordation of this previously reconveyed and altered Deed of Trust constituted a claim of a secured interest in the subject property, which claim became public record. This claim was invalid, in that the security interest had been reconveyed, and could not be restored by the recordation of a previously reconveyed Deed of Trust.

68. The defendants, and each of them, knew or acted with reckless disregard of the falsity of the claim, and in fact plaintiff owned the property and the claim asserted in the re-recorded document was invalid. Defendants further knew or should have recognized that someone might act on the claim and might cause a financial loss to plaintiff.

69. Plaintiff did in fact suffer immediate financial harm, in that among other things it spent money with legal counsel and the County Recorder, and with travel expenses, in order to secure the reconveyance of the improperly re-recorded purported Deed of Trust. Defendant's conduct was a substantial cause of the harm to plaintiff. The amount of damages is subject to proof at trial.

70. Because defendants, and each of them, performed the actions alleged herein with oppression, fraud, and malice, and the actions were unlawful and despicable, plaintiff is entitled to recover punitive and exemplary damages in an amount subject to proof at trial, above the jurisdictional minimum for this court, and sufficient to punish defendants and to make an example of them, and to deter them and others from engaging in similar conduct in the future.

## FOURTH CAUSE OF ACTION

### (Slander of Title, by Rancho Against All Defendants)

71. Plaintiffs reallege Paragraphs 1 through 71, inclusive, of the complaint hereinabove, and incorporate them by reference as if fully set forth.

72. At all relevant times, Rancho was the fee owner of certain vacant land in San Diego County, California, legally described as follows:

15

1    PARCEL A:

2    PARCEL 3 OF PARCEL MAP NO. 18668, IN THE CITY OF OCEANSIDE, COUNTY

3    OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF,

4    FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY

5    APRIL 02, 2001.

6    PARCEL B:

7    AN EASEMENT AND RIGHT-OF-WAY FOR PRIVATE ACCESS ROAD

8    PURPOSES OVER, ALONG AND ACROSS A STRIP OF LAND 18.00 FEET WIDE,

9    LYING WITHIN THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION

10    17, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN, IN

11    THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA,

12    ACCORDING TO UNITED STATES GOVERNMENT SURVEY, THE CENTERLINE

13    OF SAID 18.00 FOOT STRIP BEING DESCRIBED AS FOLLOWS:

14    BEGINNING AT A POINT ON COURSE (5) DESCRIBED IN PARCEL 1 (28079-1)

15    OF FINAL ORDER OF CONDEMNATION RECORDED NOVEMBER 25, 1997 AS

16    INSTRUMENT NO. 1997-0597163 OFFICIAL RECORDS, DISTANT NORTH

17    53°12'41" EAST 236.88 FEET FROM THE SOUTHWESTERLY TERMINUS OF

18    SAID COURSE

19    THENCE (1) LEAVING SAID COURSE (5) NORTH 61 °57'43" WEST 32.14 FEET

20    TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHERLY HAVING

21    A RADIUS OF 100.00 FEET;

22    THENCE (2) NORTHWESTERLY, WESTERLY AND SOUTHWESTERLY ALONG

23    THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 44°28'32" AN

24    ARC LENGTH OF 77.62 FEET;

25    THENCE (3) TANGENT TO SAID CURVE SOUTH 73"33'45" WEST 353.68 FEET

26    TO THE BEGINNING OF A TANGENT CURVE CONCAVE NORTHWESTERLY

27    HAVING A RADIUS OF 50.00 FEET;

28    THENCE (4) SOUTHWESTERLY, WESTERLY AND NORTHWESTERLY ALONG

16

1  THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 88"05'23" AN

2  ARC LENGTH OF 76.87 FEET;

3  THENCE (5) TANG ENT TO LAST SAID CURVE NORTH 18"20'52" WEST 40.64

4  FEET TO THE TERMINUS OF THE DESCRIBED CENTERLINE. THE SIDELINE

5  SHALL BE PROLONGED OR SHORTENED SO AS TO TERMINATE

6  SOUTHEASTERLY AT SAID COURSE (5) DESCRIBED IN PARCEL 1 (28079-1) OF

7  THAT CERTAIN FINAL ORDER OF CONDEMNATION RECORDED NOVEMBER

8  25, 1997 AS INSTRUMENT NO. 1997-0597163 OFFICIAL RECORDS, HEREIN

9  ABOVE AND NORTHERLY AT A LINE DRAWN AT RIGHT ANGLES THROUGH

10 THE SAID TERMINUS OF THE ABOVE DESCRIBED CENTERLINE.

11 The Assessor's Parcel Number of the property is as follows:

12 APN 160-020-55-00

13     73.    On or about October 17, 2017, Rancho signed a Note and Deed of Trust secured by

14 this property. The Deed of Trust was fully recorded, and a true copy of same was recorded with the

15 County Recorder of San Diego County on December 6, 2017 as Document Number 2017-0567394.

16 A true copy of the recorded Deed of Trust is attached as Exhibit 8 and incorporated herein as if fully

17 set forth.

18     74.    On or about October 6, 2019, this deed of trust was reconveyed and the reconveyance

19 was fully recorded with the County Recorder of San Diego County as document no. 2019-0465436.

20 A true copy of this reconveyance is attached as Exhibit 9 and incorporated herein as if fully set forth.

21     75.    Defendant Dawood, in concert with others, including DOES 1 through 10l, with the

22 assistance of CSC, on or about April 12, 2023,  caused to be electronically recorded with the County

23 Recorder of San Diego County as documents number 2023-0096135 and 2023-0096910, invalid

24 copies of the original deed of trust, in spite of the fact that having been reconveyed these documents

25 were of no force and effect.  True copies of these documents are attached hereto as Exhibits 10 and

26 11, and are incorporated herein by this reference as if fully set forth.

27     76.    The recordation of this previously reconveyed and altered Deed of Trust constituted a

28 claim of a secured interest in the subject property, which claim became a public record. This claim

**SECOND AMENDED COMPLAINT**

was invalid, in that the security interest had been reconveyed, and could not be restored by the recordation of a previously reconveyed Deed of Trust.

77.    The defendants, and each of them, knew or acted with reckless disregard of the falsity of the claim, and in fact plaintiff owned the property and the claim asserted in the re-recorded document was invalid. Defendants further knew or should have recognized that someone might act on the claim and might cause a financial loss to plaintiff.

78.    Plaintiff did in fact suffer immediate financial harm, in that among other things it spent money with legal counsel and the County Recorder, and with travel expenses, in order to secure the reconveyance of the improperly re-recorded purported Deed of Trust. Defendant's conduct was a substantial cause of the harm to plaintiff. The amount of damages is subject to proof at trial.

79.    Because defendants, and each of them, performed the actions alleged herein with oppression, fraud, and malice, and the actions were unlawful and despicable, plaintiff is entitled to recover punitive and exemplary damages in an amount subject to proof at trial, above the jurisdictional minimum for this court, and sufficient to punish defendants and to make an example of them, and to deter them and others from engaging in similar conduct in the future.

## FIFTH CAUSE OF ACTION

### (Slander of Title, by Corto Against All Defendants)

80.    Plaintiffs reallege Paragraphs 1 through 80, inclusive, of the complaint hereinabove, and incorporate them by reference as if fully set forth.

81.    At all relevant times, Corto was the fee owner of certain vacant land in San Diego County, California, legally described as follows:

THAT PORTION OF THE SOUTHWEST QUARTER OF SECTION 19, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:
BEGINNING AT THE NORTHWEST CORNER OF SAID SOUTHWEST QUARTER OF THE SOUTHWEST QUARTER; THENCE SOUTH 89°59'20" EAST ALONG THE NORTHERLY LINE THEREOF 348.19 FEET TO THE NORTHWEST CORNER OF A

18

1    PARCEL OF LAND DESCRIBED IN DEED TO RAMON FOUSSAT, ET UX.,

2    RECORDED MARCH 06, 1947 IN BOOK 2360, PAGE 57 OFFICIAL RECORDS,

3    AND THE TRUE POINT OF BEGINNING;

4    THENCE CONTINUING ALONG SAID NORTHERLY LINE SOUTH 89°59'20"

5    EAST 150.00 FEET TO THE BARNWELL STREET, AS SAID STREET IS

6    DESCRIBED IN DEED TO THE CITY OF OCEANSIDE, RECORDED JANUARY 13,

7    1930 IN BOOK 1724, PAGE 274 DEEDS;

8    THENCE EASTERLY ALONG SAID CURVE AND SAID SOUTHERLY LINE 115.60

9    FEET THROUGH AN ANGLE OF 10°57'00"; THENCE SOUTH 13°06'10" EAST

10   287.22 FEET;

11   THENCE NORTH 66°58'40" EAST 108.97 FEET TO A POINT IN THE NORTHERLY

12   LINE OF THE LAND DESCRIBED IN DEED TO LOUIS R. FOUSSAT, ET UX.,

13   RECORDED NOVEMBER 12, 1952 IN BOOK 4651, PAGE 530 OFFICIAL

14   RECORDS;

15   THENCE ALONG SAID NORTHERLY LINE SOUTH 60°59'30" WEST 6.19 FEET

16   TO THE MOST WESTERLY CORNER OF SAID LAND;

17   THENCE ALONG THE SOUTHWESTERLY LINE OF SAID LAND, SOUTH

18   29°00'30" EAST 32.88 FEET TO THE MOST NORTHERLY CORNER OF A PARCEL

19   OF LAND DESCRIBED IN DEED TO THE COLUMBUS CLUB OF SAN LUIS REY,

20   RECORDED JULY 24, 1958 IN BOOK 7180, PAGE 392 OFFICIAL RECORDS;

21   THENCE SOUTH 60°59'30" WEST ALONG THE NORTHWESTERLY LINE OF

22   SAID LAND TO AND ALONG THE NORTHWESTERLY LINES OF PARCELS OF

23   LAND DESCRIBED IN DEEDS TO BURNELL L. FOUSSAT, ET UX., RECORDED

24   FEBRUARY 14, 1957 IN BOOK 6457, PAGE 260 OFFICIAL RECORDS, AND

25   HUBERT FOUSSAT, ET UX., RECORDED MAY 29, 1956 IN BOOK 6121, PAGE 174

26   OFFICIAL RECORDS, A TOTAL DISTANCE OF 488.66 FEET (RECORD 488.51

27   FEET) TO THE WESTERLY LINE OF LAND DESCRIBED IN DEED TO RAMON

28   FOUSSAT, ET UX., RECORDED MARCH 06, 1947 IN BOOK 2360, PAGE 57

19

OFFICIAL RECORDS ABOVE MENTIONED; THENCE ALONG SAID WESTERLY LINE AS FOLLOWS: NORTH 09°58'05" EAST 333.25 FEET (RECORD 333.48 FEET) TO AN ANGLE POINT THEREIN AND NORTH 20°39'50" WEST 201.67 FEET TO THE TRUE POINT OF BEGINNING.

The Assessor's Parcel Number of the property is as follows:

APN: 149-160-32-00, 149-160-33-00

82.    On or about July 24, 2015, Corto signed a Note and Deed of Trust secured by this property. The Deed of Trust was recorded with the County Recorder of San Diego County on August 7, 2015 as Document Number 2015-0420148.

83.    On or about October 2, 2019, this deed of trust was reconveyed and the reconveyance was fully recorded with the County Recorder of San Diego County.

84.    Defendant Dawood, in concert with others, including DOES 1 through 10, using the services of defendant CSC, on or about April 12, 2023,  caused to be electronically recorded with the County Recorder of San Diego County as document number 2023-0094887, an invalid copy of the original deed of trust, in spite of the fact that having been reconveyed these documents were of no force and effect.  A true copy of this document is attached hereto as Exhibit 12, and is incorporated herein by this reference as if fully set forth

85.    The recordation of this previously reconveyed and altered Deed of Trust constituted a claim of a secured interest in the subject property, which claim became a public record. This claim was invalid, in that the security interest had been reconveyed, and could not be restored by the recordation of a previously reconveyed Deed of Trust.

86.    The defendants, and each of them, knew or acted with reckless disregard of the falsity of the claim, and in fact plaintiff owned the property and the claim asserted in the re-recorded document was invalid. Defendants further knew or should have recognized that someone might act on the claim and might cause a financial loss to plaintiff.

87.    Plaintiff did in fact suffer immediate financial harm, in that among other things it spent money with legal counsel and its ability to seek further development financing or to market the property is impaired. Defendant's conduct was a substantial cause of the harm to plaintiff. The

20

amount of damages is subject to proof at trial.

88.     Because defendants, and each of them, performed the actions alleged herein with oppression, fraud, and malice, and the actions were unlawful and despicable, plaintiff is entitled to recover punitive and exemplary damages. in an amount subject to proof at trial, above the jurisdictional minimum for this court, and sufficient to punish defendants and to make an example of them, and to deter them and others from engaging in similar conduct in the future.

## SIXTH CAUSE OF ACTION

**(By Corto, Against the Bian Defendants, For Cancellation of Instrument)**

89.     Plaintiffs reallege Paragraphs 1 through 89 of the complaint hereinabove, and incorporates them by reference as if fully set forth.

90.     The improperly recorded purported Deed of Trust, identified as Exhibit 12, was forged and unlawfully recorded, and is invalid. Its presence has caused, is causing, and will cause irreparable harm to Corto, and accordingly Corto is entitled to temporary, preliminary, interlocutory, and permanent equitable relief according to proof, to cancel said instrument and to declare it invalid.

91.     The presence of this improperly recorded instrument on the public record has caused and will cause damage to plaintiff in an amount subject to proof.

## SEVENTH CAUSE OF ACTION

**(By Murrieta, Against the Bian Defendants, For Cancellation of Instrument)**

92.     Plaintiffs reallege Paragraphs 1 through 92 of the complaint hereinabove, and incorporates them by reference as if fully set forth.

93.     The improperly recorded purported Deed of Trust, identified as Exhibit 4, was forged and unlawfully recorded, and is invalid. Its presence has caused, is causing, and will cause irreparable harm to Corto, and accordingly Corto is entitled to temporary, preliminary, interlocutory, and permanent equitable relief according to proof, to cancel said instrument and to declare it invalid.

94.     The presence of this improperly recorded instrument on the public record has caused and will cause damage to plaintiff in an amount subject to proof.

## EIGHTH CAUSE OF ACTION

**(RICO, By All Plaintiffs Against All Defendants Except CSC)**

21

95.     Plaintiffs reallege Paragraphs 1 through 95 of the complaint hereinabove, and incorporates them by reference as if fully set forth.

96.     This cause of action is brought under the provisions of RICO (the Racketeer Influenced and Corrupt Organizations Act, 18 USC §1961 *et seq).* Section 1964 authorizes an injured party to bring a civil action under the provisions the Act, and California state courts have concurrent jurisdiction over such civil actions, pursuant to *Cianci v. Superior Court,* 40 Cal.3d 903 (1985).

97.     Defendants formed an enterprise and association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4) (the "Enterprise").

98.     The Enterprise is an ongoing organization of Bian, Dawood, Jojospring, Weibo, and other Doe Defendants, associated for common and shared purposes, including: (a) conceiving and planning the extortionate scheme to extend usurious and illegal credit to Plaintiffs and other borrowers, (b) to the usurious and illegal loans by use of forgery and extortion, and (c) to use the usurious and illegal loans to obtain property in lieu of repayment, as well as the use of varies shell companies, in order to obfuscate the source of the initial funds and shield the proceeds from tax authorities, effectively engaging in money laundering.

99.     Defendant Bian and Doe Defendants on behalf of the Enterprise, entered into the illegal and usurious loan with Plaintiffs.

100.    All Defendants through the Enterprise engaged in and continue to engage in a pattern of racketeering activity comprised on the predicate acts of extending extortionate credit (18 U.S.C. § 892); willfully advancing money to another with reasonable grounds to believe that it is the intention of that person to use the money for the purpose of making extortionate extensions of credit  and wire fraud (18 U.S.C. § 893); knowingly using forgery and extortionate means to obtain real property from Plaintiffs (18 U.S.C. § 893); and extortion (18 U.S.C. § 1951).

101.    The Enterprise engaged in or affected interstate commerce, including the transfer of internal funds from China to the United States. Further, Defendants made use of interstate wires and mail to transfer the proceeds and funding on the loan and to make threats.

102.    Each extension of extortionate credit, forgery, extortion, use of cash and shell companies to launder proceeds, hide their source and origin, or hide the money from tax authorities,

**SECOND AMENDED COMPLAINT**

was in furtherance of the scheme and constitutes separate violations and predicate act.

103.    Each Defendant in this action has engaged in two or more predicate acts as detailed above.

104.    Each Defendant agreed to conduct, and did conduct or participate in, the Enterprise's affairs through a pattern of racketeering activity. Defendants intended their activity to obtain ill-gotten proceeds through extortionate loans and illegal means of collection. Defendants intended their activity to injure Plaintiffs in their property and financial interests.

105.    The predicate acts described here are related because they were committed using the same or similar methods and conduct, targeted the same or similar victims, involved the same or similar participants, and were performed for the same or similar purposes. *See H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989). The predicate acts described here are continuous, occurring from 2014 until the present. That time period represents close-ended continuity. *Id.*

106.    By executing the scheme described above, all Defendants have participated in the scheme.

107.    Defendants' pattern of racketeering activity damaged Plaintiffs in an amount to be proven at trial for legal costs associated with Defendants' illegal loans, forgery, and extortionate means of collection associated with the Enterprises scheme of extortion.

108.    Defendants, and each of them, combined in an enterprise and engaged in a common concerted scheme to commit each of the wrongs alleged hereinabove, each of which constituted criminal offenses not limited to but including forgery under California Penal Code section 470 and federal wire fraud under 18 U.S. Code 1343. Said defendants are likely to continue to commit similar acts in the future.

109.    Because defendants engaged in a criminal enterprise, plaintiffs, and each of them, are entitled to recover treble consequential and punitive damages, in an amount subject to proof, in excess of the jurisdictional minimum established by law for this court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs pray for relief as follows:

1.    Temporary and permanent injunction prohibiting Defendants from recording any of

**SECOND AMENDED COMPLAINT**

the forged deeds or any deed that has been reconveyed, and from further engaging in the RICO criminal conspiracy;

    2.    Consequential damages according to proof on the first through fifth causes of action;

    3.    Temporary, preliminary, interlocutory and permanent equitable relied as the court may determine, cancelling the illegally recorded deeds of trust, and declaring the same invalid;

    4.    Punitive and exemplary damages according to proof on the First through Fifth and Eighth causes of action, in amounts subject to proof at trial, in excess of the jurisdictional minimum established by law for this court;

    5.    Treble damages according to proof on the Eighth Cause of Action;

    6.    Costs of suit herein; and

    7.    Such other and further relief as may seem just and proper to this court.

Dated: October 17, 2025               **THE DIULIO FIRM PC**

Kristopher P. Diulio

Attorneys for Plaintiffs
MOUNTAIN VISTA HOLDINGS, LLC;
MURRIETA HOLDINGS 2012-12 LLC;
QUALITY INVESTORS 1 2016, LLC;
RANCHO VISTA HOMES 2018, LLC; and
COTO II, LLC

## **PLAINTIFFS' DEMAND FOR A JURY TRIAL**

Plaintiffs demand a trial by jury as to all causes of action triable to a jury.

Dated: October 17, 2025               **THE DIULIO FIRM PC**

Kristopher P. Diulio

Attorneys for Plaintiffs
MOUNTAIN VISTA HOLDINGS, LLC;
MURRIETA HOLDINGS 2012-12 LLC;
QUALITY INVESTORS 1 2016, LLC;
RANCHO VISTA HOMES 2018, LLC; and
COTO II, LLC

24

# Exhibit 1

DOC# 2023-0095193

Apr 12, 2023  10:15 AM
OFFICIAL RECORDS
JORDAN Z. MARKS,
SAN DIEGO COUNTY RECORDER
FEES: $265.00   (SB2 Atkins: $225.00)
PCOR: N/A
PAGES: 4

Recording Requested By and

When Recorded Return To:

David G Epstein
The David Epstein Law Firm
PO Box 4858
Laguna Beach, CA 92652

Assessor's Parcel No.: **183-131-23-00, 183-131-24-00,** Space Above This
**183-131-25-00 AND 183-131-26-00** Line for Recorder's
Use

### SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust is entered into on this 29th day of June, ,2022, by and among Mountain Vista Holdings LLC, (a California Limited Liability company) ("Trustor") whose address is 213 Park Avenue, Laguna Beach, California 92652, First American Title Company, a California ) Corporation ("Trustee"), and Wayne Bian aka Wengqiang Bian, as trustee of the Bian Liao Living Trust ("Lender") dated May 7, 2010, a California Trust.

WITNESSETH: That Trustor hereby irrevocably grants, transfers, and assigns to trustee in trust, with power of sale for the benefit of the Beneficiary, all of Trustor's interest in and to that certain property in Vista, California, County of San Diego,, California and described as follows (the "Property"):

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING: (1) performance of each agreement of Trustor incorporated by reference or contained herein; (2) payment of the indebtedness evidenced by that certain promissory note of even date herewith and any extension or renewal thereof, in the original principal sum of $2,250,000 executed by Trustor in favor of Beneficiary or order; and (3) payment of such further

sums as the then record owner of said Property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR HEREBY AGREES: By the execution and delivery of this Deed of Trust and the promissory note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded in San Diego County on October 23, 1961, Series 2 Book 1961 Page 9, which provisions hereby are adopted and incorporated herein and made a part hereof as though fully set forth herein at length; that Trustor will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the Property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to Trustor at the address set forth above.

TRUSTOR:

Mountain Vista Holdings, LLC

By: _____

David G. Epstein, Manager

NOTARY ACKNOWLEDGEMENT ATTACHED

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                                )

                                                                        ) ss.

COUNTY OF Orange_____                )

On 8-24-2022, before me,
Laurie Clack Notary Public_____,personally appeared
David G Epstein_____,who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public, State of California

[SEAL]


LAURIE CLACK
COMM...2341474
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. Jan. 15, 2025

## EXHIBIT "A"
## Legal Description

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCELS 1, 2, 3 AND 4 OF PARCEL MAP NO. 7019, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, MARCH 16, 1978 AS FILE NO. 78-104657, OFFICIAL RECORDS.

APN: 183-131-23-00, 183-131-24-00, 183-131-25-00 AND 183-131- 26-00

# Exhibit 2

RECORDING REQUESTED BY:
The David Epstein Law Firm
P.O. Box 4858
Laguna Beach, CA  92652

When Recorded Mail Document To:
Jojospring Company, LLC
28842 Westport Way
Laguna Niguel, CA 92677

Escrow No.: 150473
Title No.:



**2015-0536669**
12/10/2015 02:03 PM Fee: $ 52.00

Page 1 of 5
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

| | | | | | R | A | Exam: | 778 |
|---|---|---|---|---|---|---|---|---|
| 478 | 14 | | | | | | | |
| Page | DA | PCOR | Misc | Long | RFD | 1st Pg | Adtl Pg | Cert | CC |
| 5 | 2 | | | | | 1 | 4 | | |
| SIZE | NCOR | SMF | NCHG | T: | | | | |

12.50

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST LONG FORM AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST, **December 3, 2015,** between Murrieta Holdings 2012-12 LLC, herein called **TRUSTOR,** whose address is **213 Park Avenue, Laguna Beach, CA  92651**

, Fidelity National Title Company herein called **TRUSTEE,** and , Jojospring Company, LLC **herein** called **BENEFICIARY,**

**WITNESSETH:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Riverside County, California, described as:

See Exhibit "A" attached hereto and made a part hereof for the complete legal description

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of **One Million Two Hundred Fifty Thousand Dollars $1,250,000.00** executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:**
(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary.  The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.  Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

Initials _____  _____  _____

DOC #2015-0536669  Page 2 of 5

APN:

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said Note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such, rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

Initials ____ ____ ____ ____

APN:

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby. After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash of lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the proceeding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and pages where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the Note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned **Trustor** requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to his/her/they at their address hereinbefore set forth.

Murrieta Holdings 2012-12 LLC

David G. Epstein, Manager

Initials

APN:

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not
the truthfulness, accuracy, or validity of that document.

## REQUEST FOR FULL RECONVEYANCE

TO:  TRUSTEE:

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust.  All sums secured
by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of
any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said
Deed of Trust, delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the
parties designated by the terms of said Deed of Trust, all the estate now held by you under the same.

Dated:_____

_____                          _____

By: _____                      By: _____

Please mail Reconveyance to:

_____

### Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.
*Both original documents must be delivered to the Trustee for cancellation before reconveyance will be made.*

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not
the truthfulness, accuracy, or validity of that document.

State of California
County of  OR AN GE
On   DEC. 9, 2015                    before me,
MEHDI ZAHEDI,              , Notary Public,
personally appeared
-DAVID G. EPSTEIN
_ who proved to me on the basis of satisfactory evidence
to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s) or the entity
upon behalf of which the person(s) acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws
of the State of California that the foregoing paragraph is
true and correct.
Witness my hand and official seal.

Signature_____ (Seal)

MEHDI ZAHEDI
Comm. #1961793
Notary Public - California
Orange County
Comm. Expires Dec 23, 2015

Initials _____

DOC #2015-0536669 Page 5 of 5

PRELIMINARY REPORT
Your Reference: 150376CG

Fidelity National Title Company
Order No.: 989-23070415-SG4

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF MURRIETA, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

THE NORTHWEST HALF OF THE NORTHWEST HALF OF THE SOUTHWEST HALF OF LOT 66 OF THE MURRIETA PORTION OF THE TEMECULA RANCHO, AS SHOWN BY MAP OF TEMECULA LAND AND WATER CO., ON FILE IN BOOK 8 PAGE 359 OF MAPS, RECORDS OF SAN DIEGO COUNTY, CALIFORNIA, BY METES AND BOUNDS:
COMMENCING AT THE INTERSECTION OF THE CENTER LINE OF LEMON STREET AND ADAMS STREET;
THENCE NORTHEASTERLY ON THE CENTER LINE OF LEMON STREET, 660 FEET;
THENCE SOUTHEASTERLY, PARALLEL WITH THE CENTER LINE OF ADAMS AVENUE, 330 FEET; THENCE SOUTHWESTERLY, PARALLEL WITH THE CENTER LINE OF LEMON STREET, 660 FEET TO THE CENTER LINE OF ADAMS AVENUE;
THENCE NORTHWESTERLY ON THE CENTER LINE OF ADAMS AVENUE, 330 FEET TO THE POINT OF BEGINNING;

EXCEPTING THEREFROM LEMON STREET AND ADAMS AVENUE.

ALSO EXCEPTING THEREFROM THAT PORTION DESCRIBED AS PARCEL 7143-28A AS SHOWN ON RECORD OF SURVEY, FILED IN BOOK 95, PAGES 24 TO 27 INCLUSIVE, AS CONVEYED TO THE RIVERSIDE COUNTY FLOOD CONTROL AND WATER CONSERVATION DISTRICT BY DEED RECORDED JUNE 23, 1995 AS INST. NO. 204135 OF OFFICIAL RECORDS.

PARCEL 2:

THE SOUTHEAST HALF OF THE NORTHWEST HALF OF THE SOUTHWESTERLY HALF OF LOT 66, AS SHOWN BY MAP ENTITLED MAP OF THE TEMECULA LAND AND WATER COMPANY, ON FILE IN BOOK 8 PAGE 359 OF MAPS, RECORDS OF SAN DIEGO COUNTY, CALIFORNIA;

EXCEPTING THEREFROM ADAMS AVENUE.

ALSO EXCEPTING THEREFROM THAT PORTION DESCRIBED AS PARCEL 7143-27C AS SHOWN ON RECORD OF SURVEY FILED JULY 21, 1993 IN BOOK 95, PAGES 24 TO 27 INCLUSIVE, AS CONVEYED TO THE RIVERSIDE COUNTY FLOOD CONTROL AND WATER CONSERVATION DISTRICT BY DEED RECORDED JUNE 23, 1995 AS INST. NO. 204134 OF OFFICIAL RECORDS.

APN: 906-060-039-3 AND 906-060-041-4

# Exhibit 3

**2019-0477313**

11/19/2019 12:13 PM Fee: $ 201.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder



**RECORDING REQUESTED BY**

David G Epstein

AND WHEN RECORDED MAIL TO:

Name    David G Epstein
Street   PO Box 4858
Address  Laguna Beach, CA 92652

City &
State
Zip

080

Title Order No.            Escrow No.

Assessors Parcel Number:9060603933/0414          SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE

The undersigned, Wenqiang Bian, as Authorized Representative of Jojospring Company, LLC

present Beneficiary, as owner and holder of the Note Secured by Deed of Trust dated December 3, 2015
made by Murrieta Holdings 2012-12 LLC

as Trustor, to Fidelity National Title Company
as original Trustee, for Jojospring Company, LLC

as Beneficiary, which Deed of Trust was recorded Dec. 10, 2015        , as Instrument Number 2015-0536669        in
book        , page        , Official Records of Riverside        County, California, hereby appoints and Substitutes
David G Epstein

as Trustee in lieu of the Trustee therein.
As such duly appointed and substituted Trustee,
David G Epstein

accepts said appointment as Trustee under the above Deed of Trust, and as successor Trustee, and pursuant to the request of
said owner and holder and in accordance with the provisions of said Deed of Trust, does hereby RECONVEY WITHOUT
WARRANTY, TO THE PERSON OR PERSONS LEGALLY ENTITLED THERETO, ALL the estate, title and interest
now held by said trustee under said Deed of Trust. Wherever the text of this document so requires, the singular includes the
plural.

IN WITNESS WHEREOF, the owner and holder above named, and
David G Epstein

as successor Trustee, has caused this instrument to be executed, each in its respective interest.

DATE: October 2, 2019                          DATE: October      , 2019
Beneficiary                                     Successor Trustee

Wenqiang Bian, Autorized Representive of         David G Epstein
Jojospring Company, LLC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY  OF  _ORANGE_

On  _OCT. 1, 2019_  before me,

_MEHDI ZAHEDI_
(here insert name and title of the officer)

,notary public, personally appeared
_— DAVID G. EPTEIN_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _Mehdi Zahedi_



(This area for official notarial seal)

MEHDI ZAHEDI
COMM...2135028
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. December 23, 2019

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY  OF  _San Diego_

On _October 8, 2019_  before me,
_Brenda Arriaga_
(here insert name and title of the officer)

,notary public, personally appeared _Wenqiang Bian_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _Brenda A._

BRENDA ARRIAGA
COMM. #2279121
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
My Commission Expires 02/28/2023

(This area for official notarial seal)

# Exhibit 4

**DOC # 2023-0106817**
04/14/2023 09:53 AM Fees: $204.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

\*\*This document was electronically submitted
to the County of Riverside for recording\*\*
Receipted by: ALEJANDRA#1032

RECORDING REQUESTED BY:

David G. Epstein

WHEN RECORDED MAIL TO:

Wenqiang Bian
28842 Westport Way
Laguna Niguel, CA 92677-4665

ORDER NO.
ESCROW NO.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 9060803833/0414

This Deed of Trust, made this October 2, 2019 , between Murrieta Holdings 2012-12, LLC

herein called **TRUSTOR**, whose address is 213 Park Avenue, Laguna Beach, CA 92651

Chicago Title Company , a California Corporation, herein called **TRUSTEE**, and

Wenqiang Bian, as Trustee of the Bian Liao Living Trust Dated May 7, 2010 herein called **BENEFICIARY**.

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE**, that property in Riverside County, California, described as:

**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. **2.** Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $ 1,250,000——— executed by Trustor in favor of Beneficiary by order. **3.** Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2, Book 1961, Page 183887 | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

Page 1

## SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X _____  Oct 1, 2019

Signature of Trustor

David G Epstein, as Manager, Murrieta Holdings 2012-12, LLC

Print Name of Trustor

X _____

Signature of Trustor

_____

Print Name of Trustor

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

**MEHDI ZAHEDI**
COMM...2135028
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. December 23, 2019

DATE:

STATE OF CALIFORNIA

COUNTY OF ORANGE

On OCT 1, 2019 before me, MEHDI ZAHEDI _____ , a Notary Public, personally appeared
— DAVID G. EPSTEIN

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

(Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

DOC #2023-0106817  Page 3 of 3

PRELIMINARY REPORT
Your Reference: 150376CG

Fidelity National Title Company
Order No.: 989-23070415-SG4

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF MURRIETA, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

THE NORTHWEST HALF OF THE NORTHWEST HALF OF THE SOUTHWEST HALF OF LOT 66 OF THE MURRIETA PORTION OF THE TEMECULA RANCHO, AS SHOWN BY MAP OF TEMECULA LAND AND WATER CO., ON FILE IN BOOK 8 PAGE 359 OF MAPS, RECORDS OF SAN DIEGO COUNTY, CALIFORNIA, BY METES AND BOUNDS:
COMMENCING AT THE INTERSECTION OF THE CENTER LINE OF LEMON STREET AND ADAMS STREET;
THENCE NORTHEASTERLY ON THE CENTER LINE OF LEMON STREET, 660 FEET;
THENCE SOUTHEASTERLY, PARALLEL WITH THE CENTER LINE OF ADAMS AVENUE, 330 FEET; THENCE SOUTHWESTERLY, PARALLEL WITH THE CENTER LINE OF LEMON STREET, 660 FEET TO THE CENTER LINE OF ADAMS AVENUE;
THENCE NORTHWESTERLY ON THE CENTER LINE OF ADAMS AVENUE, 330 FEET TO THE POINT OF BEGINNING;

EXCEPTING THEREFROM LEMON STREET AND ADAMS AVENUE.

ALSO EXCEPTING THEREFROM THAT PORTION DESCRIBED AS PARCEL 7143-28A AS SHOWN ON RECORD OF SURVEY, FILED IN BOOK 95, PAGES 24 TO 27 INCLUSIVE, AS CONVEYED TO THE RIVERSIDE COUNTY FLOOD CONTROL AND WATER CONSERVATION DISTRICT BY DEED RECORDED JUNE 23, 1995 AS INST. NO. 204135 OF OFFICIAL RECORDS.

PARCEL 2:

THE SOUTHEAST HALF OF THE NORTHWEST HALF OF THE SOUTHWESTERLY HALF OF LOT 66, AS SHOWN BY MAP ENTITLED MAP OF THE TEMECULA LAND AND WATER COMPANY, ON FILE IN BOOK 8 PAGE 359 OF MAPS, RECORDS OF SAN DIEGO COUNTY, CALIFORNIA;

EXCEPTING THEREFROM ADAMS AVENUE.

ALSO EXCEPTING THEREFROM THAT PORTION DESCRIBED AS PARCEL 7143-27C AS SHOWN ON RECORD OF SURVEY FILED JULY 21, 1993 IN BOOK 95, PAGES 24 TO 27 INCLUSIVE, AS CONVEYED TO THE RIVERSIDE COUNTY FLOOD CONTROL AND WATER CONSERVATION DISTRICT BY DEED RECORDED JUNE 23, 1995 AS INST. NO. 204134 OF OFFICIAL RECORDS.

APN: 906-060-039-3 AND 906-060-041-4

# Exhibit 5

DOC# 2016-0588991

Oct 31, 2016  03:06 PM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES:  $42.00
PCOR: N/A
PAGES: 4

**RECORDING REQUESTED BY:**
The David Epstein Law Firm
P.O. Box 4858
Laguna Beach, CA 92652

**AND WHEN RECORDED MAIL TO:**
JOJOSPRING COMPANY
28842 WESTPORT WAY
LAGUNA NIGUEL, CA 92677

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this 27th Day of October, 2016, between Quality Investors 1 2016, LLC, herein called Trustor,, whose address is PO Box 4858 Laguna Beach, CA 92652, and Jojospring Co., Ltd., herein called Beneficiary, and to Chicago Title Co, in trust, as Trustee

Witnessed: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE Chicago Title Co. IN TRUST, WITH POWER OF SALE, that property in Riverside County, California, described as: San Diego

See Exhibit A attached hereto and made a part hereof for the complete legal description

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the pro-visions incorporated herein by reference to collect and apply such rents, issues and profits.
For the Purpose of Securing:

1. Performance of each agreement of Trustor incorporated by reference or contained herein.

2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of One Million Eight Hundred Thousand Dollars ($1,800,000), executed by Trustor in favor of Beneficiary.

3. Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust and the rate secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded 1964, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

San Diego SERIES 5 149774

(which provisions, identical in all counties, are printed below) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and par-ties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

David G. Epstein, Manager    / 2016, LLC
Quality Investors ~2016, LLC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF ORANGE          } S.S.

On OCT. 31, 2016        , before me, MEHDI ZAHEDI, NOTARY PUBLIC         ,
personally appeared David G. Epstein who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature    Mehdi Zahedi          (Seal)

MEHDI ZAHEDI
Comm. #2135028
Notary Public - California
Orange County
Comm. Expires Dec 23, 2019

PRELIMINARY REPORT
Your Reference: 16-7209-CG

Fidelity National Title Company
Order No.: 996-23079044-A-KC1

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF OCEANSIDE, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

THAT PORTION OF SECTIONS 28 AND 29, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN, BEING WITHIN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE SECTION CORNER COMMON TO SECTIONS 28, 29, 32 AND 33, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN;

THENCE ALONG THE LINE COMMON TO SAID SECTIONS 29 AND 32, NORTH 88-57'07" WEST, 165.16 FEET (RECORD: NORTH 89°29'23" WEST, 165.18 FEET, MAP 5697I), TO THE SOUTHEAST CORNER OF EL CAMINO ESTATES, MAP 5697, RECORDED FEBRUARY 16, 1966; THENCE NORTHERLY ALONG THE EASTERLY BOUNDARY OF SAID EL CAMINO ESTATES, NORTH 8°37'15" EAST, 481.10 FEET (RECORD: NORTH 8°00'50" EAST, 481.06 FEET, MAP 5697); THENCE NORTH 5°02'30" WEST, 12.45 FEET (RECORD: NORTH 5°31'28" WEST, MAP 5697), TO A POINT OF INTERSECTION WITH A LINE, LYING 100.00 FEET NORTHERLY AND PARALLEL WITH THE SOUTHERLY LINE OF PARCEL D OF PARCEL MAP 12334, RECORDED: SEPTEMBER 23, 1984;
THENCE EASTERLY ALONG SAID PARALLEL LINE, SOUTH 89°09'39" EAST, 325.99 FEET; THENCE SOUTH 44°09'39" EAST, 141.42 FEET, TO THE SOUTHEASTERLY CORNER OF LOT 9 OF ROBINHOOD DEL ORO VILLAGE "A", MAP 11758, RECORDED APRIL 8, 1987;
ALSO BEING ALONG THE SOUTHERLY LINE OF SAID PARCEL D; THENCE EASTERLY ALONG SAID SOUTHERLY LINE, SOUTH 89°09'39" EAST, 1133'22.62 FEET, TO AN INTERSECTION WITH THE WESTERLY LINE OF COSTA SERENA UNIT NO. 6, ACCORDING TO MAP THEREOF NO. 7336, RECORDED JUNE 29, 1972; THENCE SOUTHERLY ALONG THE WESTERLY BOUNDARY OF SAID COSTA SERENA UNIT NO. 6, SOUTH 22°29'44" WEST, 193.29 FEET (RECORD SOUTH 22°03'13" WEST, MAP 7336); THENCE SOUTH 0°41'19" WEST, 75.09 FEET (RECORD: SOUTH 0°23'27" WEST, 75.00 FEET, MAP 7336); THENCE NORTH 89°09'08" WEST, 48.92 FEET (RECORD: NORTH 89°36'33" WEST, 49.00 FEET, MAP 7336); THENCE SOUTH 0°50'52" WEST, 135.11 FEET (RECORD: SOUTH 0°23'27" WEST, 135.00 FEET, MAP 7336), TO THE SOUTHERLY LINE OF THE ABOVE DESCRIBED SECTION 28; THENCE WESTERLY ALONG SAID SOUTHERLY LINE, NORTH 89-09'08" WEST, 1327.24 FEET (RECORD: NORTH 89°36'33" WEST, 1327.35 FEET, MAP 7336) TO THE ABOVE DESCRIBED COMMON SECTION CORNER, AND THE POINT OF BEGINNING.

EXCEPTING ALL THAT PORTION OF RANCHO DE! ORO ROAD, BEING DESCRIBED AS FOLLOWS:

BEGINNING AT THE SECTION CORNER COMMON TO SECTIONS 28, 29, 23 AND 33, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN;
THENCE EASTERLY ALONG THE COMMON SINE TO SECTIONS 28 AND 33, SOUTH 89°09'08" EAST, 782.57 FEET (RECORD: SOUTH 89°36'33" EAST, MAP 7336) TO AN INTERSECTION WITH A NON-TANGENT 1050.00 FOOT RADIUS, CONCAVE SOUTHEASTERLY, HAVING A RADIAL BEARING TO SAID POINT OF NORTH 69°22'11" WEST, BEING THE WESTERLY SIDELINE OF RANCHO DEL ORO ROAD, ALSO BEING THE TRUE POINT OF BEGINNING; THENCE NORTHEASTERLY ALONG THE ARC OF SAID CURVE, THROUGH A CENTRAL ANGLE OF 15°12'52", A DISTANCE OF 278.82 FEET; THENCE TANGENT TO SAID CURVE NORTH 35°50'41" EAST, 174.52 FEET, TO AN INTERSECTION WITH THE SOUTHERLY LINE OF THE ABOVE DESCRIBED PARCEL D OF SAID PARCEL MAP 12334; THENCE EASTERLY ALONG SAID SOUTHERLY LINE, SOUTH 89°09'39" EAST, 120.33, TO AN INTERSECTION WITH A NON-TANGENT 1450.00 FOOT RADIUS CURVE, CONCAVE NORTHWESTERLY; HAVING A RADIAL BEARING TO SAID POINT OF SOUTH 56°42'27" EAST, THENCE SOUTHWESTERLY ALONG THE ARC OF SAID CURVE, THROUGH A CENTRAL ANGLE OF 2°33'08", A DISTANCE OF 64.59 FEET; THENCE TANGENT TO SAID CURVE, SOUTH 35°50'41" WEST, 178.98 FEET, TO THE BEGINNING OF A TANGENT 950.00 FOOT RADIUS CURVE, CONCAVE; THENCE SOUTHWESTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 13°01'47", A DISTANCE OF 216.04 FEET, TO AN INTERSECTION WITH THE ABOVE DESCRIBED SECTION LINE COMMON TO BOTH SECTIONS 28 AND 33;

PRELIMINARY REPORT
Your Reference: 16-7209-CG

Fidelity National Title Company
Order No.: 996-23079044-A-KC1

## EXHIBIT A
### (Continued)

THENCE WESTERLY ALONG SAID COMMON LINE, NORTH 89°09'08" WEST, 107.01 FEET, TO THE TRUE POINT OF BEGINNING.

ALSO EXCEPTING THEREFROM LOT 1 OF VISTA DEL ORO, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 13018, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, FEBRUARY 26, 1992

APN: 165-362-02-00

# Exhibit 6

**RECORDING REQUESTED BY**
David G Epstein

AND WHEN RECORDED MAIL TO

Name    David G Epstein
Street    PO Box 4858
Address  Laguna Beach, CA 92652
City &
State
Zip

Title Order No                  Escrow No

Assessors Parcel Number 165-362-02-00

DOC# 2019-0527198

Nov 14, 2019  12:10 PM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $187.00   (SB2 Atkins: $150.00)
PCOR: N/A
PAGES: 2

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE

The undersigned, Wenqiang Bian, as President of Jojospring Co , Ltd ,

present Beneficiary, as owner and holder of the Note Secured by Deed of Trust dated October 27, 2016
made by Quality Investors 1 2016, LLC

as Trustor, to Chicago Title Co
as original Trustee, for Jojospring Co , Ltd

as Beneficiary, which Deed of Trust was recorded October 31, 2016  , as Instrument Number 2016-0588991      in
book         , page          , Official Records of San Diego          County, California, hereby appoints and Substitutes
David G Epstein

as Trustee in lieu of the Trustee therein
As such duly appointed and substituted Trustee,
David G Epstein

accepts said appointment as Trustee under the above Deed of Trust, and as successor Trustee, and pursuant to the request of
said owner and holder and in accordance with the provisions of said Deed of Trust, does hereby RECONVEY WITHOUT
WARRANTY, TO THE PERSON OR PERSONS LEGALLY ENTITLED THERETO, ALL the estate, title and interest
now held by said trustee under said Deed of Trust  Wherever the text of this document so requires, the singular includes the
plural

IN WITNESS WHEREOF, the owner and holder above named, and
David G Epstein

as successor Trustee, has caused this instrument to be executed, each in its respective interest

DATE October 2, 2019
Beneficiary

Wenqiang Bian, as President, Jojospring Co , Ltd

DATE October  /, 2019
Successor Trustee

David G  Epstein

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF _ORANGE_

On _OCT. 1, 2019_ before me,
_MEHDI ZAHEDI_
(here insert name and title of the officer)

, notary public, personally appeared
_– DAVID G. EPSTEIN –_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____

MEHDI ZAHEDI
COMM...2135028
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. December 23, 2019

(This area for official notarial seal)

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF _San Diego_

On _October 8, 2019_ before me,
_Brenda Arriaga_
(here insert name and title of the officer)

, notary public, personally appeared _Wengiang Ban_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____



BRENDA ARRIAGA
COMM. #2279121
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
My Commission Expires 02/28/2023

(This area for official notarial seal)

# Exhibit 7

DOC# 2023-0096288

Apr 13, 2023  09:17 AM
OFFICIAL RECORDS
JORDAN Z. MARKS,
SAN DIEGO COUNTY RECORDER
FEES: $190.00  (SB2 Atkins: $150.00)
PCOR: N/A
PAGES: 4

RECORDING REQUESTED BY:
The David Epstein Law Firm
P.O. Box 4858
Laguna Beach, CA  92652

AND WHEN RECORDED MAIL TO:
JOJOSPRING COMPANY
28842 WESTPORT WAY
LAGUNA NIGUEL, CA  92677

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this 27th Day of October, 2016, between Quality Investors 1 2016, LLC, herein called
Trustor,, whose address is PO Box 4858 Laguna Beach, CA 92652, and Jojospring Co., Ltd., herein called
Beneficiary, and  to Chicago Title Co, in trust, as Trustee

Witnessed: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE Chicago Title
Co. IN TRUST, WITH POWER OF SALE, that property in Riverside County, California, described as:
San Diego

See Exhibit A attached hereto and made a part hereof for the complete legal description

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and
authority given to and conferred upon Beneficiary by paragraph (10) of the pro-visions incorporated herein by
reference to collect and apply such rents, issues and profits.
For the Purpose of Securing:

1. Performance of each agreement of Trustor incorporated by reference or contained herein.

2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension
or renewal thereof, in the principal sum of One Million Eight Hundred Thousand Dollars ($1,800,000),
executed by Trustor in favor of Beneficiary.

3. Payment of such further sums as the then record owner of said property may borrow from Beneficiary,
when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of
Trust and the rate secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded
1964, in the book and at the page of Official Records in the office of the county recorder of the county where
said property is located, noted below opposite the name of such county, viz.:

San Diego SERIES 5 149774

(which provisions, identical in all counties, are printed below) hereby are adopted and incorporated herein
and made a part hereof as fully as though set forth herein at length; that he will observe and perform said
provisions; and that the references to property, obligations, and parties in said provisions shall be construed to
refer to the property, obligations, and par-ties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be
mailed to him at his address hereinbefore set forth.

David G. Epstein, Manager    / 2016, LLC
Quality Investors L2016, LLC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document
to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF ORANGE            } S.S.

On OCT. 31, 2016 , before me, MEHDI ZAHEDI, NOTARY PUBLIC
personally appeared David G. Epstein who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ Mehdi Jahedi _____ (Seal)

MEHDI ZAHEDI
Comm. #2135028
Notary Public - California
Orange County
Comm. Expires Dec 23, 2019

PRELIMINARY REPORT
Your Reference: 16-7209-CG

Fidelity National Title Company
Order No.: 996-23079044-A-KC1

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF OCEANSIDE, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

THAT PORTION OF SECTIONS 28 AND 29, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN, BEING WITHIN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE SECTION CORNER COMMON TO SECTIONS 28, 29, 32 AND 33, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN;

THENCE ALONG THE LINE COMMON TO SAID SECTIONS 29 AND 32, NORTH 88-57'07" WEST, 165.16 FEET (RECORD: NORTH 89°29'23" WEST, 165.18 FEET, MAP 56971), TO THE SOUTHEAST CORNER OF EL CAMINO ESTATES, MAP 5697, RECORDED FEBRUARY 16, 1966; THENCE NORTHERLY ALONG THE EASTERLY BOUNDARY OF SAID EL CAMINO ESTATES, NORTH 8°37'15" EAST, 481.10 FEET (RECORD: NORTH 8°00'50" EAST, 481.06 FEET, MAP 5697); THENCE NORTH 5°02'30" WEST, 12.45 FEET (RECORD: NORTH 5°31'28" WEST, MAP 5697), TO A POINT OF INTERSECTION WITH A LINE, LYING 100.00 FEET NORTHERLY AND PARALLEL WITH THE SOUTHERLY LINE OF PARCEL D OF PARCEL MAP 12334, RECORDED: SEPTEMBER 23, 1984;
THENCE EASTERLY ALONG SAID PARALLEL LINE, SOUTH 89°09'39" EAST, 325.99 FEET; THENCE SOUTH 44°09'39" EAST, 141.42 FEET, TO THE SOUTHEASTERLY CORNER OF LOT 9 OF ROBINHOOD DEL ORO VILLAGE "A", MAP 11758, RECORDED APRIL 8, 1987;
ALSO BEING ALONG THE SOUTHERLY LINE OF SAID PARCEL D; THENCE EASTERLY ALONG SAID SOUTHERLY LINE, SOUTH 89°09'39" EAST, 1133'22.62 FEET, TO AN INTERSECTION WITH THE WESTERLY LINE OF COSTA SERENA UNIT NO. 6, ACCORDING TO MAP THEREOF NO. 7336, RECORDED JUNE 29, 1972; THENCE SOUTHERLY ALONG THE WESTERLY BOUNDARY OF SAID COSTA SERENA UNIT NO. 6, SOUTH 22°29'44" WEST, 193.29 FEET (RECORD SOUTH 22°03'13" WEST,. MAP 7336); THENCE SOUTH 0°41'19" WEST, 75.09 FEET (RECORD: SOUTH 0°23'27" WEST, 75.00 FEET, MAP 7336); THENCE NORTH 89°09'08" WEST, 48.92 FEET (RECORD: NORTH 89°36'33" WEST, 49.00 FEET, MAP 7336); THENCE SOUTH 0°50'52" WEST, 135.11 FEET (RECORD: SOUTH 0°23'27" WEST, 135.00 FEET, MAP 7336), TO THE SOUTHERLY LINE OF THE ABOVE DESCRIBED SECTION 38; THENCE WESTERLY ALONG SAID SOUTHERLY LINE, NORTH 89-09'08" WEST, 1327.24 FEET (RECORD: NORTH 89°36'33" WEST, 1327.35 FEET, MAP 7336) TO THE ABOVE DESCRIBED COMMON SECTION CORNER, AND THE POINT OF BEGINNING.

EXCEPTING ALL THAT PORTION OF RANCHO DE! ORO ROAD, BEING DESCRIBED AS FOLLOWS:

BEGINNING AT THE SECTION CORNER COMMON TO SECTIONS 28, 29, 23 AND 33, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN;
THENCE EASTERLY ALONG THE COMMON SINE TO SECTIONS 28 AND 33, SOUTH 89°09'08" EAST, 782.57 FEET (RECORD: SOUTH 89°36'33" EAST, MAP 7336) TO AN INTERSECTION WITH A NON-TANGENT 1050.00 FOOT RADIUS, CONCAVE SOUTHEASTERLY, HAVING A RADIAL BEARING TO SAID POINT OF NORTH 69°22'11" WEST, BEING THE WESTERLY SIDELINE OF RANCHO DEL ORO ROAD, ALSO BEING THE TRUE POINT OF BEGINNING; THENCE NORTHEASTERLY ALONG THE ARC OF SAID CURVE, THROUGH A CENTRAL ANGLE OF 15°12'52", A DISTANCE OF 278.82 FEET; THENCE TANGENT TO SAID CURVE NORTH 35°50'41" EAST, 174.52 FEET, TO AN INTERSECTION WITH THE SOUTHERLY LINE OF THE ABOVE DESCRIBED PARCEL D OF SAID PARCEL MAP 12334; THENCE EASTERLY ALONG SAID SOUTHERLY LINE, SOUTH 89°09'39" EAST, 120.33, TO AN INTERSECTION WITH A NON-TANGENT 1450.00 FOOT RADIUS CURVE, CONCAVE NORTHWESTERLY; HAVING A RADIAL BEARING TO SAID POINT OF SOUTH 56°42'27" EAST, THENCE SOUTHWESTERLY ALONG THE ARC OF SAID CURVE, THROUGH A CENTRAL ANGLE OF 2°33'08", A DISTANCE OF 64.59 FEET; THENCE TANGENT TO SAID CURVE, SOUTH 35°50'41" WEST, 178.98 FEET, TO THE BEGINNING OF A TANGENT 950.00 FOOT RADIUS CURVE, CONCAVE; THENCE SOUTHWESTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 13°01'47", A DISTANCE OF 216.04 FEET, TO AN INTERSECTION WITH THE ABOVE DESCRIBED SECTION LINE COMMON TO BOTH SECTIONS 28 AND 33;

PRELIMINARY REPORT
Your Reference: 16-7209-CG

Fidelity National Title Company
Order No.: 996-23079044-A-KC1

## EXHIBIT A
### (Continued)

THENCE WESTERLY ALONG SAID COMMON LINE, NORTH 89°09'08" WEST, 107.01 FEET, TO THE TRUE POINT OF BEGINNING.


ALSO EXCEPTING THEREFROM LOT 1 OF VISTA DEL ORO, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 13018, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, FEBRUARY 26, 1992

APN: 165-362-02-00

# Exhibit 8

DOC# 2017-0567394

|||||||||||||||||||||||||||||||||||||||||||||||||

Dec 06, 2017  12:04 PM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES:   $42.00
PCOR: N/A
PAGES: 4

**RECORDING REQUESTED BY**

Futura Escrow, Inc.
2223 Avenida de la Playa, Ste 212
La Jolla, CA 92037

**AND WHEN RECORDED MAIL TO**

Wayne Bian
Jojospring Company Ltd
38842 Westport Way
Laguna Niguel, CA 92677

## DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this 17th day of October, 2017, between Rancho Vista Homes 2018 LLC, herein called Trustor, whose address is 213 Park Avenue, Laguna Beach, CA 92651, and Wenqiang Bian, herein called Beneficiary, *First American Title Company , Trustee;*

Witnesseth: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE FIRST AMERICAN TITLE COMPANY, IN TRUST, WITH POWER OF SALE, that property in San Diego County, California, described as:

See Exhibit A attached hereto.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

For the Purpose of Securing:

1. Performance of each agreement of Trustor incorporated by reference or contained herein.

2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of Two Million Eight Hundred Thousand Dollars ($2,800,000), executed by Trustor in favor of Beneficiary.

3. Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust and the rate secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

San Diego Series 5   Book 164   Page 149774

hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that it will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

David G. Epstein, Manager

*Rancho Vista Homes 2018, LLC*

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF OCEANSIDE, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL A:

PARCEL 3 OF PARCEL MAP NO. 18668, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY APRIL 2, 2001 AS INSTRUMENT NO. 2001-0195187, OFFICIAL RECORDS.

PARCEL B:

AN EASEMENT AND RIGHT-OF-WAY FOR PRIVATE ACCESS ROAD PURPOSES OVER, ALONG AND ACROSS A STRIP OF LAND 18.00 WIDE, LYING WITHIN THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 17, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO UNITED STATES GOVERNMENT SURVEY, THE CENTERLINE OF SAID 18.00 FOOT STRIP BEING DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON COURSE (5) DESCRIBED IN PARCEL 1 (28079-1) OF FINAL ORDER OF CONDEMNATION RECORDED NOVEMBER 25, 1997 AS FILE NO. 1997-0597163 OF OFFICIAL RECORDS, DISTANT NORTH 53°12'41" EAST 236.88 FEET FROM THE SOUTHWESTERLY TERMINUS OF SAID COURSE (5);

THENCE (1) LEAVING SAID COURSE (5) NORTH 61°57'43" WEST 32.14 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHERLY HAVING A RADIUS OF 100.00 FEET;

THENCE (2) NORTHWESTERLY, WESTERLY AND SOUTHWESTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 44°28'32" AN ARC LENGTH OF 77.62 FEET;

THENCE (3) TANGENT TO SAID CURVE SOUTH 73°33'45" WEST 353.68 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE NORTHWESTERLY HAVING A RADIUS OF 50.00 FEET;

THENCE (4) SOUTHWESTERLY, WESTERLY AND NORTHWESTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 88°05'23" AN ARC LENGTH OF 76.87 FEET;

THENCE (5) TANGENT TO LAST SAID CURVE NORTH 18°20'52" WEST 40.64 FEET TO THE TERMINUS OF THE DESCRIBED CENTERLINE.

THE SIDELINE SHALL BE PROLONGED OR SHORTENED SO AS TO TERMINATE SOUTHEASTERLY AT SAID COURSE (5) DESCRIBED IN PARCEL 1 (28079-1) OF THAT CERTAIN FINAL ORDER OF CONDEMNATION RECORDED NOVEMBER 25, 1997 AS INSTRUMENT NO. 97-0597163, OFFICIAL RECORDS, HEREIN ABOVE AND NORTHERLY AT A LINE DRAWN AT RIGHT ANGLES THROUGH THE SAID TERMINUS OF THE ABOVE DESCRIBED CENTERLINE.

APN(s): 160-020-55-00

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of **California** )

County of **Orange** )

On _Oct. 26, 2017_ before me **Mehdi Zahedi,** notary public Personally appeared _____

_____ —DAVID G. EPSTEIN—_____

who proved to me on the basis of satisfactory evidence to be the person whose name(s) is/are sub-
scribed to the within instrument and acknowledged to me that he/she/they executed the same in his/
her/their authorized capacity(ies), and that by he/she/they signature(s) on the instrument the person(s),
or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Mehdi Zahedi_
Mehdi Zahedi, notary public

MEHDI ZAHEDI
COMM...2135028
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. December 23, 2019

Notary Seal

---

## OPTIONAL

Though the information below is not required by law, it may prove valuable to person(s) relying on the document and could prevent
fraudulent removal and reattachment of this form to another document.

Title or type of Document: _Deed of trust and assignment of Rent_
_1st, San Diego Series 5, Book 164, pg 149774_

Document Date _Oct. 26, 2017_ Number of pages: _3 pgs_ (including this page)

# Exhibit 9

X
3p

**RECORDING REQUESTED BY**
David G Epstein

AND WHEN RECORDED MAIL TO:

Name    The David Epstein Law Firm
Street   PO Box 4858
Address Laguna Beach, CA 92652-4858

City &
State
Zip

Title Order No.          Escrow No.

Assessors Parcel Number:160-020-5500

DOC# 2019-0465436

|||||||||||||||||||||||||||||||||||||||||||||

Oct 16, 2019  11:27 AM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $190.00  (SB2 Atkins: $150.00)
PCOR: N/A
PAGES: 3

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE

The undersigned, Wenqiang Bian

present Beneficiary, as owner and holder of the Note Secured by Deed of Trust dated October 17, 2017,
made by Rancho Vista Homes 2018 LLC

as Trustor, to First American Title Company
as original Trustee, for Wenqiang Bian

as Beneficiary, which Deed of Trust was recorded Dec. 6, 2017          , as Instrument Number 2017-0567394          in
book       , page      , Official Records of San Diego          County, California, hereby appoints and Substitutes
David G. Epstein

as Trustee in lieu of the Trustee therein.
As such duly appointed and substituted Trustee,
David G. Epstein

accepts said appointment as Trustee under the above Deed of Trust, and as successor Trustee, and pursuant to the request of
said owner and holder and in accordance with the provisions of said Deed of Trust, does hereby RECONVEY WITHOUT
WARRANTY, TO THE PERSON OR PERSONS LEGALLY ENTITLED THERETO, ALL the estate, title and interest
now held by said trustee under said Deed of Trust. Wherever the text of this document so requires, the singular includes the
plural.

IN WITNESS WHEREOF, the owner and holder above named, and
David G. Epstein

as successor Trustee, has caused this instrument to be executed, each in its respective interest.

DATE: October 2, 2019                    DATE: October 1, 2019
Beneficiary                              Successor Trustee

Wenqiang Bian                            David G. Epstein    Oct. 15, 2019
                                         David G. Epstein

① See attached acknowledgement dated Oct. 15, 2019

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY    OF    _ORANGE_

On _OCT. 1, 2019_ _____ before me,

_MEHDI ZAHEDI_
(here insert name and title of the officer)

,notary public, personally appeared

_DAVID G. EPSTEIN_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____

10/15/19

MEHDI ZAHEDI
COMM...2135028
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. December 23, 2019

(This area for official notarial seal)

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY    OF    _San Diego_

On _October 8, 2019_ _____ before me,

_Brenda Arriaga_
(here insert name and title of the officer)

,notary public, personally appeared _Wengiang Bian_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____

BRENDA ARRIAGA
COMM. #2279121
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
My Commission Expires 02/28/2023

(This area for official notarial seal)

# ACKNOWLEDGMENT

*A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.*

State of **California** )

County of **Orange** )

On OCT. 15, 2019 before me **Mehdi Zahedi,** notary public Personally appeared _____
— DAVID GEORGE EPSTEIN —

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/ her/their authorized capacity(ies), and that by he/she/they signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
*Mehdi Zahedi   notary public*

MEHDI ZAHEDI
COMM...2135028
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. December 23, 2019

*Notary Seal*

## OPTIONAL

Though the information below is not required by law, it may prove valuable to person(s) relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

Title or type of Document: , *Substitution of trustee and full reconveyance, APN: 160-020-5500*

Document Date OCT. 15, 2019    Number of pages: 2 pgs (including this page)

# Exhibit 10

RECORDING REQUESTED BY:

David G. Epstein

WHEN RECORDED MAIL TO:

Wenqiang Bian
28842 Westport Way
Laguna Niguel, CA 92677-4665

ORDER NO.
ESCROW NO.

DOC# 2023-0096135

Apr 13, 2023  08:58 AM
OFFICIAL RECORDS
JORDAN Z. MARKS,
SAN DIEGO COUNTY RECORDER
FEES: $187.00  (SB2 Atkins: $150.00)
PCOR: N/A
PAGES: 3

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 160-020-55-00

This Deed of Trust, made this October 2, 2019 _____, between Rancho Vista Homes 2018 LLC _____

herein called TRUSTOR, whose address is 213 Park Avenue, Laguna Beach, CA 92651 _____,

Chicago Title Company _____, a California Corporation, herein called TRUSTEE, and

Wenqiang Bian, as Trustee of the Bian Liao Living Trust Dated May 7, 2010 _____ herein called BENEFICIARY.

Witnesseth: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in San Diego _____ County, California, described as:

For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

For the Purpose of Securing: 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $ 2,800,000 executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2, Book 1961, Page 183887 | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

## SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X _____  *oct 1, 2019*

Signature of Trustor

David G Epstein, as Manager, Rancho Vista Homes 2018, LLC

Print Name of Trustor


X _____

Signature of Trustor

_____

Print Name of Trustor


A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

**MEHDI ZAHEDI**
**COMM...2135028**
**NOTARY PUBLIC-CALIFORNIA**
**ORANGE COUNTY**
**My Term Exp. December 23, 2019**

DATE:

STATE OF CALIFORNIA

COUNTY OF   *ORANGE*

On *OCT. 1, 2019* before me,  *MEHDI ZAHEDI* , a Notary Public, personally appeared
— *DAVID G. EPSTEIN*
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature   _____

(Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

EXHIBIT A

LEGAL DESCRIPTION

PARCEL A:

PARCEL 3 OF PARCEL MAP NO. 18668, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY APRIL 02, 2001.

PARCEL B:

AN EASEMENT AND RIGHT-OF-WAY FOR PRIVATE ACCESS ROAD PURPOSES OVER, ALONG AND ACROSS A STRIP OF LAND 18.00 FEET WIDE, LYING WITHIN THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 17, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO UNITED STATES GOVERNMENT SURVEY, THE CENTERLINE OF SAID 18.00 FOOT STRIP BEING DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON COURSE (5) DESCRIBED IN PARCEL 1 (28079-1) OF FINAL ORDER OF CONDEMNATION RECORDED NOVEMBER 25, 1997 AS INSTRUMENT NO. 1997-0597163 OFFICIAL RECORDS, DISTANT NORTH 53°12'41" EAST 236.88 FEET FROM THE SOUTHWESTERLY TERMINUS OF SAID COURSE (5);

THENCE (1) LEAVING SAID COURSE (5) NORTH 61°57'43" WEST 32.14 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHERLY HAVING A RADIUS OF 100.00 FEET;

THENCE (2) NORTHWESTERLY, WESTERLY AND SOUTHWESTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 44°28'32" AN ARC LENGTH OF 77.62 FEET;

THENCE (3) TANGENT TO SAID CURVE SOUTH 73°33'45" WEST 353.68 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE NORTHWESTERLY HAVING A RADIUS OF 50.00 FEET;

THENCE (4) SOUTHWESTERLY, WESTERLY AND NORTHWESTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 88°05'23" AN ARC LENGTH OF 76.87 FEET;

THENCE (5) TANGENT TO LAST SAID CURVE NORTH 18°20'52" WEST 40.64 FEET TO THE TERMINUS OF THE DESCRIBED CENTERLINE.

THE SIDELINE SHALL BE PROLONGED OR SHORTENED SO AS TO TERMINATE SOUTHEASTERLY AT SAID COURSE (5) DESCRIBED IN PARCEL 1 (28079-1) OF THAT CERTAIN FINAL ORDER OF CONDEMNATION RECORDED NOVEMBER 25, 1997 AS INSTRUMENT NO. 1997-0597163 OFFICIAL RECORDS, HEREIN ABOVE AND NORTHERLY AT A LINE DRAWN AT RIGHT ANGLES THROUGH THE SAID TERMINUS OF THE ABOVE DESCRIBED CENTERLINE.

# Exhibit 11

DOC# 2023-0096910

Apr 13, 2023  11:43 AM
OFFICIAL RECORDS
JORDAN Z. MARKS,
SAN DIEGO COUNTY RECORDER
FEES: $190.00  (SB2 Atkins: $150.00)
PCOR: N/A
PAGES: 4

**RECORDING REQUESTED BY**

David G. Epstein
% The David Epstein Law Firm
PO Box 4858
Laguna Beach CA 92652

**AND WHEN RECORDED MAIL TO**

Ray LaTreill
PO Box 8342
Newport Beach, CA 92658

## DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this 17th day of October, 2017, between Rancho Vista Homes 2018 LLC, herein called Trustor, whose address is 213 Park Avenue, Laguna Beach, CA 92651, and Wenqiang Bian, herein called Beneficiary,

Witnesseth: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE FIRST AMERICAN TITLE COMPANY, IN TRUST, WITH POWER OF SALE, that property in San Diego County, California, described as:

See Exhibit A attached hereto.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

For the Purpose of Securing:

1. Performance of each agreement of Trustor incorporated by reference or contained herein.

2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of Two Million Eight Hundred Fifty Thousand Dollars ($2,850,000), executed by Trustor in favor of Beneficiary.

3. Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust and the rate secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

San Diego Series 5   Book 164   Page 149774

hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that it will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Rancho Vista Homes 2018 LLC

David G. Epstein, Manager

# ACKNOWLEDGMENT

*A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.*

State of **California** )

County of **Orange** )

On _Oct. 26, 2017_ before me **Mehdi Zahedi,** notary public Personally appeared _____

_—DAVID G. EPSTEIN—_

who proved to me on the basis of satisfactory evidence to be the personwhose name(s) is/are sub-scribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by he/she/they signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Mehdi Zahedi_
Mehdi Zahedi, notary public

MEHDI ZAHEDI
COMM...2135028
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. December 23, 2019

Notary Seal

_____ **OPTIONAL** _____

Though the information below is not required by law, it may prove valuable to person(s) relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

Title or type of Document: _Deed of trust and assignment of Rent_
_1st., San Diego Series 5, Book 164, Pg 149774_

Document Date _Oct. 26, 2017_ Number of pages: _3 pgs_ (including this page)

**EXHIBIT A**

**LEGAL DESCRIPTION**

PARCEL A:

PARCEL 3 OF PARCEL MAP NO. 18668, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY APRIL 02, 2001.

PARCEL B:

AN EASEMENT AND RIGHT-OF-WAY FOR PRIVATE ACCESS ROAD PURPOSES OVER, ALONG AND ACROSS A STRIP OF LAND 18.00 FEET WIDE, LYING WITHIN THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 17, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO UNITED STATES GOVERNMENT SURVEY, THE CENTERLINE OF SAID 18.00 FOOT STRIP BEING DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON COURSE (5) DESCRIBED IN PARCEL 1 (28079-1) OF FINAL ORDER OF CONDEMNATION RECORDED NOVEMBER 25, 1997 AS INSTRUMENT NO. 1997-0597163 OFFICIAL RECORDS, DISTANT NORTH 53°12'41" EAST 236.88 FEET FROM THE SOUTHWESTERLY TERMINUS OF SAID COURSE (5);

THENCE (1) LEAVING SAID COURSE (5) NORTH 61°57'43" WEST 32.14 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHERLY HAVING A RADIUS OF 100.00 FEET;

THENCE (2) NORTHWESTERLY, WESTERLY AND SOUTHWESTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 44°28'32" AN ARC LENGTH OF 77.62 FEET;

THENCE (3) TANGENT TO SAID CURVE SOUTH 73°33'45" WEST 353.68 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE NORTHWESTERLY HAVING A RADIUS OF 50.00 FEET;

THENCE (4) SOUTHWESTERLY, WESTERLY AND NORTHWESTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 88°05'23" AN ARC LENGTH OF 76.87 FEET;

THENCE (5) TANGENT TO LAST SAID CURVE NORTH 18°20'52" WEST 40.64 FEET TO THE TERMINUS OF THE DESCRIBED CENTERLINE.

THE SIDELINE SHALL BE PROLONGED OR SHORTENED SO AS TO TERMINATE SOUTHEASTERLY AT SAID COURSE (5) DESCRIBED IN PARCEL 1 (28079-1) OF THAT CERTAIN FINAL ORDER OF CONDEMNATION RECORDED NOVEMBER 25, 1997 AS INSTRUMENT NO. 1997-0597163 OFFICIAL RECORDS, HEREIN ABOVE AND NORTHERLY AT A LINE DRAWN AT RIGHT ANGLES THROUGH THE SAID TERMINUS OF THE ABOVE DESCRIBED CENTERLINE.

# Exhibit 12

RECORDING REQUESTED BY:

David G. Epstein

WHEN RECORDED MAIL TO:

Wenqiang Bian
28842 Westport Way
Laguna Niguel, CA 92677-4665

ORDER NO.
ESCROW NO.

DOC# 2023-0094887

Apr 12, 2023   08:52 AM
OFFICIAL RECORDS
JORDAN Z. MARKS,
SAN DIEGO COUNTY RECORDER
FEES: $262.00   (SB2 Atkins: $225.00)
PCOR: N/A
PAGES: 3

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 149-160-32/33

**This Deed of Trust**, made this October 2, 2019 , between Corto II, LLC

herein called **TRUSTOR**, whose address is 213 Park Avenue, Laguna Beach, CA 92651 .

Chicago Title Company , a California Corporation, herein called **TRUSTEE**, and

Wenqiang Bian, as Trustee of the Bian Liao Living Trust Dated May 7, 2010 herein called **BENEFICIARY**,

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE**, that property in San Diego County, California, described as:

**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $ 900,000——— executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2, Book 1961, Page 183987 | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

### SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X _____ *Oct 1, 2019*

Signature of Trustor

David G Epstein, as Manager, Corto II, LLC
Print Name of Trustor

X _____

Signature of Trustor

_____
Print Name of Trustor

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

DATE:

STATE OF CALIFORNIA

COUNTY OF *ORANGE*

On *OCT. 1, 2019* before me, *MEHDI ZAHEDI* _____, a Notary Public, personally appeared *DAVID G. EPSTEIN* _____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____



(Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

Page 2 of 5

PRELIMINARY REPORT
Your Reference: 150195CG

Fidelity National Title Company
Order No.: 997-23064484-KM5

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF OCEANSIDE, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

THAT PORTION OF THE SOUTHWEST QUARTER OF SECTION 19, TOWNSHIP 11 SOUTH, RANGE 4 WEST, SAN BERNARDINO MERIDIAN, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWEST CORNER OF SAID SOUTHWEST QUARTER OF THE SOUTHWEST QUARTER; THENCE SOUTH 89°59'20" EAST ALONG THE NORTHERLY LINE THEREOF 348.19 FEET TO THE NORTHWEST CORNER OF A PARCEL OF LAND DESCRIBED IN DEED TO RAMON FOUSSAT, ET UX., RECORDED MARCH 06, 1947 IN BOOK 2360, PAGE 57 OF OFFICIAL RECORDS, AND THE TRUE POINT OF BEGINNING;

THENCE CONTINUING ALONG SAID NORTHERLY LINE SOUTH 89°59'20" EAST 150.00 FEET TO THE BARNWELL STREET, AS SAID STREET IS DESCRIBED IN DEED TO THE CITY OF OCEANSIDE, RECORDED JANUARY 13, 1930 IN BOOK 1724, PAGE 274 OF DEEDS;

THENCE EASTERLY ALONG SAID CURVE AND SAID SOUTHERLY LINE 115.60 FEET THROUGH AN ANGLE OF 10°57'00"; THENCE SOUTH 13°06'10" EAST 287.22 FEET;

THENCE NORTH 66°58'40" EAST 108.97 FEET TO A POINT IN THE NORTHERLY LINE OF THE LAND DESCRIBED IN DEED TO LOUIS R. FOUSSAT, ET UX., RECORDED NOVEMBER 12, 1952 IN BOOK 4651, PAGE 530 OF OFFICIAL RECORDS;

THENCE ALONG SAID NORTHERLY LINE SOUTH 60°59'30" WEST 6.19 FEET TO THE MOST WESTERLY CORNER OF SAID LAND; THENCE ALONG THE SOUTHWESTERLY LINE OF SAID LAND, SOUTH 29°00'30" EAST 32.88 FEET TO THE MOST NORTHERLY CORNER OF A PARCEL OF LAND DESCRIBED IN DEED TO THE COLUMBUS CLUB OF SAN LUIS REY, RECORDED JULY 24, 1958 IN BOOK 7180, PAGE 392 OF OFFICIAL RECORDS;

THENCE SOUTH 60°59'30" WEST ALONG THE NORTHWESTERLY LINE OF SAID LAND TO AND ALONG THE NORTHWESTERLY LINES OF PARCELS OF LAND DESCRIBED IN DEEDS TO BURNELL L. FOUSSAT, ET UX., RECORDED FEBRUARY 14, 1957 IN BOOK 6457, PAGE 260 OF OFFICIAL RECORDS, AND HUBERT FOUSSAT, ET UX., RECORDED MAY 29, 1956 IN BOOK 6121, PAGE 174 OF OFFICIAL RECORDS, A TOTAL DISTANCE OF 488.66 FEET (RECORD 488.51 FEET) TO THE WESTERLY LINE OF LAND DESCRIBED IN DEED TO RAMON FOUSSAT, ET UX., RECORDED MARCH 06, 1947, IN BOOK 2360, PAGE 57 OF OFFICIAL RECORDS ABOVE MENTIONED;

THENCE ALONG SAID WESTERLY LINE AS FOLLOWS: NORTH 09°58'05" EAST 333.25 FEET (RECORD 333.48 FEET) TO AN ANGLE POINT THEREIN AND NORTH 20°39'50" WEST 201.67 FEET TO THE TRUE POINT OF BEGINNING.

APN: 149-160-32-00; 149-160-33-00

# Exhibit 13

DOC# 2022-0341092

Aug 24, 2022  03:45 PM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $262.00    (SB2 Atkins: $225.00)
PCOR: N/A
PAGES: 3

Recording Requested By and

When Recorded Return To:

David G Epstein
The David Epstein Law Firm
PO Box 4858
Laguna Beach, CA 92652

Assessor's Parcel No.: 180-164-31, 180-164-32    Space Above This Line for Recorder's f Use

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust is entered into on this 29th day of June, ,2022, by and among Mountain Vista Holdings LLC, (a California Limited Liability company) ("Trustor") whose address is 213 Park Avenue, Laguna Beach, California 92652, First American Title Company, a California ) Corporation ("Trustee"), and Wayne Bian aka Wengqiang Bian, as trustee of the Bian Liao Living Trust ("Lender") dated May 7, 2010, a California Trust.

WITNESSETH: That Trustor hereby irrevocably grants, transfers, and assigns to trustee in trust, with power of sale for the benefit of the Beneficiary, all of Trustor's interest in and to that certain property in Vista, California, County of San Diego,, California and described as follows (the "Property"):

> Parcels A and B of Parcel Map 19155 in the City of Vista, County of San Diego, State of California, according to map thereof, filed in the Office of the County Recorder of San Diego County, February 11, 2003

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING: (1) performance of each agreement of Trustor incorporated by reference or contained herein; (2) payment of the indebtedness evidenced by that certain promissory note of even date herewith and any extension or renewal thereof, in the original principal sum of $2,250,000 executed by Trustor in favor of Beneficiary or order; and (3) payment of such further

sums as the then record owner of said Property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR HEREBY AGREES: By the execution and delivery of this Deed of Trust and the promissory note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded in San Diego County on October 23, 1961,  Series 2 Book 1961 Page 9, which provisions hereby are adopted and incorporated herein and made a part hereof as though fully set forth herein at length; that Trustor will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the Property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to Trustor at the address set forth above.

**TRUSTOR:**

**Mountain Vista Holdings, LLC**

By: _____

David G. Epstein, Manager

**NOTARY ACKNOWLEDGEMENT ATTACHED**

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                           )
                                              ) ss.
COUNTY OF _Orange_____              )


On _8·24·2022_,before me,
_Laurie Clack Notary Public_____ ,personally appeared
_David G. Epstein_____ ,who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

                                    Notary Public, State of California

[SEAL]
                                    _Laurie Clack_

LAURIE CLACK
COMM...2341474
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. Jan. 15, 2025
BCT3

# CERTIFICATE OF SERVICE

I, Kristopher P. Diulio, hereby certify as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 3200 Park Center Drive, Suite 210, Costa Mesa, California 92626. On October 17, 2025 I served the following:

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

on the interested parties in this action, by:

☒    **Service by Mail:**    by transmitting a true and correct copy with the United States Postal Service in a pre-paid envelope mailed from Costa Mesa, California to:.

Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

I certify under penalty of perjury that the foregoing is true and correct, and that this Certificate of Service was executed by me on October 17, 2025 at Costa Mesa, California.

/s/ *Kristopher P. Diulio*
Kristopher P. Diulio

Electronically Filed by Superior Court of California, County of Orange, 10/17/2025 08:34:00 AM.
30-2024-01420067-CU-OR-NJC - ROA # 35 - DAVID H. YAMASAKI, Clerk of the Court By G. Galon, Deputy Clerk.
ID #:187

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO.: 229399 | FOR COURT USE ONLY |
|---|---|
| NAME: Kristopher P. Diulio | |
| FIRM NAME: The Diulio Firm | |
| STREET ADDRESS: 3200 Park Center Dr., Ste 210, Costa Mesa, CA 92626 | |
| CITY: Costa Mesa          STATE: CA          ZIP CODE: 92626 | |
| TELEPHONE NO.: 714-450-6830          FAX NO.: | |
| E-MAIL ADDRESS: kdiulio@forddiulio.com | |
| ATTORNEY FOR (name): Plaintiffs Mountain Vista Holdsing, LLC; et al. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701
☐ Harbor- Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☑ North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-4593

| PLAINTIFF: MOUNTAIN VISTA HOLDINGS, LLC, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT: CORPORATION SERVICE COMPANY, et al. | 30-2024-01420067-CU-OR-NJC |

| AMENDMENT TO ☒ COMPLAINT ☐ CROSS-COMPLAINT | Case assigned to:<br>Judge: Hon. Scott Steiner<br>Department: N18<br>Date complaint filed: August 16, 2024<br>Hearing/trial date: |
|---|---|

**FICTITIOUS NAME UNDER SECTION 474, CODE OF CIVIL PROCEDURE (NO ORDER REQUIRED)**

I have discovered the true name of ☒ Doe 1 ☐ Roe_____ to be WENQUIANG ("WAYNE") BIAN, individually
and as Trustee of the Bian Liao Living Trust dated May 7, 2029 .

The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: October 17, 2025

Kristopher P. Diulio
(TYPE OR PRINT NAME)

_Kristopher P. Diulio_
(SIGNATURE OF PARTY OR ATTORNEY)

**INCORRECT NAME UNDER SECTION 473, CODE OF CIVIL PROCEDURE (ORDER REQUIRED)**

The complaint/cross-complaint incorrectly named the defendant/cross-defendant as_____.

I have discovered the true name of the party to be _____

_____.

I request the complaint/cross-complaint be amended to reflect the true name wherever it appears in the pleading.

Date: _____

_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

**ORDER**
The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date:_____

_____
JUDICIAL OFFICER

| Approved for Optional Use<br>L-0132 (Rev. March 2019) | **AMENDMENT TO COMPLAINT/CROSS-COMPLAINT** | Code of Civil Procedure,<br>§§ 473, 474 |
|---|---|---|

For your protection and privacy please press the
CLEAR THIS FORM button after you have
printed the form

1

**CERTIFICATE OF SERVICE**

2

      I, Kristopher P. Diulio, hereby certify as follows:

3

      I am employed in the County of Orange, State of California; I am over the age of eighteen

4

years and am not a party to this action; my business address is 3200 Park Center Drive, Suite 210, Costa Mesa, California 92626. On October 17, 2025 I served the following:

5

**AMENDMENT TO COMPLAINT NAMING DOE**

6

on the interested parties in this action, by:

7

☒    **Service by Mail:**    by transmitting a true and correct copy with the United States

8

Postal Service in a pre-paid envelope mailed from Costa Mesa, California to:.

9

Corporation Service Company

10

2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

11

12

13

14

15

16

      I certify under penalty of perjury that the foregoing is true and correct, and that this

17

Certificate of Service was executed by me on October 17, 2025 at Costa Mesa, California.

18

                         _/s/ Kristopher P. Diulio_

19

                         Kristopher P. Diulio

20

21

22

23

24

25

26

27

28

Electronically Filed by Superior Court of California, County of Orange, 10/17/2025 08:34:00 AM.
30-2024-01420067-CU-OR-NJC - ROA # 36 - DAVID H. YAMASAKI, Clerk of the Court By G. Galan, Deputy Clerk.
ID #:189

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO.: 229399 | *FOR COURT USE ONLY* |
|---|---|
| NAME: Kristopher P. Diulio | |
| FIRM NAME: The Diulio Firm PC | |
| STREET ADDRESS: 3200 Park Center Dr., Ste 210, Costa Mesa, CA 92626 | |
| CITY: Costa Mesa STATE: CA ZIP CODE: 92626 | |
| TELEPHONE NO.: 714-450-6830 FAX NO.: | |
| E-MAIL ADDRESS: KDiulio@DiulioFirm.com | |
| ATTORNEY FOR *(name)*: Plaintiffs Mountain Vista Holdings, LLC, et al. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701
☐ Harbor- Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☒ North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-4593

| PLAINTIFF: MOUNTAIN VISTA HOLDINGS, LLC, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT: CORPORATION SERVICE COMPANY, et al. | 30-2024-01420067-CU-OR-NJC |

| **AMENDMENT TO ☒ COMPLAINT ☐ CROSS-COMPLAINT** | Case assigned to: |
|---|---|
| | Judge: |
| | Department: |
| | Date complaint filed: |
| | Hearing/trial date: |

**FICTITIOUS NAME UNDER SECTION 474, CODE OF CIVIL PROCEDURE (NO ORDER REQUIRED)**

I have discovered the true name of ☒ Doe 2 ☐ Roe_____ to be JOJOSPRING, a business entity unknown

_____.

The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: October 17, 2025

Kristopher P. Diulio
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

**INCORRECT NAME UNDER SECTION 473, CODE OF CIVIL PROCEDURE (ORDER REQUIRED)**

The complaint/cross-complaint incorrectly named the defendant/cross-defendant as_____.

I have discovered the true name of the party to be _____

_____.

I request the complaint/cross-complaint be amended to reflect the true name wherever it appears in the pleading.

Date: _____

_____                                    _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

**ORDER**
The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date:_____                                    _____
                                                                    JUDICIAL OFFICER

Approved for Optional Use
L-0132 (Rev. March 2019)

**AMENDMENT TO COMPLAINT/CROSS-COMPLAINT**

Code of Civil Procedure,
§§ 473, 474

For your protection and privacy please press the
CLEAR THIS FORM button after you have
printed the form

**CERTIFICATE OF SERVICE**

I, Kristopher P. Diulio, hereby certify as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 3200 Park Center Drive, Suite 210, Costa Mesa, California 92626. On October 17, 2025 I served the following:

**AMENDMENT TO COMPLAINT NAMING DOE**

on the interested parties in this action, by:

☒    **Service by Mail:**      by transmitting a true and correct copy with the United States Postal Service in a pre-paid envelope mailed from Costa Mesa, California to:.

Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

I certify under penalty of perjury that the foregoing is true and correct, and that this Certificate of Service was executed by me on October 17, 2025 at Costa Mesa, California.

/s/ *Kristopher P. Diulio*
Kristopher P. Diulio

Electronically Filed by Superior Court of California, County of Orange, 10/17/2025 08:34:00 AM.
30-2024-01420067-CU-OR-NJC - ROA # 37 - DAVID YAMASAKI, Clerk of the Court By G. Galon, Deputy Clerk.
ID #:191

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO.: 229399<br>NAME: Kristopher P. Diulio<br>FIRM NAME: The Diulio Firm PC<br>STREET ADDRESS: 3200 Park Center Dr., Ste 210<br>CITY: Costa Mesa STATE: CA ZIP CODE: 92626<br>TELEPHONE NO.: 714-450-6830 FAX NO.:<br>E-MAIL ADDRESS: kdiulio@forddiulio.com<br>ATTORNEY FOR (name): Plaintiffs Mountain Vista Holdsings, LLC, et al. | *FOR COURT USE ONLY* |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701
☐ Harbor- Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☒ North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-4593

| PLAINTIFF: MOUNTAIN VISTA HOLDINGS, LLC, et al.<br><br>DEFENDANT: CORPORATION SERVICE COMPANY, et al. | CASE NUMBER:<br><br>30-2024-01420067-CU-OR-NJC |
|---|---|

| **AMENDMENT TO** ☒ **COMPLAINT** ☐ **CROSS-COMPLAINT** | Case assigned to:<br>Judge:<br>Department:<br>Date complaint filed:<br>Hearing/trial date: |
|---|---|

**FICTITIOUS NAME UNDER SECTION 474, CODE OF CIVIL PROCEDURE (NO ORDER REQUIRED)**

I have discovered the true name of ☒ Doe 3 ☐ Roe _____ to be _____

WEIBO TECHNOLOGY (HK) LIMITED, a business entity unknown _____.

The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: October 17, 2025

Kristopher P. Diulio
(TYPE OR PRINT NAME)

_(signature)_
(SIGNATURE OF PARTY OR ATTORNEY)

**INCORRECT NAME UNDER SECTION 473, CODE OF CIVIL PROCEDURE (ORDER REQUIRED)**

The complaint/cross-complaint incorrectly named the defendant/cross-defendant as_____.

I have discovered the true name of the party to be _____

_____.

I request the complaint/cross-complaint be amended to reflect the true name wherever it appears in the pleading.

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

**ORDER**
The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date:_____

_____
JUDICIAL OFFICER

Approved for Optional Use
L-0132 (Rev. March 2019)

**AMENDMENT TO COMPLAINT/CROSS-COMPLAINT**

Code of Civil Procedure,
§§ 473, 474

For your protection and privacy please press the
CLEAR THIS FORM button after you have
printed the form

1

## CERTIFICATE OF SERVICE

2
I, Kristopher P. Diulio, hereby certify as follows:

3
I am employed in the County of Orange, State of California; I am over the age of eighteen
4
years and am not a party to this action; my business address is 3200 Park Center Drive, Suite 210,
Costa Mesa, California 92626. On October 17, 2025 I served the following:

5

## AMENDMENT TO COMPLAINT NAMING DOE

6
on the interested parties in this action, by:

7
☒    **Service by Mail:**    by transmitting a true and correct copy with the United States
8
Postal Service in a pre-paid envelope mailed from Costa Mesa, California to:.

9
Corporation Service Company
10
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

11

12

13

14

15

16
I certify under penalty of perjury that the foregoing is true and correct, and that this
17
Certificate of Service was executed by me on October 17, 2025 at Costa Mesa, California.

18
/s/ *Kristopher P. Diulio*
19
Kristopher P. Diulio

20

21

22

23

24

25

26

27

28

| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO.: 229399 <br> NAME: Kristopher P. Diulio <br> FIRM NAME: The Diulio Firm PC <br> STREET ADDRESS:  3200 Park Center Dr., Ste 210, Costa Mesa, CA 92626 <br> CITY:                                        STATE:               ZIP CODE: <br> TELEPHONE NO.: 714-450-6830          FAX NO.: <br> E-MAIL ADDRESS:  KDiulio@DiulioFirm.com <br> ATTORNEY FOR *(name):*  Plaintiffs Mountain Vista Holdings, LLC; et al. | *FOR COURT USE ONLY* |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** <br> JUSTICE CENTER: <br> ☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701 <br> ☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701 <br> ☐ Harbor- Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595 <br> ■ North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500 <br> ☐ West – 8141 13th Street, Westminster, CA 92683-4593 | |
| PLAINTIFF: MOUNTAIN VISTA HOLDINGS, LLC, et al. | **CASE NUMBER:** |
| DEFENDANT: CORPORATION SERVICE COMPANY, et al. | 30-2024-01420067-CU-OR-NJC |
| **AMENDMENT TO** ☒ **COMPLAINT** ☐ **CROSS-COMPLAINT** | Case assigned to: <br> Judge:  Hon. Scott Steiner <br> Department:  N18 <br> Date complaint filed:  August 16, 2024 <br> Hearing/trial date: |

**FICTITIOUS NAME UNDER SECTION 474, CODE OF CIVIL PROCEDURE (NO ORDER REQUIRED)**

I have discovered the true name of ■ Doe ___4___ ☐ Roe_____ to be _____
OTIS DESIGNS INC., a Wyoming corporation _____.

The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date:  October 21, 2025

Kristopher P. Diulio
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY)

**INCORRECT NAME UNDER SECTION 473, CODE OF CIVIL PROCEDURE (ORDER REQUIRED)**

The complaint/cross-complaint incorrectly named the defendant/cross-defendant as_____

I have discovered the true name of the party to be _____

_____.

I request the complaint/cross-complaint be amended to reflect the true name wherever it appears in the pleading.

Date: _____

_____                                  _____
(TYPE OR PRINT NAME)                                            (SIGNATURE OF PARTY OR ATTORNEY)

**ORDER**
The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date:_____                                       _____
                                                                              JUDICIAL OFFICER

Approved for Optional Use
L-0132 (Rev. March 2019)          **AMENDMENT TO COMPLAINT/CROSS-COMPLAINT**          Code of Civil Procedure,
§§ 473, 474

For your protection and privacy please press the
CLEAR THIS FORM button after you have
printed the form

**CERTIFICATE OF SERVICE**

I, Kristopher P. Diulio, hereby certify as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 3200 Park Center Drive, Suite 210, Costa Mesa, California 92626. On October 21, 2025 I served the following:

**AMENDMENT TO COMPLAINT NAMING DOE 4**

on the interested parties in this action, by:

☒  **Service by Mail:**    by transmitting a true and correct copy with the United States Postal Service in a pre-paid envelope mailed from Costa Mesa, California to:.

Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

I certify under penalty of perjury that the foregoing is true and correct, and that this Certificate of Service was executed by me on October 21, 2025 at Costa Mesa, California.

/s/ *Kristopher P. Diulio*
Kristopher P. Diulio